**E-filing**

1   HENRY WEISSMANN (SBN 132418)
    Henry.Weissmann@mto.com
2   HOJOON HWANG (SBN 184950)
    Hojoon.Hwang@mto.com
3   DANIEL J. POWELL (SBN 230304)
    Daniel.Powell@mto.com
4   MUNGER, TOLLES & OLSON LLP
    560 Mission Street, 27th Floor
5   San Francisco, CA 94105
    Telephone:   (415) 512-4000
6   Facsimile:   (415) 512-4077

7   Attorneys for Defendant
    CELLCO PARTRNERSHIP (D/B/A VERIZON
8   WIRELESS)

*ORIGINAL FILED*
*JUL 17 2007*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*OAKLAND*

*ADR*

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11              (SAN FRANCISCO/OAKLAND DIVISION)

*WDB*

12

13  CATHERINE GELLIS, individually and       CASE NO. C07 - 03679
    on behalf of all others similarly situated,

14                                            NOTICE OF REMOVAL OF CIVIL ACTION
              Plaintiff,                      PURSUANT TO 28 U.S.C. §§ 1332, 1441
15                                            AND 1453
         vs.
16                                            (Alameda Superior Court Case No. RG
    VERIZON COMMUNICATIONS, INC., a           07330354)
17  Delaware Corporation; VERIZON
    WIRELESS, an unincorporated
18  association; CELLCO PARTNERSHIP, an
    unincorporated association; and DOES 1-
19  100, inclusive,

20            Defendants.

21

22

23

24

25

26

27

28

3244987.1                                              NOTICE OF REMOVAL

1    TO THE CLERK OF THE ABOVE ENTITLED COURT, ALL PARTIES AND

2    THEIR COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE that Defendant Cellco Partnership (d/b/a Verizon

4    Wireless) ("Verizon Wireless") hereby removes the above-captioned matter, which was

5    commenced as Case Number RG07330354 in the Superior Court of the State of California for the

6    County of Alameda, to the United States District Court for the Northern District of California

7    pursuant to 28 U.S.C. §§ 1332, 1441 and 1453. In support of its Notice of Removal, Verizon

8    Wireless states the following:

9    1.    Verizon Wireless was served with a copy of the Complaint on June 22,

10    2007. Verizon Wireless's Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is

11    filed within thirty days of service of the Complaint.

12    2.    Removal to this Court is proper because this Court has original subject-

13    matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in part

14    at 28 U.S.C. §§ 1332(d) and 1453. Under CAFA, a district court has original subject-matter

15    jurisdiction over an action where (a) the action is a putative class action; (b) any member of a

16    class of plaintiffs is a citizen of a State different from any defendant; and (c) the amount in

17    controversy, including but not limited to the aggregate amount of relief sought by absent class

18    members, exceeds the sum or value of $5,000,000. Each of the requirements for jurisdiction

19    under CAFA are met in this case.

20    3.    This action was filed as a putative class action. *See* Complaint ¶¶ 22-26.

21    4.    Plaintiff Catherine Gellis and Verizon Wireless are citizens of different

22    states. Plaintiff Gellis is a citizen of California. (Complaint ¶ 3). Verizon Wireless is a

23    partnership organized under the laws of the State of Delaware and has its principal place of

24    business in the State of New Jersey. None of the partners with ownership interests in Verizon

25    Wireless is a citizen of California. Although named separately in the Complaint, Cellco

26    Partnership and Verizon Wireless are a single entity, the latter being the d/b/a designation of the

27    former. Defendant Verizon Communications Inc. (erroneously sued as Verizon Communications,

28    Inc.) is a Delaware corporation with its principal place of business in New Jersey. (Complaint ¶

6). Verizon Communications Inc. has not appeared in this case, and its consent is not required to effectuate removal under 28 U.S.C. § 1453(b). "Doe" defendants are disregarded for purposes of the diversity inquiry in the context of removal. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

5.      The amount in controversy in this action exceeds $5 million in the aggregate. (In making this and other allegations contained herein, Verizon Wireless in no way concedes that Plaintiff or anyone in the proposed class is entitled to recovery; to the contrary, Verizon Wireless does and will dispute the instant claims in their entirety. This allegation concerns only the amount in controversy.)

a.      Plaintiff seeks to represent a class of "all California retail consumer customers of Verizon Wireless who paid a $5 minimum late fee" on unpaid balances, a class that purportedly consists of "hundreds of thousands of people." (Complaint ¶¶ 22, 23.) Although the class period is not stated in the Complaint, the applicable class period is four years from the date the Complaint was served, given that Plaintiff allege violations of California Business and Professions Code section 17200 *et seq* and of California Civil Code section 1750 *et seq.* During the four years preceding the service of the Complaint, Verizon Wireless has recognized well over $5 million in revenues from $5-minimum late fees on unpaid account balances.

b.      Plaintiff further seeks injunctive relief with respect to her allegations. (Complaint, Prayer for Relief F). The compliance costs associated with any injunctive relief bring the amount in controversy in further excess of $5 million.

c.      Plaintiff seeks attorney's fees and costs. That sum brings the total amount in controversy in further excess of $5 million.

6.      Removal to this judicial district is proper under 28 U.S.C § 1441(a) because it embraces the place where this action was originally pending. Removal to this Division is appropriate because the case was commenced in Alameda County.

7.      Verizon Communications Inc. was served on June 27, 2007. Under CAFA, the consent of other defendant(s) is not necessary for this Notice of Removal.

8.      The following constitutes all of the process, pleadings and other papers

1    served on Verizon Wireless in this action, true and correct copies of which are attached hereto

2    and incorporated herein:

3            Exhibit A:      Complaint

4            Exhibit B:      Summons

5            Exhibit C:      Declaration Pursuant to California Civil Code § 1780.

6            BASED ON THE FOREGOING, Verizon Wireless hereby removes this action,

7    now pending in the Superior Court of the State of California for the County of Alameda, to the

8    United States District Court for the Northern District of California.

9    DATED: July ___, 2007                    Munger, Tolles & Olson LLP
                                             HENRY WEISSMANN
10                                           HOJOON HWANG
                                             DANIEL J. POWELL
11

12

13                                           By: _____
                                                      HOJOON HWANG
14
                                             Attorneys for Defendant
15                                           CELLCO PARTRNERSHIP (D/B/A
                                             VERIZON WIRELESS)
16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
VERIZON COMMUNICATIONS, INC., a Delaware corporation;
VERIZON WIRELESS, an unincorporated association; CELLCO
PARTNERSHIP, an unincorporated association; and DOES 1-100,
inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
Catherine Gellis, individually and on behalf of all
others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUN 1 2 2007

CLERK OF THE SUPERIOR COURT
By KMEL DHILLON Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es)*: | CASE NUMBER: *(Número del Caso)*: 07330354 |
|---|---|

Alameda County Superior Court
Unlimited Jurisdiction.
1225 Fallon Street, Room 109          Oakland, Ca  94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Mark A. Chavez          Chavez & Gertler LLP
42 Miller Ave.          Mill Valley, Ca  94941
415 381-5599

DATE: **JUN 1 2 2007**          Clerk, by     KMEL DHILLON          , Deputy
*(Fecha)*          **PAT S. SWEETEN** *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☑ on behalf of *(specify)*: *Cellco Partnership, an unincorporated association*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☑ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)* :
4. ☑ by personal delivery on *(date)* : *6/22/07*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
*Martin Dean's Essential Forms* ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

413/GELLIS

# EXHIBIT B

1 | **CHAVEZ & GERTLER LLP**
MARK A. CHAVEZ (Bar No. 90858)
2 | NANCE F. BECKER (Bar No. 99292)
42 Miller Avenue
3 | Mill Valley, California 94941
Telephone: (415) 381-5599
4 | Facsimile: (415) 381-5572
Email: mark@chavezgertler.com
5 | nance@chavezgertler.com

6 | **BRAYTON PURCELL LLP**
ALAN R. BRAYTON (Bar No. 73685)
7 | PETER B. FREDMAN (Bar No. 189097)
CHARLOTTE E. SCOTT (Bar No. 225581)
8 | 222 Rush Landing Road
Novato, CA 94948-6169
9 | Telephone: (415) 898-1555
Facsimile: (415) 898-1247
10 | Email: pfredman@braytonlaw.com

11 | Attorneys for Plaintiffs and all others similarly situated

**ENDORSED**
**FILED**
ALAMEDA COUNTY

JUN 1 2 2007

CLERK OF THE SUPERIOR COURT
By XMEL DHILLON , Deputy

12 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13 | **IN AND FOR THE COUNTY OF ALAMEDA**

14 | **UNLIMITED JURISDICTION**

15 | CATHERINE GELLIS, individually and on behalf
16 | of all others similarly situated,

17 | Plaintiff,

18 | v.

19 | VERIZON COMMUNICATIONS, INC., a
20 | Delaware corporation; VERIZON WIRELESS, an
unincorporated association; CELLCO
21 | PARTNERSHIP, an unincorporated association;
22 | and DOES 1-100, inclusive,

23 | Defendants.

Case No.: RG 07330354

**CLASS ACTION**

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND MONEY DAMAGES**

(1) CIVIL CODE §1671(d)
(2) DECEPTIVE CONSUMER PRACTICES, CIVIL CODE §1770
(3) UNFAIR COMPETITION, BUS. & PROF. CODE §17200
(4) UNJUST ENRICHMENT
(5) DECLARATORY RELIEF

24
25
26
27
28

COPY

## INTRODUCTION

1.    Plaintiffs bring this class action to stop and redress Verizon Wireless's practice of imposing unlawful monetary penalties – in the form of a minimum $5 "late payment charge" – on its California personal wireless telephone customers. Verizon Wireless's collection of such penalties increases its profits at the direct expense of California consumers, who have no power to negotiate such terms. The late fee is unlawful under Civil Code section 1671 because it is neither "impracticable" nor "extremely difficult" to ascertain the actual damage Verizon Wireless suffers as the result of late payments of this type, and the fee does not reflect any reasonable effort to estimate such damage. Imposition of such late charges is, likewise, an unfair business practice prohibited by Business and Professions Code sections 17200 *et seq.*

2.    Verizon Wireless's unlawful practices have injured thousands of consumers throughout California, and continue to this day. Plaintiff therefore asks the Court to certify her claims as a class action and to award relief on behalf of all California consumers of Verizon Wireless's services who paid one or more $5 minimum late charges within the statutory period. On behalf of herself and the class, plaintiff seeks: (a) a judicial declaration that Verizon Wireless's late charges are unlawful penalties which are null and void under California law; (b) restitution and/or disgorgement of all such penalties which have been collected by Verizon Wireless or, in the alternative, the portion thereof that exceeds Verizon Wireless's actual damages caused by late payment of its invoices; and (c) an order enjoining Verizon Wireless from including such minimum penalties in future contracts and/or enforcing the late charge provision in the contracts it currently has.

## THE PARTIES

3.    Plaintiff Catherine Gellis is an individual who resides in Marin County, California. She is and has, for more than four years, been a Verizon Wireless customer and she paid the subject $5 minimum late fee on at least one occasion.

4.    Plaintiff is informed and believes and on that basis alleges that defendant Verizon Wireless is an unincorporated association formed in April of 2000 in connection

1

1 | with the combination of the U.S. wireless operations and interests of defendant Verizon

2 | Communications Inc. and Vodafone Group PLC. It is sued here as a separate entity

3 | pursuant to section 369.5 of the California Code of Civil Procedure.

4 |      5.    Plaintiff is informed and believes and on that basis alleges that defendant

5 | Cellco Partnership (dba Verizon Wireless) is the unincorporated California entity by which

6 | Verizon Wireless receives authority from the California Public Utilities Commission to

7 | provide telecommunications services in California. It is sued here as a separate entity

8 | pursuant to section 369.5 of the California Code of Civil Procedure.

9 |      6.    Defendant Verizon Communications, Inc. is a publicly traded Delaware

10 | corporation with its principal place of business in New Jersey. According to its Security

11 | and Exchange Commission reporting, Verizon Communications, Inc. owns a controlling

12 | 55% interest in Verizon Wireless. It does business in California directly and/or through its

13 | subsidiary and/or agent entities. Its corporate registration status in California is

14 | "suspended."

15 |      7.    Unless otherwise so specified, all defendants are hereinafter referred to

16 | collectively as "Verizon Wireless."

17 |      8.    The true names and capacities, whether individual, corporate, associate,

18 | governmental, or otherwise, of defendants DOES 1 through 100 are unknown to plaintiff at

19 | this time. Plaintiff therefore sues said defendants by such fictitious names. When the true

20 | names and capacities of said defendants have been ascertained, plaintiff will amend this

21 | complaint accordingly. Plaintiff is informed and believes, and on that basis alleges, that

22 | each defendant designated herein, including each DOE, is responsible, willfully,

23 | negligently, or in some other actionable manner, for the events and happenings, and

24 | violations of California law, hereinafter alleged, and that they caused plaintiff and the class

25 | members harm and damages.

26 |      9.    Plaintiff alleges on information and belief that at all times relevant hereto

27 | each of the defendants was the agent, servant, employee, joint-venturer, partner, successor-

28 | in-interest, and/or co-conspirator of each other defendant and was at all said times acting in

1 | the full course and scope of said agency, service, employment, joint venture, concert of
2 | action, partnership, successorship, or conspiracy.

3 | **JURISDICTION AND VENUE**

4 |     10.    This Court has jurisdiction because each of the defendants does business
5 | throughout California, the acts and practices complained of were directed at consumers in
6 | California, and defendants violated the rights of class members throughout California.
7 | Jurisdiction is proper notwithstanding the provisions of 28 U.S.C. § 1332(d) *et seq.*(the
8 | Class Action Fairness Act) because the aggregate amount in controversy does not exceed
9 | $5,000,000, exclusive of interest and costs.

10 |     11.    Venue is proper in this Court under C.C.P. § 395.5 because each of the
11 | defendants does business in Alameda County and solicited business from and imposed
12 | unlawful late fees on class members who live in Alameda County, and because defendants'
13 | liability arose in part in Alameda County. Among other things, Verizon Wireless operates
14 | about one dozen stores in the City of Oakland alone, and it maintains contractual
15 | relationships with multiple authorized dealers throughout Alameda County.

16 | **FACTUAL ALLEGATIONS**

17 |     12.    Starting on or about September 21, 2006, plaintiff Catherine Gellis entered
18 | into a new two-year agreement with Verizon Wireless for mobile phone and data service for
19 | her personal and household use.

20 |     13.    The agreement, as modified, specified that plaintiff would pay $124.99 in
21 | "monthly access charges" (plus various additional small fees and charges) for two years in
22 | exchange for a package of mobile phone and data access services, with additional usage
23 | billed at a discounted rate.

24 |     14.    Verizon Wireless encourages consumers to enter into these standard 1 to 2
25 | year "post paid" contracts by offering them incentives and substantially cheaper rates as
26 | compared to "pre-paid" contracts, which do not involve any long term commitment. It
27 | locks them into these agreements by contracting for substantial early termination fees in the
28 | event they wish to break the contract.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND MONEY DAMAGES

15.    The Verizon Wireless Customer Agreement Terms and Conditions associated with plaintiff's agreement read in relevant part as follows:

*Your Bill*

Your bill is our notice to you of your fees, charges and other important information. ... We bill usage charges after calls are made or received. We bill access fees and some other charges in advance. * * *

*Payments, Deposits Credit Cards, And Checks*

Payment is due in full as stated on your bill. IF WE DON'T RECEIVE PAYMENT IN FULL WHEN DUE, WE MAY, TO THE EXTENT PERMITTED BY LAW CHARGE A LATE FEE OF UP TO 1.5 PERCENT A MONTH (18 PERCENT ANNUALLY), OR A FLAT $5, WHICHEVER IS GREATER, ON UNPAID BALANCES. ...WE MAY ALSO CHARGE YOU FOR ANY COLLECTION AGENCY FEES THAT ARE CHARGED BY A COLLECTION AGENCY WE USE TO COLLECT FROM YOU IF IT IS PERMITTED BY THE LAW... " (emphasis in original)

16.    In or about mid-December, 2006, plaintiff received a bill dated 12/13/06 for $131.59, consisting of:

(a) $124.99 for "monthly access" from 12/14/06 to 1/12/07,

(b) a 30 cent additional data usage charge for the prior period, and

(c) $6.60 in additional fees, charges, and taxes thereon.

This bill had a due date of 1/8/07.

17.    Plaintiff neglected to pay this bill by the 1/8/07 stated due date.

18.    In or about mid-January, 2007, plaintiff received a bill dated 1/13/07 for $268.49, consisting of

(a) $124.99 for monthly access from 1/13/07 to 2/12/07,

(b) a 60 cent additional data usage charge for the prior period,

(c) $6.31 in additional fees, charges, and taxes thereon,

(d) the balance forward on her prior $131.59 bill, and

(e) a $5 late fee thereon.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND MONEY DAMAGES

1      This bill had a due date of "past due." It stated: "LATE FEE INFORMATION. A
2  late payment charge applies for unpaid balances. The charge is the greater of $5 or 1.5%
3  per month, or as permitted by law."

4      19.   On or before January 17, 2007, plaintiff paid the entire amount due in full,
5  including the balance forward and the $5 late charge.

6      20.   Plaintiff was thus charged 3.8 % of the balance forward for paying it 9 days
7  late. This calculates to an interest rate of greater than 11% per month, or an annual
8  percentage rate (APR) of about 154%.

9      21.   Plaintiff never received any notice or other communication relating to her
10  failure to timely pay the 12/13/06 bill other than the demand that she pay the $5 late fee as
11  part of her subsequent bill. Plaintiff alleges, on information and belief, that her late
12  payment, and others like it, involve absolutely no human action by Verizon Wireless; that
13  the $5 minimum late fee is applied automatically by the billing software; that the only costs
14  to Verizon Wireless reasonably associated with late payments such as these are carrying
15  costs; that such carrying costs are known to (or readily ascertainable by) Verizon Wireless;
16  and that the $5 minimum late fee drastically exceeds the actual cost to Verizon Wireless in
17  every instance in which it is applied.

18                        **CLASS ALLEGATIONS**

19      22.   Plaintiff brings this action on behalf of herself and all other persons in the
20  following similarly situated class: *all California retail consumer customers of Verizon*
21  *Wireless who paid a $5 minimum late fee.*

22      23.   The class is composed of hundreds of thousands of people, whose joinder in
23  this action would be impracticable. The disposition of their claims through this class action
24  will benefit the class members, the parties, and the courts.

25      24.   The identities and addresses of the individual members of the class are
26  available through Verizon Wireless's billing records.

27
28

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND MONEY DAMAGES

25.    There is a well-defined community of interest in questions of law and fact affecting the class. These questions of law and fact predominate over individual questions affecting individual class members, including, but not limited to, the following:

(a)    whether the $5 minimum late fee clause is unlawful, unfair, void, or unenforceable;

(b)    whether Verizon Wireless should be required to disgorge and/or make restitution to class members of such fees that it has collected;

(c)    whether Verizon Wireless should be enjoined from enforcing the late fee clause in its existing contracts and/or including similar clauses in future contracts; and

(d)    whether Verizon Wireless's conduct towards the members of the class violated the Consumers Legal Remedies Act (Civil Code §§1750 *et seq*), the Unfair Competition Law (Bus. & Prof. Code §§17200 *et seq*), and/or other California laws or principles of equity, all as alleged below.

26.    Absent a class action, Verizon Wireless will retain millions of dollars already received by virtue of its unlawful practices and will continue wrongfully to collect and profit from such charges in the future. Because of the size of the individual class members' claims, no class member could afford to seek legal redress on an individual basis. Absent a class action, the class members will continue to suffer losses, the illegal conduct described herein will continue without remedy, and Verizon Wireless will profit by the retention of the proceeds of its misdeeds. Verizon Wireless continues to this day to engage in the unlawful and unfair conduct that is the subject of this complaint.

### FIRST CAUSE OF ACTION

### (Against All Defendants For Violation Of Civil Code §1671)

27.    Plaintiff realleges and incorporates herein as if set forth in full each of the allegations of paragraphs 1 through 26, inclusive.

28.    The contracts between Verizon Wireless, on the one hand, and plaintiff and the plaintiff class, on the other, are consumer contracts, *i.e.*, contracts for the "retail

6

1  purchase, or rental, by such party of personal property or services, primarily for the party's

2  personal, family, or household purposes." Civil Code §1671(c)(1).

3      29.    Accordingly, the validity of the clause by which Verizon Wireless collects the

4  minimum $5 late fee from plaintiffs "is void except that the parties to such a contract may

5  agree therein upon an amount which shall be presumed to be the amount of damage

6  sustained by a breach thereof, when, from the nature of the case, it would be impracticable

7  or extremely difficult to fix the actual damage."  Civil Code §1671(d).

8      30.    The $5 minimum late payment charge which Verizon Wireless includes in its

9  consumer contracts is void under Civil Code §1671(d) because it is neither impracticable

10  nor extremely difficult to ascertain the actual damage, if any, that Verizon Wireless sustains

11  as the result of late payment of invoices by consumer wireless customers; it is contained in a

12  contract of adhesion; and the primary motivation for the charge is to earn additional profits

13  for, and not to compensate, Verizon Wireless.

14      WHEREFORE, plaintiff prays for judgment and relief as set forth below.

15  <u>**SECOND CAUSE OF ACTION**</u>

16  **(Against All Defendants For Deceptive Practices – Consumers Legal Remedies Act,**

17  **Civil Code §§1750 *et seq*)**

18      31.    Plaintiff realleges and incorporates herein as if set forth in full each of the

19  allegations of paragraphs 1 through 26 and 28 through 30, inclusive.

20      32.    The above- described conduct of Verizon Wireless violates the Consumers

21  Legal Remedies Act, Civil Code §§1750 *et seq*. ("CLRA") by:

22          (a)    Representing that a transaction confers or involves rights, remedies, or

23          obligations which it does not have or involve, or which are prohibited by law (Civil

24          Code §1770(a)(14)); and

25          (b)    Inserting an unconscionable provision in the contract (Civil Code

26          §1770(a)(19)).

27      33.    Plaintiff has provided Verizon Wireless with notice of its violations and

28  requested a cure.  Verizon Wireless has failed to remedy its violations.  Instead, Verizon

1   Wireless has admitted that it "does not have any plans at this time in changing [its] policy"

2   (*sic*).

3         34.    In doing the things alleged above, Verizon Wireless has violated and, unless

4   enjoined, will continue to violate the CLRA as alleged in the notice.

5         35.    As a proximate result, plaintiff and the class have been damaged in an amount

6   to be proven at trial.

7         36.    Plaintiff is entitled to an award of attorneys' fees, costs and expenses pursuant

8   to Civil Code §1780(d).

9         WHEREFORE, plaintiff prays for judgment and relief as set forth below.

10                 **THIRD CAUSE OF ACTION**

11         **(Against All Defendants For Unfair Business Practices –**

12                **Bus. & Prof. Code §§ 17200 *et seq*.)**

13         37.    Plaintiff realleges and incorporates herein as if set forth in full each of the

14   allegations of paragraphs 1 through 26, 28 through 30, and 32 through 35, inclusive

15         38.    California Business & Professions Code §§ 17200 *et seq* (the Unfair

16   Competition Law – "UCL") defines unfair competition as any unlawful, unfair or fraudulent

17   business act or practice and unfair, deceptive, untrue or misleading advertising.

18         39.    Verizon Wireless's above-described business practices are unlawful because

19   they violate Civil Code §1671 and constitute deceptive consumer practices prohibited by the

20   CLRA, as alleged above.   The same business practices are also unfair because they result in

21   disproportionately high late charges to customers with *lower* bills without corresponding

22   expense.  For example, as a result of these business practices, Verizon Wireless charges the

23   same $5 late fee to a customer who pays a $40 bill five days past the due date as they would

24   charge to a customer who pays a $300 bill 30 days past the due date, and so forth.

25         40.    Plaintiff and the plaintiff class have suffered injury in fact and have lost

26   money and property as a result of paying these excessive and illegal late payment charges.

27

28

41.    Verizon Wireless's wrongful conduct impacts the public interest because it is a pattern of illegal conduct that has been repeated on thousands of occasions and continues to the present.

42.    Plaintiff, for herself and on behalf of others similarly situated, seeks to enjoin Verizon Wireless's conduct and obtain restitution of all funds obtained by Verizon Wireless by reason of and through the use of these practices within the four years preceding the filing of this Complaint.

43.    Plaintiff is entitled to an award of attorneys' fees, costs and expenses pursuant to Code of Civil Procedure §1021.5.

WHEREFORE, plaintiff prays for judgment and relief as set forth below.

## FOURTH CAUSE OF ACTION

### (Against All Defendants For Unjust Enrichment)

44.    Plaintiff realleges and incorporates herein as if set forth in full each of the allegations of paragraphs 1 through 26, inclusive.

45.    Verizon Wireless unjustly received and retained benefits and payments at the expense of plaintiff and the plaintiff class, who are therefore entitled to restitution.

WHEREFORE, plaintiff prays for judgment and relief as set forth below.

## FIFTH CAUSE OF ACTION

### (Against All Defendants For Declaratory Relief)

46.    Plaintiff realleges and incorporates herein as if set forth in full each of the allegations of paragraphs 1 through 26, inclusive.

47.    A real and present controversy exists between Verizon Wireless, on the one hand, and the plaintiff and plaintiff class, on the other, as to whether the $5 minimum late payment charge included in Verizon Wireless's contracts is legal and enforceable. Verizon Wireless contends that it is. Plaintiff and the plaintiff class contend that it is not.

WHEREFORE, plaintiff prays for judgment and relief as set forth below.

## PRAYER FOR RELIEF

Plaintiff prays for relief and a judgment against defendants, as follows:

9

1    A.    An order certifying the Plaintiff Class, appointing named plaintiff Catherine

2  Gellis as representative of the Class, and appointing the law firms representing plaintiff as

3  counsel for the Class;

4    B.    Restitution of all monies acquired by Verizon Wireless during the last four

5  years as a result of its unlawful practices described above;

6    C.    Imposition of a constructive trust upon all assets Verizon Wireless has

7  acquired from the Class as a result of these unlawful late fees (Civil Code §2224);

8    D.    Economic damages according to proof;

9    E.    A declaration that the $5 minimum late fee is unlawful, unfair, void, and

10  unenforceable under Civil Code §1671 and that imposition of the fee is a deceptive practice

11  under Civil Code §1770(a);

12    F.    The issuance of injunctive orders enjoining Verizon Wireless from including

13  this provision in future contracts or enforcing it in current or future contracts;

14    G.    Payment of costs of suit herein incurred;

15    H.    Pre- and post-judgment interest on amounts awarded;

16    I.    Attorneys' fees, costs and expenses pursuant to Code of Civil Procedure

17  §1021.5, the CLRA, and any other applicable authority; and

18    J.    For such other and further relief as the Court may deem proper.

19

20  Dated: June 1/, 2007          CHAVEZ & GERTLER LLP

21                    BRAYTON PURCELL LLP

22

23

24                    By:

                                Mark A. Chavez

25

26                    Attorneys for Plaintiff

27

28

10

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND MONEY DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark A. Chavez        90858<br>Chavez & Gertler LLP<br>42 Miller Ave.<br>Mill Valley, Ca 94941<br>TELEPHONE NO.: 415 381-5599    FAX NO.: 415 381-5572<br>ATTORNEY FOR *(Name):* Plaintiffs and all others similarly | **ENDORSED<br>FILED<br>ALAMEDA COUNTY**<br><br>JUN 12 2007<br><br>CLERK OF THE SUPERIOR COURT<br>By MEL DRILLON  Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street, Room 109
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, Ca 94612
BRANCH NAME: Unlimited Jurisdiction

CASE NAME: Gellis v. Verizon, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **RG 07330354**<br>JUDGE:<br>DEPT.: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) |    condemnation (14) | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) |    types (41) |
| [X] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Residential (32) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Writ of mandate (02) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
  a. [X] monetary    b. [X] nonmonetary; declaratory or injunctive relief    c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6/12/07

             (TYPE OR PRINT NAME)                       ►                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | Martin Dean's<br>ESSENTIAL FORMS™ | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |
|---|---|---|---|

413/GELLIS



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice- Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2007]    **Sterile Dennis ESSENTIAL FORMS™**    **CIVIL CASE COVER SHEET**    Page 2 of 2

413/GELLIS

| Short Title: | Case Number: |
|---|---|
| Gellis v. Verizon, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)  [ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G) |
| | | Is this an uninsured motorist case?  [ ] yes  [ ] no |
| Other PI/PD/ WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI/PD/ WD Tort | Bus tort / unfair bus. practice (07) | [X] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [ ] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial  Is the deft. in possession |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential  of the property? |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs  [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate |
| | | Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc. Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |

413/GELLIS 

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

**Instructions to Plaintiff / Cross-Complainant**

> In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### *Mediation*

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### *Arbitration*

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### *Neutral Evaluation*

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100   fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA  94612**
Phone: (510) 444-6351   fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

# ALAMEDA COUNTY SUPERIOR COURT
# ADR PROGRAM

---

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

#### Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 1605).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per CRC 1605a)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

#### Assignment of Case (CRC 1605a(4))
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

#### Hearings (CRC 1611)
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

#### Award of Arbitrator (CRC 1615b & c)
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

#### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. (CRC 1616 & Local Rule 6.4)

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified (CRC 1615c & Local Rule 6.6)

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. (Local Rule 6.6)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
|---|---|---|
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Case No.: _____

          Plaintiff

    vs.

## STIPULATION FOR ALTERNATIVE
## DISPUTE RESOLUTION (ADR)

        Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

# EXHIBIT C

1  I, Nance F. Becker, declare:

2          1.      I am an attorney admitted to practice before all courts of the State of

3  California and a partner in the law firm Chavez & Gertler LLP, one of the counsel of record

4  for plaintiff Catherine Gellis and the proposed plaintiff class herein. I have personal

5  knowledge of the following matters, and if called as a witness I could testify competently to

6  them.

7          2.      This is a class action suit challenging Verizon Wireless's practice of imposing

8  a minimum $5.00 late fee on all California consumers who pay their cellular telephone

9  invoices late. Plaintiff alleges that the charge violates Civil Code §1671 and the Consumer

10  Legal Remedies Act (Civil Code §§1750 *et seq*), and that it constitutes an unfair business

11  practice prohibited by Business & Professions Code §17200. Plaintiff sues on behalf of a

12  proposed class of all California retail consumer customers of Verizon Wireless who paid the

13  $5 minimum late fee.

14          3.      Verizon Wireless's website (www.verizonwireless.com) reports that

15  defendants own and operate seventeen stores in Alameda County, including Emeryville,

16  Berkeley, San Leandro, Richmond, Walnut Creek, Hayward, Pleasant Hill, Concord,

17  Fremont, and Pleasanton. Consumers can also enter into cellular telephone service

18  agreements and purchase Verizon Wireless services at another approximately seventeen

19  authorized dealers throughout Alameda County. On that basis, I am informed and believe

20  that venue is proper in this Court under C.C.P. §395.5 because each of the defendants does

21  business in Alameda County and has solicited business from and imposed unlawful late fees

22  on class members who live in Alameda County, and because defendants' liability arose in

23  part in Alameda County.

24          I declare under penalty of perjury under the laws of the State of California that the

25  foregoing is true and correct, and that this declaration was executed in Mill Valley,

26  California on June 12, 2007.

27                                                        *Nance Becker*
                                                          _____
28                                                        Nance F. Becker

1

## PROOF OF SERVICE BY MAIL

I, Marsha Poulin, declare:

1.    I am over the age of 18 and not a party to the within cause.  I am employed by Munger, Tolles & Olson LLP in the County of San Francisco, State of California.  My business address is 560 Mission Street, 27th Floor, San Francisco, California  94105-2907.

2.    On July 17, 2007, I served a true copy of the attached document entitled NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1453 by placing it in an addressed sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) shown below/set forth on the attached service list and placed said envelope(s) in interoffice mail for collection and deposit with the United States Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on that same date, following ordinary business practices:

| | |
|---|---|
| Mark A. Chavez, Esq. | Alan R. Brayton, Esq. |
| Nance F. Becker, Esq. | Peter B. Fredman, Esq. |
| Chavez & Gertler LLP | Charlotte E. Scott, Esq. |
| 42 Miller Avenue | Brayton Purcell LLP |
| Mill Valley, CA 94941 | 222 Rush Landing Road |
| | Novato, CA 94948-6169 |

3.    I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 17, 2007, at San Francisco, California.



Marsha Poulin

3277523.1                                        PROOF OF SERVICE – NOTICE OF REMOVAL