**CHAVEZ & GERTLER LLP**
MARK A. CHAVEZ (Bar No. 90858)
NANCE F. BECKER (Bar No. 99292)
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572
Email: mark@chavezgertler.com
      nance@chavezgertler.com

**BRAYTON PURCELL LLP**
ALAN R. BRAYTON (Bar No. 73685)
PETER B. FREDMAN (Bar No. 189097)
CHARLOTTE E. SCOTT (Bar No. 225581)
222 Rush Landing Road
Novato, CA 94948-6169
Telephone: (415) 898-1555
Facsimile: (415) 898-1247
Email: pfredman@braytonlaw.com

Attorneys for Plaintiffs and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CATHERINE GELLIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>VERIZON COMMUNICATIONS, INC., a Delaware corporation; VERIZON WIRELESS, an unincorporated association; CELLCO PARTNERSHIP, an unincorporated association; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. C 07-03679 JSW<br><br>**[PROPOSED] ORDER DENYING DEFENDANT VERIZON WIRELESS'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Date: November 2, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 2<br><br>The Honorable Jeffrey S. White |

Defendant Verizon Wireless's moves to dismiss Plaintiff's First Amended Complaint pursuant to Fed. Rules Civ. Pro. 12(b)(6) on the grounds that plaintiffs' claims are preempted by 47 U.S.C. Section 332(c)(3)(A) of the Federal Communication Act (FCA). The Court disagrees. Wherefore, defendant's motion shall be DENIED.

**1.     The Late Fee Provision Is A Liquidated Damages Clause**

As an initial matter, the late fee provision at issue here must be construed as a liquidated damages clause because it is triggered by the breach of the promise to pay on time and purports to assess damages therefore. *Restatement (Second) of Contracts* § 356 (1981), Comment A; see also *In re Bubble Up Delaware, Inc.,* 684 F.2d 1259, 1262 (9th Cir.1982) (U.S. law). Defendants' own billing statement describes its late fees as "liquidated damages." In California consumer contracts, such liquidated damages clauses are presumptively void, and can only be validated by a showing that the provision in question (1) represents a reasonable endeavor to estimate actual damages resulting from breach and (2) when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage. California Civil Code §1671(d). Liquidated damages provisions are *by definition* distinct from the "rate" provisions purportedly preempting California law. Rates reflect charges for services rendered under a contract, while liquidated damage provisions assess damages for breaches of the contract. Congress may have completely preempted claims relating to "rates." However, it has left regulation of other "terms and conditions" (specifically including "consumer protection matters") to the states. California's prohibition of excessive liquidated damages provisions in consumer contracts falls squarely into the latter category and thus may apply to plaintiffs' claims herein.

**2.     Section 332 does not preempt California Civil Code Section 1671(d)**

Defendants' motion, particularly its argument regarding preemption fails, because it relies on the false premise that accepting late payments is a "service" that Verizon Wireless provides to its customers; and that late fees are the "rates" it charges for that service. Late

fee provisions, such as the one at issue here, and liquidated damages provisions, in general, are not preempted by section 332 because they are "other terms and conditions," not "rates" provisions. *Brown v. Washington/Baltimore Cellular, Inc., supra,* 423 (*Brown*) (late fees); *Esquivel v. Southwestern Bell Mobile Sys., Inc.*, 920 F.Supp. 713 (S.D.Tex.1996) (*Esquivel*) (early termination fees); see also *In Re Truth-In-Billing* (2005) 20 F.C.C.R. 6448, 6465 ("the neutral application of state contractual … laws [is] not preempted by section 332."), 6476 ("we tentatively conclude that the line between the Commission's jurisdiction and states' jurisdiction over carriers' billing practices is properly drawn to where states only may enforce their own generally applicable contractual and consumer protection laws, albeit as they apply to carriers' billing practices"), vacated on other grounds by *Nat'l Ass'n of State Utility Consumer Advocates, v. F.C.C.*, 457 F.3d 1238 (11th Cir.2006) (modified on reh'g, 468 F.3d 1272 (11th Cir.2006)) (*NASUCA*); 47 U.S.C. § 414 ("Nothing in [the chapter containing section 332] shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.")

### 3. Even Assuming Preemption, California Law Is Specifically Incorporated Into The Contract Between Plaintiff and Verizon Wireless.

Even assuming the subject late fee provision is preempted, defendant's motion to dismiss fails because the protections of Civil Code Section 1671(d) are specifically incorporated into the terms of the contract between plaintiff and Verizon Wireless. FAC Ex. B, pg. 5 ("IF WE DON'T RECEIVE PAYMENT IN FULL WHEN DUE, WE MAY, TO THE EXTENT PERMITTED BY LAW OF THE STATE OF THE BILLING ADDRESS WE HAVE ON FILE FOR YOU AT THE TIME, CHARGE A LATE FEE OF UP TO…"); see also Id., pg. 9 ("Except to the extent we've agreed otherwise in the provisions on late fees, collection costs, and arbitration, this agreement and disputes covered by it are governed by the laws of the state of the encompassing the area code assigned to your wireless phone number when you accepted this agreement, without regard to the conflicts of laws and rule of

1  that state."). Verizon Wireless promised not to impose late fees that violate California Civil
2  Code section 1671(d) regardless of its applicability otherwise.
3
4      As a matter of law, defendant Verizon Wireless's motion to dismiss Plaintiff's First
5  Amended Complaint pursuant to Fed. Rules Civ. Pro. 12(b)(6), fails, as plaintiffs' claims are
6  not preempted by 47 U.S.C. Section 332(c)(3)(A) of the Federal Communication Act (FCA).
7
8      IT IS HEREBY ORDERED THAT defendant's motion to dismiss is DENIED.
9
10
11 Dated:_____           _____
                                    The Honorable Jeffrey S. White
12                                  United States District Court Judge