1  **CHAVEZ & GERTLER LLP**
   MARK A. CHAVEZ (Bar No. 90858)
2  NANCE F. BECKER (Bar No. 99292)
   42 Miller Avenue
3  Mill Valley, California 94941
   Telephone: (415) 381-5599
4  Facsimile:  (415) 381-5572
   Email: mark@chavezgertler.com
5         nance@chavezgertler.com

6  **BRAYTON PURCELL LLP**
   ALAN R. BRAYTON (Bar No. 73685)
7  PETER B. FREDMAN (Bar No. 189097)
   CHARLOTTE E. SCOTT (Bar No. 225581)
8  222 Rush Landing Road
   Novato, CA 94948-6169
9  Telephone: (415) 898-1555
   Facsimile:  (415) 898-1247
10 Email: pfredman@braytonlaw.com

11 Attorneys for Plaintiff CATHERINE GELLIS
   and all others similarly situated

12

13

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                 SAN FRANCISCO DIVISION

17 | CATHERINE GELLIS, individually and on behalf ) | Case No. C 07-03679 JSW
   | of all others similarly situated,           ) |
18 |                                             ) | **JOINT CASE MANAGEMENT**
   |                                             ) | **STATEMENT**
19 |        Plaintiff,                           ) |
   |                                             ) |
20 |   v.                                        ) | Date: November 2, 2007
   |                                             ) | Time: 9 a.m. following hearing on
21 | VERIZON COMMUNICATIONS, INC., a             ) | motion to dismiss (originally
22 | Delaware corporation; VERIZON WIRELESS, an  ) | scheduled for 1:30 p.m.)
   | unincorporated association; CELLCO          ) |
23 | PARTNERSHIP, an unincorporated association; ) |
24 | and DOES 1-100, inclusive,                  ) |
   |                                             ) |
25 |        Defendants.                          ) |
26 |_____) |

27

28

                                        1

1.    Jurisdiction and Service. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(d) (the Class Action Fairness Act (CAFA)). No issues regarding jurisdiction or service are known or foreseen.

2.    Facts. This is a class action. Plaintiff Catherine Gellis is a California consumer customer of Cellco Partnership d/b/a Verizon Wireless ("VZW") who paid a $5 minimum late fee pursuant to a provision of her agreement that purports to allow VZW to charge the greater of $5 or 1.5% a month as a fee for late payments. She seeks to represent a class of California consumers who paid such late fees.

Plaintiff contends this late fee provision is a liquidated damages provision that is void because it violates California Civil Code section 1671(d) because it is neither "impracticable" nor "extremely difficult" to ascertain the actual damage VZW suffers as the result of such late payments, and because the amount of the late fee does not reflect any "reasonable endeavor" by VZW to estimate the actual damages caused by such late payments. VZW contends, as set forth in its motion to dismiss, that the late payment charge is a "rate" within the meaning of the Federal Communications Act and that plaintiff's state law claims are preempted by the Act. To the extent that such claims are not preempted, VZW contends that the late payment provision satisfies the requirements of California law.

The principle factual disputes are expected to involve the correct scope and measure of VZW's actual damages incurred as a result of such late payments, whether such damages are impractical to determine at the outset of the contract, and the extent to which the subject late fee provision is actually based on a reasonable effort by VZW to estimate the same.

3.    Legal Issues. Without prejudice to either party's position, the parties provide the following summary of the key legal points:

Under section 1671, liquidated damage clauses in consumer contracts are presumed void, placing the burden on the proponent of the clause to rebut that presumption. *Garrett v. Coast & Southern Fed. Sav. & Loan Assn.*, 9 Cal.3d 731, 738 (1973). It is for the Court (not the jury) to decide the question of the "validity" of the liquidated damages clause based on

whether it was impracticable or extremely difficult for defendant to fix the actual damages and whether defendant made a reasonable endeavor to estimate a fair average compensation for its loss. *Beasley v. Wells Fargo Bank*, 235 Cal.App.3d 1383, 1393 (1991). Plaintiff contends that the Court decides the "validity" question primarily as a matter of fact (not law). *Ibid*.

VZW contends that "impracticability" is determined as of the time of contracting, not at the time of the breach or trial. *Better Foods Mkts. v. American Dist. Teleg. Co.*, 40 Cal.2d 179 (1953). VZW contends that the "reasonable endeavor" prong focuses on whether the liquidated damage amount bears a reasonable relationship to a fair estimate of the actual damages from the breach of the contract. *Utility Consumer's Action Network v. AT&T Broadband of Southern Cal.*, 135 Cal.App.4th 1023, 1038 (2006) ("*UCAN*"). VZW contends that the actual process used to determine the liquidated damage amount is not material as long as the amount set is reasonable. Plaintiff contends that VZW's motivation behind inserting the liquidated damages provision into the form contract is an important, if not overwhelming, factor in "reasonable endeavor" analysis. *Hitz v. First Interstate Bank*, 38 Cal.App.4th 274, 289 (1995); see *UCAN*, 1038 FN9.

If the liquidated damages clause is found to be void under section 1671, the late paying customer "remains liable for the actual damages resulting from" the late payment as an offset to to any damages recoverable from defendant as a result of this finding. *Garrett*, 741; *Beasley*, 1390. Defendant may assert this amount as an affirmative defense and/or crossclaim. The parties disagree as to whether the amount of the actual damage setoff, if any, is an issue triable by a jury. Plaintiff contends that the existence and amount of any setoff is a jury question. *Beasley*, 1393. VZW contends that Plaintiff's position is based on a misreading of *Beasley*.

4.   Motions. VZW's motion to dismiss based on complete preemption under the Federal Communication Act (47 U.S.C. § 332(c)(3)(A)) has been briefed and is scheduled

for hearing on November 2, 2007 at 9 a.m. No other motions are anticipated at this time.

5. <u>Amendment of Pleadings.</u> Because its motion to dismiss is pending, VZW has not filed a responsive pleading, which would likely include an affirmative defense or crossclaim for setoff, as discussed above.

6. <u>Evidence Preservation.</u> Plaintiff does not have any significant evidence preservation issues, and is maintaining her VZW records. VZW submits that it will comply with its obligation under the law to preserve evidence in its possession or control. Plaintiff requests that the Court direct VZW to make more specific representations with regard to the steps taken "to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically recorded material." See U.S. Northern District of California Standing Order re Contents of Joint Case Management Statement.

7. <u>Disclosures.</u> VZW objects to making initial disclosures at least until its motion to dismiss is decided. Accordingly, the parties have agreed to meet and confer after the hearing date on November 2, 2007 to set an initial disclosure date, subject to the direction of the Court at the CMC.

8. <u>Discovery.</u> No discovery has been taken to date. VZW objects to discovery prior to a decision on the motion to dismiss. Plaintiff is amenable to accommodating VZW until the hearing on November 2, 2007.

9. <u>Class Actions.</u> The motion for class certification will be sharply contested on the "predominance" issue at least. Plaintiffs contend that the "validity" issue predominates: the liquidated damages clause is common to all class members, and the presumption of invalidity can be rebutted, if at all, on a classwide basis. VZW contends that differences between individual late-payers, including application of VZW's likely affirmative defenses to putative class members, prevent a finding that common facts predominate and/or create intra-class conflicts that preclude class certification.

The parties agree that some class certification-related issues may also bear on the merits and that there will be some overlap for discovery purposes. The parties propose to delay attempting to set a hearing on class certification until a further Case Management Conference to occur in 90-120 days. This should allow time to settle the pleadings, complete initial dislcosures and early discovery, and conduct further discussions between the parties (including attempts to streamline the issues), which should facilitate a more realistic assessment of when plaintiff will be ready to move for class certification.

10. <u>Related Cases.</u> The parties are not aware of related cases.

11. <u>Relief.</u> Plaintiff seeks restitution of late fees imposed on California consumer customers less setoffs (as applicable) and an injunction against VZW collecting such late fees in the future. The amounts involved are not presently known to plaintiff, but are readily calculable after discovery. By removing to Federal court pursuant to CAFA, defendant indicated that the amount at stake exceeds $5 million. VZW anticipates that the precise amount of the $5 minimum late fees collected may be difficult to ascertain, at least on an individual customer basis.

12. <u>Settlement and ADR.</u> There have been no ADR efforts to date. The parties would like to use private mediation, to be undertaken at the time they believe it will be most productive.

13. <u>Consent to Magistrate Judge.</u> VZW has objected to the initial assignment to Magistrate Judge Brazil.

14. <u>Other References.</u> None.

15. <u>Narrowing of Issues.</u> Defendant does not contest the "numerosity" issue with respect to class action. The parties are committed to working on narrowing the disputed issues where possible.

16. <u>Expedited Schedule.</u> The parties do not believe the case is the type that can be handled on an expedited basis.

1    17.  Scheduling. The parties request that a scheduling order be entered following another case management conference in 90 to 120 days. See ¶9 above.

18.  Trial. Plaintiff has requested a jury trial, and plaintiff anticipates about 5 days of evidentiary hearing for trial. VZW has not requested a jury trial, and contends that plaintiff has no right to a jury trial in this case.

19.  Disclosure of Non-party Interested Entities or Persons. On July 17, 2007, VZW filed its disclosure and certificate of interested entities and persons.

20.  Other Matters.

a.  Protective Order. As plaintiff expects VZW to request a protective order, she would like to resolve any disputes thereon at the CMC. The parties are amenable to the Northern District model Stipulated Protective Order form.

Dated: October 24, 2007                CHAVEZ & GERTLER LLP
                                       BRAYTON PURCELL LLP

                                       By: _____
                                       Peter B. Fredman
                                       Attorneys for Plaintiff

Dated: October 24, 2007                MUNGER TOLLES & OLSON LLP

                                       By: _____
                                       Hojoon Hwang
                                       Attorneys for Defendants

3820998.1