HENRY WEISSMANN (SBN 132418)
Henry.Weissmann@mto.com
HOJOON HWANG (SBN 184950)
Hojoon.Hwang@mto.com
DANIEL J. POWELL (SBN 230304)
Daniel.Powell@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for Defendant
CELLCO PARTNERSHIP (D/B/A VERIZON WIRELESS)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CATHERINE GELLIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VERIZON COMMUNICATIONS, INC., a Delaware Corporation; VERIZON WIRELESS, an unincorporated association; CELLCO PARTNERSHIP, an unincorporated association; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.  C 07-03679 JSW<br><br>**ANSWER OF DEFENDANT CELLCO PARTNERSHIP (D/B/A VERIZON WIRELESS) TO FIRST AMENDED COMPLAINT** |

3940652.2

ANSWER OF VERIZON WIRELESS

Defendant Cellco Partnership (d/b/a Verizon Wireless) ("Verizon Wireless") by and through its undersigned counsel, Munger, Tolles & Olson LLP, as and for its Answer to the First Amended Complaint of plaintiff Catherine Gellis, alleges as follows:

## INTRODUCTION

1. Paragraph 1 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies the allegations.

2. Verizon Wireless admits that Plaintiff seeks class certification of her claims and has sought the relief stated in Paragraph 2, and states that the remainder of Paragraph 2 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies the allegations.

## THE PARTIES

3. Verizon Wireless admits that plaintiff Catherine Gellis paid a $5 minimum late fee on one occasion and denies that plaintiff Catherine Gellis has been a Verizon Wireless customer for more than four years. Verizon Wireless lacks sufficient knowledge or information to admit or deny the remainder of the allegations of Paragraph 3, and on that basis denies them.

4. Verizon Wireless admits the allegations of Paragraph 4.

5. Verizon Wireless admits that Cellco Partnership (d/b/a Verizon Wireless) is a Delaware partnership formed in April 2000 in connection with the combination of the U.S. wireless operations and interests of Verizon Communications Inc. and Vodafone Group PLC. Verizon Wireless avers that "Verizon Wireless" is a d/b/a name of Cellco Partnership and is not a distinct entity.

6. Verizon Wireless incorporates its response to Paragraph 5 herein.

7. Paragraph 7 merely defines a term as used by Plaintiff in the Complaint, and no response is required.

8. Verizon Wireless denies the allegations of Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

### JURISDICTION AND VENUE

10. Verizon Wireless admits the allegations of Paragraph 10.

11. Verizon Wireless admits that Verizon Wireless does business in the jurisdictional region of this Court, and states that the remainder of Paragraph 11 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

### FACTUAL ALLEGATIONS

12. Verizon Wireless admits that plaintiff Catherine Gellis entered into a two-year agreement with Verizon Wireless on September 21, 2006 for mobile phone service. Verizon Wireless lacks sufficient knowledge or information to admit or deny the remainder of the allegations of Paragraph 12, and on that basis denies them.

13. To the extent paragraph 13 purports to allege the contents of certain documents, the documents speak for themselves. Verizon Wireless denies all other allegations in Paragraph 13.

14. To the extent Paragraph 14 purports to allege the contents of certain documents, the documents speak for themselves. Verizon Wireless denies all other allegations in Paragraph 14.

15. Verizon Wireless admits that plaintiff's calling plan specified that she would pay $124.99 in monthly access charges plus other fees, and states that to the extent Paragraph 15 purports to allege the contents of certain documents, the documents speak for themselves. Verizon Wireless denies all other allegations in Paragraph 15.

16. Verizon Wireless admits that it offers handset subsidies and other incentives to customers to enter into term contracts for service, and that its term contracts have provisions for terminating the contract early in return for payment of a fee. Except as specifically so admitted, Verizon Wireless denies the remaining allegations of Paragraph 16.

17. Verizon Wireless admits that plaintiff did not pay the bill from Verizon Wireless dated December 13, 2006 by January 8, 2007 and states that to the extent Paragraph 17 purports to allege the contents of certain documents, the documents speak for themselves. Verizon Wireless lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 17 and on that basis denies them.

18. To the extent Paragraph 18 purports to allege the contents of certain documents, the documents speak for themselves. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and on that basis denies them

19. Defendant admits that on January 17, 2007, plaintiff paid $268.49 to Verizon Wireless and states that to the extent Paragraph 19 purports to allege the contents of certain documents, the documents speak for themselves.

20. Verizon Wireless admits that plaintiff was charged a $5 late fee and denies the remainder of the allegations in Paragraph 20.

21. Verizon Wireless lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 21 and on that basis denies them.

22. Verizon Wireless denies the allegations in Paragraph 22.

23.   Paragraph 23 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations. Verizon Wireless denies the remainder of the allegations in Paragraph 23.

## CLASS ALLEGATIONS

24.   Verizon Wireless admits that plaintiff has brought a purported class action and states that the remainder of Paragraph 24 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

25.   Paragraph 25 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

26.   Verizon Wireless admits that Verizon Wireless possesses the billing addresses for its current customers and states that Paragraph 26 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

27.   Paragraph 27 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

28.   Paragraph 28 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

## FIRST CAUSE OF ACTION
### (Against All Defendants For Violation Of Civil Code §1671)

29. Verizon Wireless re-alleges the responses in Paragraphs 1–28 as if fully set forth herein.

30. Paragraph 30 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

31. Paragraph 31 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

32. Paragraph 32 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

WHEREFORE, Verizon Wireless demands judgment as set forth below.

## SECOND CAUSE OF ACTION

**(Against All Defendants For Deceptive Practices — Consumers Legal Remedies Act, Civil Code §§ 1750 *et seq.*)**

33. Verizon Wireless re-alleges the responses in Paragraphs 1–32 as if fully set forth herein.

34. Paragraph 34 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

35. To the extent Paragraph 35 purports to allege the contents of certain documents, the documents speak for themselves.

36. Paragraph 36 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

37. Paragraph 37 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

38. Paragraph 38 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

WHEREFORE, Verizon Wireless demands judgment as set forth below.

### THIRD CAUSE OF ACTION

(Against All Defendants For Unfair Business Practices —

Bus. & Prof. Code §§ 17200 *et seq.*)

39. Verizon Wireless re-alleges the responses in Paragraphs 1–38 as if fully set forth herein.

40. Paragraph 40 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

41. Paragraph 41 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

42. Paragraph 42 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

43. Paragraph 43 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

44. Verizon Wireless admits that plaintiff seeks an injunction and restitution against Verizon Wireless, and denies the remainder of the allegations in Paragraph 44.

45. Paragraph 45 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

WHEREFORE, Verizon Wireless demands judgment as set forth below.

### FOURTH CAUSE OF ACTION

**(Against All Defendants For Unjust Enrichment)**

46. Verizon Wireless re-alleges the responses in Paragraphs 1–45 as if fully set forth herein.

47. Paragraph 47 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

WHEREFORE, Verizon Wireless demands judgment as set forth below.

### FIFTH CAUSE OF ACTION

**(Against All Defendants for Declaratory Relief)**

48. Verizon Wireless re-alleges the responses in Paragraphs 1–47 as if fully set forth herein.

49. Paragraph 49 consists of legal conclusions to which no response is required, but to the extent those conclusions are based on factual allegations, Verizon Wireless denies those allegations.

WHEREFORE, Verizon Wireless demands judgment as set forth below.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to set-off to the extent that Verizon Wireless suffered damages as a result of Plaintiff's late payment of her bill. As of the date of the filing of this Answer and this affirmative defense, Plaintiff's claims have not been certified as a class action. Verizon Wireless is informed and believe that some members of the putative class have caused actual damages greater than the amount of the late fee that they paid. Verizon Wireless expressly reserves its right to assert counter-claims against such members of the plaintiff class on an individual or a class-wide basis in the event this case is certified as a class action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted in their entirety by federal legislation and federal common law, pursuant to the Federal Communications Act, 47 U.S.C. §§ 151 *et seq.*, specifically including 47 U.S.C. § 332(c)(3)(A), and the Supremacy Clause of the United States Constitution, U.S. Const. Art. VI, cl. 2.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of primary and exclusive regulatory agency jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to a valid and enforceable agreement to arbitrate, and therefore are not properly brought in this Court.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a claim against Verizon Wireless upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

The late fee at issue does not impose a payment obligation as compensation for a contract breach, but is an alternative means of contract performance by plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Any statements made or actions taken by Verizon Wireless were truthful and

accurate and were not likely to mislead or deceive plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Verizon Wireless's conduct has at all times been undertaken with legitimate business justification and in reasonable and good faith belief in the lawfulness of its actions.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury or damage, and Verizon Wireless is not liable to her for any injury or damage.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she lacks standing to assert any of the causes of action alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in party because her requested monetary relief is too speculative, remote, and impossible to prove or allocate.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff suffered injury or damage, such injury or damage was not proximately caused by any conduct or inaction of Verizon Wireless.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has enjoyed the benefits of one or more of the products or services that are the subject of the Complaint, and therefore is barred from making one or more of the claims for relief set out in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, estoppel, laches, and waiver.

### FIFTEEN AFFIRMATIVE DEFENSE

Plaintiff consented to and approved all acts and omissions about which she now complains, and agreed to be bound by the terms of her Verizon Wireless customer agreement when she used the wireless services provided by Verizon Wireless, which actions bar her from

pursuing her claims.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has waived or released, in whole or in part, some or all of the claims asserted in the Complaint, including without limitation through provisions in her customer agreement limiting the time period for disputing bills.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any amounts in this action based on the voluntary payment doctrine.

EIGHTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff (a) failed to exercise ordinary and reasonable care on her own behalf; (b) intentionally or recklessly disregarded her own interests, through action or inaction; and (c) otherwise committed wrongdoing, and such acts and omissions were the proximate cause of all or some of her alleged injuries, thus barring her, in whole or in part, from recovering any amounts in this action.

NINETEEN AFFIRMATIVE DEFENSE

Plaintiff has failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish her alleged damages, and accordingly, is barred from recovery of any damages that might have been prevented by such mitigation.

TWENTIETH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, and the Contracts Clauses of the United States Constitution and the California Constitution.

TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that plaintiff purports to seek relief on behalf of any person who has not suffered any damages, the Complaint violates the right of Verizon Wireless to due process under the United States and California Constitutions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by principles of prior adjudication, including without limitation, the doctrines of *res judicata*, collateral estoppel and merger and bar.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This case is not appropriate for class treatment.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not a proper representative to bring this action on behalf of any proposed class.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief because she has adequate remedies at law, and no threat of harm exists to support a grant of injunctive relief.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Even if any member of any putative class suffered any injury or damage, no such class member is entitled to restitution or disgorgement.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by prior filed duplicative and overlapping actions.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Verizon Wireless intends to rely on any additional affirmative defenses which become available or apparent during discovery, and thus reserves the right to amend this Answer to assert such additional defenses.

### **PRAYER FOR RELIEF**

Verizon Wireless prays for judgment:

(a)   Dismissing the First Amended Complaint with prejudice;

(b)   Awarding Verizon Wireless the reasonable attorneys' fees and costs of suit that it incurred in connection with defending against the allegations in the First Amended Complaint; and

(c)   Granting Verizon Wireless such other and further relief as this Court may deem just and proper.

DATED: November 15, 2007

MUNGER, TOLLES & OLSON LLP
HENRY WEISSMANN
HOJOON HWANG
DANIEL J. POWELL

By: _____
HOJOON HWANG

Attorneys for Defendant
CELLCO PARTNERSHIP (D/B/A VERIZON WIRELESS)