1  **CHAVEZ & GERTLER LLP**
   MARK A. CHAVEZ (Bar No. 90858)
2  NANCE F. BECKER (Bar No. 99292)
   42 Miller Avenue
3  Mill Valley, California 94941
   Telephone: (415) 381-5599
4  Facsimile: (415) 381-5572
   Email: mark@chavezgertler.com
5          nance@chavezgertler.com

6
   **BRAYTON PURCELL LLP**
7  ALAN R. BRAYTON (Bar No. 73685)
   PETER B. FREDMAN (Bar No. 189097)
8  CHARLOTTE E. SCOTT (Bar No. 225581)
   222 Rush Landing Road
9  Novato, CA 94948-6169
   Telephone: (415) 898-1555
10 Facsimile: (415) 898-1247
   Email: pfredman@braytonlaw.com

11

12                UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                 SAN FRANCISCO DIVISION

15 CATHERINE GELLIS, individually and on behalf )  Case No. C 07-03679 JSW
   of all others similarly situated,            )
16                                              )  **STIPULATED PROTECTIVE**
                                                )  **ORDER**
17            Plaintiff,                        )
                                                )
18       v.                                     )
                                                )
19                                              )
   VERIZON COMMUNICATIONS, INC., a              )
20 Delaware corporation; VERIZON WIRELESS, an   )
   unincorporated association; CELLCO           )
21 PARTNERSHIP, an unincorporated association;  )
                                                )
22 and DOES 1-100, inclusive,                   )
                                                )
23            Defendants.                       )
                                                )
24 _____)

25       1. PURPOSES AND LIMITATIONS

26       Disclosure and discovery activity in this action are likely to involve production of confidential,

27 proprietary, or private information for which special protection from public disclosure and from use for

28 any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby

---

                                    1                    STIPULATED PROTECTIVE ORDER
                                                         CASE NO. 07-03679 JSW

1   stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

2   acknowledge that this Order does not confer blanket protections on all disclosures or responses to

3   discovery and that the protection it affords extends only to the limited information or items that are

4   entitled under the applicable legal principles to treatment as confidential. The parties further

5   acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement

6   to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

7   followed and reflects the standards that will be applied when a party seeks permission from the court to

8   file material under seal.

9       2. <u>DEFINITIONS</u>

10          2.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees,

11  consultants, retained experts, and outside counsel (and their support staff).

12          2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

13  medium or manner generated, stored, or maintained (including, among other things, testimony,

14  transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in

15  this matter.

16          2.3    <u>"Confidential" Information or Items</u>: information (regardless of how generated,

17  stored or maintained) or tangible things that qualify for protection under standards developed under

18  F.R.Civ.P. 26(c).

19          2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely

20  sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create

21  a substantial risk of serious injury that could not be avoided by less restrictive means.

22          2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

23  Producing Party.

24          2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery

25  Material in this action.

26          2.7.   <u>Designating Party</u>: a Party or non-party that designates information or items that

27  it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential —

28  Attorneys' Eyes Only."

1    2.8    Protected Material: any Disclosure or Discovery Material that is designated as

2    "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

3    2.9.    Outside Counsel: attorneys who are not employees of a Party but who are

4    retained to represent or advise a Party in this action.

5    2.10    House Counsel:  attorneys who are employees of a Party.

6    2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their

7    support staffs).

8    2.12    Expert: a person with specialized knowledge or experience in a matter pertinent

9    to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

10    consultant in this action and who is not a past or a current employee of a Party or of a competitor of a

11    Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a

12    competitor of a Party's.  This definition includes a professional jury or trial consultant retained in

13    connection with this litigation.

14    2.13    Professional Vendors: persons or entities that provide litigation support services

15    (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,

16    retrieving data in any form or medium; etc.) and their employees and subcontractors.

17

18    3. SCOPE

19    The protections conferred by this Stipulation and Order cover not only Protected Material (as

20    defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts,

21    summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel

22    to or in court or in other settings that might reveal Protected Material.

23

24    4. DURATION

25    Even after the termination of this litigation, the confidentiality obligations imposed by this Order

26    shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

27    directs.

28

·3                    STIPULATED PROTECTIVE ORDER
                        CASE NO.  07-03679 JSW

1        5. <u>DESIGNATING PROTECTED MATERIAL</u>

2              5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or

3  non-party that designates information or items for protection under this Order must take care to limit any

4  such designation to specific material that qualifies under the appropriate standards. A Designating Party

5  must take care to designate for protection only those parts of material, documents, items, or oral or written

6  communications that qualify – so that other portions of the material, documents, items, or

7  communications for which protection is not warranted are not swept unjustifiably within the ambit of this

8  Order.

9              Mass, indiscriminate, or routinized designations are prohibited. Designations that are

10  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily

11  encumber or retard the case development process, or to impose unnecessary expenses and burdens on

12  other parties), expose the Designating Party to sanctions.

13              If it comes to a Party's or a non-party's attention that information or items that it

14  designated for protection do not qualify for protection at all, or do not qualify for the level of protection

15  initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

16  mistaken designation.

17              5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see,

18  e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that

19  qualifies for protection under this Order must be clearly so designated before the material is disclosed or

20  produced.

21              Designation in conformity with this Order requires:

22              (a) <u>for information in documentary form</u> (apart from transcripts of depositions or

23  other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains

25  protected material. If only a portion or portions of the material on a page qualifies for protection, the

26  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings

27  in the margins) and must specify, for each portion, the level of protection being asserted (either

28  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

1          A Party or non-party that makes original documents or materials available for

2    inspection need not designate them for protection until after the inspecting Party has indicated which

3    material it would like copied and produced.  During the inspection and before the designation, all of the

4    material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

5    EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the

6    Producing Party must determine which documents, or portions thereof, qualify for protection under this

7    Order, then, before producing the specified documents, the Producing Party must affix the appropriate

8    legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top

9    of each page that contains Protected Material.  If only a portion or portions of the material on a page

10   qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

11   making appropriate markings in the margins) and must specify, for each portion, the level of protection

12   being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY").

14          (b) for testimony given in deposition or in other pretrial or trial proceedings, that

15   the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the

16   deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the

17   testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is

18   impractical to identify separately each portion of testimony that is entitled to protection, and when it

19   appears that substantial portions of the testimony may qualify for protection, the Party or non-party that

20   sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is

21   concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which

22   protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or

23   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony

24   that are appropriately designated for protection within the 20 days shall be covered by the provisions of

25   this Stipulated Protective Order.

26          Transcript pages containing Protected Material must be separately bound by the

27   court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY

28

5                                  STIPULATED PROTECTIVE ORDER
                                   CASE NO.  07-03679 JSW

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or

2  sponsoring the witness or presenting the testimony.

3            (c) <u>for information produced in some form other than documentary, and for any</u>

4  <u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or

5  containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

6  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant

7  protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying

8  whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

9          5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

10  designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes

11  Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order

12  for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential –

13  Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely

14  notification of the designation, must make reasonable efforts to assure that the material is treated in

15  accordance with the provisions of this Order.

16

17      6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

18          6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's

19  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic

20  burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to

21  challenge a confidentiality designation by electing not to mount a challenge promptly after the original

22  designation is disclosed.

23          6.2 <u>Meet and Confer</u>.   A Party that elects to initiate a challenge to a Designating Party's

24  confidentiality designation must do so in good faith and must begin the process by conferring directly (in

25  voice to voice dialogue; other forms of communication are not sufficient) with counsel for the

26  Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the

27  confidentiality designation was not proper and must give the Designating Party an opportunity to review

28  the designated material, to reconsider the circumstances, and, if no change in designation is offered, to

STIPULATED PROTECTIVE ORDER
CASE NO.  07-03679 JSW

1  explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the

2  challenge process only if it has engaged in this meet and confer process first.

3  6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality

4  designation after considering the justification offered by the Designating Party may file and serve a motion

5  under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the

6  challenged material and sets forth in detail the basis for the challenge. Each such motion must be

7  accompanied by a competent declaration that affirms that the movant has complied with the meet and

8  confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification

9  for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

10  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the

11  court rules on the challenge, all parties shall continue to afford the material in question the level of

12  protection to which it is entitled under the Producing Party's designation.

13

14  7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

15  7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

16  produced by another Party or by a non-party in connection with this case only for prosecuting, defending,

17  or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of

18  persons and under the conditions described in this Order. When the litigation has been terminated, a

19  Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

20  Protected Material must be stored and maintained by a Receiving Party at a location and

21  in a secure manner that ensures that access is limited to the persons authorized under this Order.

22  7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by

23  the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information

24  or item designated CONFIDENTIAL only to:

25  (a) the Receiving Party's Outside Counsel of record in this action, as well as

26  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

27  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto

28  as Exhibit A;

1    (b) the officers, directors, and employees (including House Counsel) of the

2    Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

3    the "Agreement to Be Bound by Protective Order" (Exhibit A);

4    (c) experts (as defined in this Order) of the Receiving Party to whom disclosure

5    is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

6    Order" (Exhibit A);

7    (d) the Court and its personnel;

8    (e) court reporters, their staffs, and professional vendors to whom disclosure is

9    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

10    Order" (Exhibit A);

11    (f) during their depositions, witnesses in the action to whom disclosure is

12    reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

13    A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

14    must be separately bound by the court reporter and may not be disclosed to anyone except as permitted

15    under this Stipulated Protective Order.

16    (g) the author of the document or the original source of the information.

17    7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

18    Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating

19    Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

20    ATTORNEYS' EYES ONLY" only to:

21    (a) the Receiving Party's Outside Counsel of record in this action, as well as

22    employees of said Counsel to whom it is reasonably necessary to disclose the information for this

23    litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto

24    as Exhibit A;

25    (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably

26    necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

27    (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

28    (c) the Court and its personnel;

---

8    STIPULATED PROTECTIVE ORDER
CASE NO. 07-03679 JSW

1            (d) court reporters, their staffs, and professional vendors to whom disclosure is

2    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

3    Order" (Exhibit A); and

4            (e) the author of the document or the original source of the information.

5          7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY" Information or Items to "Experts"

7            (a) Unless otherwise ordered by the court or agreed in writing by the Designating

8    Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that

9    has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a

10   written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL

11   information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full

12   name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the

13   Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or

14   entity from whom the Expert has received compensation for work in his or her areas of expertise or to

15   whom the expert has provided professional services at any time during the preceding five years, and (6)

16   identifies (by name and number of the case, filing date, and location of court) any litigation in connection

17   with which the Expert has provided any professional services during the preceding five years.

18           (b) A Party that makes a request and provides the information specified in the

19   preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within

20   seven court days of delivering the request, the Party receives a written objection from the Designating

21   Party. Any such objection must set forth in detail the grounds on which it is based.

22           (c) A Party that receives a timely written objection must meet and confer with the

23   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

24   agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a

25   motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

26   seeking permission from the court to do so. Any such motion must describe the circumstances with

27   specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary,

28   assess the risk of harm that the disclosure would entail and suggest any additional means that might be

1    used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in

2    which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the

3    content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party

4    for its refusal to approve the disclosure.

5              In any such proceeding the Party opposing disclosure to the Expert shall bear the

6    burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

7    outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8

9        8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

10   LITIGATION.

11             If a Receiving Party is served with a subpoena or an order issued in other litigation that

12   would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or

13   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the

14   Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days

15   after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court

16   order.

17             The Receiving Party also must immediately inform in writing the Party who caused the

18   subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or

19   order is the subject of this Protective Order.   In addition, the Receiving Party must deliver a copy of this

20   Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to

21   issue.

22             The purpose of imposing these duties is to alert the interested parties to the existence of

23   this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

24   confidentiality interests in the court from which the subpoena or order issued.  The Designating Party

25   shall bear the burdens and the expenses of seeking protection in that court of its confidential material –

26   and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in

27   this action to disobey a lawful directive from another court.

28

STIPULATED PROTECTIVE ORDER
CASE NO.  07-03679 JSW

1        9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

3 to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving

4 Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b)

5 use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to

6 whom unauthorized disclosures were made all the terms of this Order, and (d) request such person or

7 persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

8 A.

9

10        10. FILING PROTECTED MATERIAL. Without written permission from the Designating Party

11 or a court order secured after appropriate notice to all interested persons, a Party may not file in the public

12 record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material

13 must comply with Civil Local Rule 79-5.

14

15        11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing

16 Party, within sixty days after the final termination of this action, each Receiving Party must return all

17 Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes

18 all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the

19 Protected Material.  With permission in writing from the Designating Party, the Receiving Party may

20 destroy some or all of the Protected Material instead of returning it.   Whether the Protected Material is

21 returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and,

22 if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by

23 category, where appropriate) all the Protected Material that was returned or destroyed and that affirms

24 that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of

25 reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

26 entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

27 correspondence or attorney work product, even if such materials contain Protected Material.  Any such

28

1  archival copies that contain or constitute Protected Material remain subject to this Protective Order as set

2  forth in Section 4 (DURATION), above.

3

4  　　　　12. MISCELLANEOUS

5  　　　　　12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to

6  seek its modification by the Court in the future.

7  　　　　　12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order

8  no Party waives any right it otherwise would have to object to disclosing or producing any information or

9  item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any

10  right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. DATED:

12  Dated: November 27, 2007　　　　　　　　CHAVEZ & GERTLER LLP
　　　　　　　　　　　　　　　　　　　　　　　　BRAYTON PURCELL LLP

13

14  　　　　　　　　　　　　　　　By:

15  　　　　　　　　　　　　　　　　　　Peter B. Fredman
　　　　　　　　　　　　　　　　　　　　Charlotte E. Scott

16. 　　　　　　　　　　　　　　　　Attorneys for Plaintiff

17  Dated: November ___, 2007　　　　　　　MUNGER TOLLES & OLSON LLP

18

19  　　　　　　　　　　　　　　　By:

20  　　　　　　　　　　　　　　　　　　Hojoon Hwang
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants

21  PURSUANT TO STIPULATION, IT IS SO ORDERED.

22

23  DATED: _____    _____

24  　　　　　　　　　　　　　　　　　United States District/Magistrate Judge

25

26

27

28

　　　　　　　　　　　　　　　　　　12

1  archival copies that contain or constitute Protected Material remain subject to this Protective Order as set

2  forth in Section 4 (DURATION), above.

3

4  12. MISCELLANEOUS

5  12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to

6  seek its modification by the Court in the future.

7  12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order

8  no Party waives any right it otherwise would have to object to disclosing or producing any information or

9  item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any

10  right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. DATED:

12  Dated: November __, 2007                    CHAVEZ & GERTLER LLP
                                               BRAYTON PURCELL LLP
13

14                                             By: _____

15                                                 Peter B. Fredman
                                                   Charlotte E. Scott
16                                                 Attorneys for Plaintiff

17  Dated: November 19, 2007                    MUNGER TOLLES & OLSON LLP

18
                                               By: _____
19                                                 Hojoon Hwang
                                                   Attorneys for Defendants
20

21  PURSUANT TO STIPULATION, IT IS SO ORDERED.

22
   DATED: _____          _____
23                                               United States District/Magistrate Judge

24

25

26

27

28

                                    12                    STIPULATED PROTECTIVE ORDER
                                                          CASE NO. 07-03679 JSW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Northern District of California on _____ [date] in the case

of *Gellis v. Verizon, et al.,* C 07-03679 JSW.  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

                              [printed name]

Signature: _____

                              [signature]

STIPULATED PROTECTIVE ORDER
CASE NO.  07-03679 JSW