**CHAVEZ & GERTLER LLP**
MARK A. CHAVEZ (Bar No. 90858)
NANCE F. BECKER (Bar No. 99292)
42 Miller Avenue
Mill Valley, California 94941
Telephone:  (415) 381-5599
Facsimile:   (415) 381-5572
Email: mark@chavezgertler.com
        nance@chavezgertler.com

**BRAYTON PURCELL LLP**
ALAN R. BRAYTON (Bar No. 73685)
PETER B. FREDMAN (Bar No. 189097)
CHARLOTTE E. SCOTT (Bar No. 225581)
222 Rush Landing Road
Novato, CA 94948-6169
Telephone:  (415) 898-1555
Facsimile:  (415) 898-1247
Email: pfredman@braytonlaw.com

Attorneys for Plaintiff CATHERINE GELLIS
and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO  DIVISION

| | |
|---|---|
| CATHERINE GELLIS, individually and on behalf of all others similarly situated, | Case No. C 07-03679 JSW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | **Date:  February 1, 2008**<br>**Time: 1:30 p.m.** |
| VERIZON COMMUNICATIONS, INC., a Delaware corporation; VERIZON WIRELESS, an unincorporated association; CELLCO PARTNERSHIP, an unincorporated association; and DOES 1-100, inclusive, | |
| Defendants. | |

1

1    1.    Jurisdiction and Service.  Subject matter jurisdiction is proper under 28 U.S.C.

2  § 1332(d) (the Class Action Fairness Act (CAFA)).  No issues regarding jurisdiction or service

3  are known or foreseen.

4    2.    Facts.  This is a class action.  Plaintiff Catherine Gellis is a California consumer

5  customer of Cellco Partnership d/b/a Verizon Wireless ("VZW") who paid a $5 minimum late

6  fee pursuant to a provision of her agreement that purports to allow VZW to charge the greater of

7  $5 or 1.5% a month as a fee for late payments.   She seeks to represent a class of California

8  consumers who paid such late fees.

9    Plaintiff contends this late fee provision is a liquidated damages provision that is void

10  because it violates California Civil Code section 1671(d) because it is neither "impracticable"

11  nor "extremely difficult" to ascertain the actual damage VZW suffers as the result of such

12  late payments, and because the amount of the late fee does not reflect any "reasonable

13  endeavor" by VZW to estimate the actual damages caused by such late payments.  VZW

14  moved to dismiss all claims on the ground  that the late payment charge is a "rate" within

15  the meaning of the Federal Communications Act and that plaintiff's state law claims are

16  preempted by the Act, and the Court denied the motion on November 5, 2007.  VZW now

17  contends that the late payment provision satisfies the requirements of California law.

18    The principle factual disputes are expected to involve the correct scope and measure

19  of VZW's actual damages incurred as a result of such late payments, whether such damages

20  are impractical to determine at the outset of the contract, and the extent to which the subject

21  late fee provision is or is not based on a reasonable effort by VZW to estimate the same.

22    3.    Legal Issues.   Without prejudice to either party's position, the parties

23  provide the following summary of the key legal points:

24    Under section 1671, liquidated damage clauses in consumer contracts are presumed

25  void, placing the burden on the proponent of the clause to rebut that presumption. *Garrett v.*

26  *Coast & Southern Fed. Sav. & Loan Assn.*, 9 Cal.3d 731, 738 (1973).  It is for the Court (not

27  the jury) to decide the question of the "validity" of the liquidated damages clause based on

28

2

JOINT CASE MANAGEMENT STATEMENT
CASE NO.  07-03679 JSW

whether it was impracticable or extremely difficult for defendant to fix the actual damages and whether defendant made a reasonable endeavor to estimate a fair average compensation for its loss. *Beasley v. Wells Fargo Bank*, 235 Cal.App.3d 1383, 1393 (1991). Plaintiff contends that the Court decides the "validity" question primarily as a matter of fact (not law). *Ibid.*

Plaintiff contends the late fee provision is an unlawful penalty which is void pursuant to Civil Code section 1671(d). She also contends that the inclusion of such an unlawful provision in thousands of consumer contracts is an unlawful business practice which violates the Unfair Competition Law (UCL), Business & Professions Code section 17200, and the Consumer Legal Remedies Act, Civil Code section 1750 et seq. Pursuant to those authorities, plaintiff seeks declaratory and injunctive relief, restitution of VZW's ill-gotten gains, and damages according to proof. If successful on her claims, plaintiff will be entitled to recover her attorneys' fees, costs and expenses of suit pursuant to Civil Code section 1780(d) and/or Code of Civil Procedure section 1021.5.

VZW contends that "impracticability" under section 1671(d) is determined as of the time of contracting, not at the time of the breach or trial. *Better Foods Mkts. v. American Dist. Teleg. Co.*, 40 Cal.2d 179 (1953). VZW contends that the "reasonable endeavor" prong focuses on whether the liquidated damage amount bears a reasonable relationship to a fair estimate of the actual damages from the breach of the contract. *Utility Consumer's Action Network v. AT&T Broadband of Southern Cal.*, 135 Cal.App.4th 1023, 1038 (2006) ("*UCAN*"). VZW contends that the actual process used to determine the liquidated damage amount is not material as long as the amount set is reasonable. Plaintiff contends that VZW's motivation behind inserting the liquidated damages provision into the form contract is an important, if not overwhelming, factor in "reasonable endeavor" analysis. *Hitz v. First Interstate Bank*, 38 Cal.App.4th 274, 289 (1995); see *UCAN*, 1038 FN9.

VZW contends that, if the liquidated damages clause is found to be void under

section 1671, then the late paying customer "remains liable for the actual damages resulting from" the late payment as an offset to any damages recoverable from defendant as a result of this finding. *Garrett,* 741; *Beasley*, 1390. Defendant may assert this amount as an affirmative defense and/or crossclaim. The parties disagree as to whether the amount of the actual damage setoff, if any, is an issue triable by a jury. Plaintiff contends that the existence and amount of any setoff is a jury question. *Beasley*, 1393. VZW contends that Plaintiff's position is based on a misreading of *Beasley*.

4.    Motions. On November 5, 2007, this Court has denied defendants' motion to dismiss on Federal preemption grounds (the Federal Communication Act (47 U.S.C. § 332(c)(3)(A)). No motions are pending at this time. Plaintiff will bring a motion for class certification pursuant to the scheduling order, after which defendants anticipate bringing dispositive motions pursuant to the scheduling order. VZW may also bring motion(s) concerning the individual claims of the named plaintiff after conducting discovery relating to her individual claim. Other than potential discovery motions, no further motions are anticipated at this time

5.    Amendment of Pleadings. No amendments to the pleadings are pending or anticipated at this time

6.    Evidence Preservation. Plaintiff does not have any significant evidence preservation issues, and is maintaining her VZW records. VZW submits that it will comply with its obligation under the law to preserve evidence in its possession or control. Plaintiff requests that the Court direct VZW to make more specific representations with regard to the steps taken "to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically recorded material." See U.S. Northern District of California Standing Order re Contents of Joint Case Management Statement.

7.    Disclosures. The parties exchanged Initial Disclosures on or about

4

3820998.1

December 10, 2007 per agreement following the order on the preemption motion.  Plaintiff disclosed and produced, among other things, her VZW records. Defendant disclosed, among other things, the names of certain persons most knowledgeable and produced a Cost Study which it contends supports its late fee practices.

8.    Discovery.  Following Initial Disclosures, plaintiff submitted discovery requests for documents and information relating primarily to the costs and revenues associated with defendant's late fee practices in California.  Pursuant to an extension, defendant's responses are due January 30, 2008.  Depending on the responses, plaintiff anticipates requiring at least one additional set of follow-up written discovery, potentially followed by 2-4 depositions, prior to bringing a motion for class certification.

9.    Class Actions.  The motion for class certification will be sharply contested on the "predominance" issue at least.  Plaintiff contends that the "validity" issue predominates: the liquidated damages clause is common to all class members, and the presumption of invalidity can be rebutted, if at all, on a classwide basis. VZW contends that differences between individual late-payers, including application of VZW's likely affirmative defenses to putative class members, prevent a finding that common facts predominate and/or create intra-class conflicts that preclude class certification.  The parties agree that some class certification-related issues may also bear on the merits and that there will be some overlap for discovery purposes.

The parties propose to defer setting a hearing on class certification for an additional 90-120 days in order to allow discovery to progress further and, thus, facilitate discussion on streamlining the issues and assessment of an appropriate briefing.

10.    Related Cases.  The parties are not aware of related cases.

11.    Relief.  Plaintiff seeks restitution of late fees imposed on California consumer customers less setoffs (as applicable) and an injunction against VZW collecting such late fees in the future.  The amounts involved are not presently known to plaintiff, but are

3820998.1

readily calculable after discovery.  By removing to Federal court pursuant to CAFA, defendant indicated that the amount at stake exceeds $5 million.  VZW anticipates that the precise amount of the $5 minimum late fees collected may be difficult to ascertain, at least on an individual customer basis.

12.    Settlement and ADR.  The parties have stipulated to private mediation, at JAMS, to occur prior to the hearing on class certification, with a mediator to be agreed on by March 1, 2008.

13.    Consent to Magistrate Judge.  VZW has objected to the initial assignment to Magistrate Judge Brazil.

14.    Other References.  None.

15.    Narrowing of Issues.  Defendant does not contest the "numerosity" issue with respect to class action. The parties are committed to working on narrowing the disputed issues where possible.

16.    Expedited Schedule.  The parties do not believe the case is the type that can be handled on an expedited basis.

17.    Scheduling.   The parties request that entry of the scheduling order be delayed an additional 90 to 120 days.  See ¶9 above.

18.    Trial.  Plaintiff has requested a jury trial, and plaintiff anticipates about 5 days of evidentiary hearing for trial.  VZW has not requested a jury trial, and contends that plaintiff has no right to a jury trial in this case.

19.    Disclosure of Non-party Interested Entities or Persons. On July 17, 2007, VZW filed its disclosure and certificate of interested entities and persons.

20.    Other Matters.

a.    Protective Order.   A stipulated protective order was entered on or about November 29, 2007.

///

3820998.1

1     Dated: January 25, 2008             CHAVEZ & GERTLER LLP

2                                          BRAYTON PURCELL LLP

3

4                                   By: _Nance Becker_

5                                         Nance F. Becker

6                                         Attorneys for Plaintiff

7     Dated: January 25, 2008             MUNGER TOLLES & OLSON LLP

8                                              /s/

9                                   By: _____

10                                        Hojoon Hwang

                                          Attorneys for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

3820998.1