Steve W. Berman
Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com
jefff@hbsslaw.com
shanas@hbsslaw.com

Mark Chavez (90858)
Nance F. Becker (99292)
CHAVEZ & GERTLER LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572
mark@chavezgertler.com
nance@chavezgertler.com

Peter B. Fredman (189097)
LAW OFFICES OF PETER B. FREDMAN
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: (510) 868-2626
Facsimile: (510) 868-2627
peterfredman@sbcglobal.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH RUWE and ELIZABETH ORLANDO, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>　　　　　　　　　　　　Defendant. | No. 07-cv-03679 JSW<br><br>CLASS ACTION<br><br>**THIRD AMENDED COMPLAINT**<br><br><br><br>ACTION FILED: 07/17/2007<br><br>**JURY TRIAL DEMANDED** |

010073-11  273745 V1

Plaintiffs bring this suit on behalf of themselves and all others similarly situated, and make the following allegations on information and belief, except as to allegations specifically pertaining to Plaintiffs, which are based on their personal knowledge:

## I. INTRODUCTION

1. Plaintiffs bring this class action to stop and redress Cellco Partnership d/b/a Verizon Wireless's ("Verizon Wireless") practice of imposing unlawful contractual penalties – in the form of a minimum late fee of $5 per month and additional "reconnect" fees of $15 per line (together, the "Late Fees") – on its California personal wireless telephone customers. Verizon Wireless's imposition and collection of such penalties are designed to increase its profits – not recoup its damages due to late payment – at the direct expense of California consumers, who have no power to negotiate such terms. The Late Fees are unlawful under California Civil Code section 1671 because it is neither "impracticable" nor "extremely difficult" to ascertain the actual damage Verizon Wireless suffers when its customers pay late, and the fees do not reflect any reasonable effort to estimate such damage. In imposing such Late Fees, Verizon Wireless engages in deceptive acts and practices prohibited by California Civil Code §§ 1750, *et seq.*, and commits unlawful business practices prohibited by California Business and Professions Code §§ 17200, *et seq*.

2. Verizon Wireless's unlawful practices have injured thousands of consumers throughout California and continue to this day. Plaintiffs therefore ask the Court to certify their claims as a class action and to award relief on behalf of all California consumers of Verizon Wireless's services who paid one or more $5 minimum late fees and/or one or more "reconnect" fees within the statutory period. On behalf of themselves and the classes, Plaintiffs seek: (a) a judicial declaration that Verizon Wireless's $5 minimum late fee provision is an unlawful penalty clause which is null and void under California law; (b) a judicial declaration that Verizon Wireless's $15 "reconnect" fee is, in purpose and effect, another unlawful late payment penalty which is null and void under California law; (c) restitution and/or disgorgement of all such penalties which have been collected by Verizon Wireless or, in the alternative, the portion thereof that exceeds Verizon Wireless's actual damages caused by late payment of its invoices; (d) actual

THIRD AMENDED COMPLAINT – 07-cv-03679 JSW - 1 -

010073-11 273745 V1

damages in the amount of such penalties; and (e) an order enjoining Verizon Wireless from including such minimum penalties in future contracts and/or enforcing the Late Fee provisions in the contracts it currently has.

## II.     THE PARTIES

3. Plaintiff Joseph Ruwe is an individual who resides in Alameda County, California. Verizon Wireless has charged, and Plaintiff Ruwe has paid, a $5 minimum late fee and a $15 "reconnect" fee per line in the past four years on at least one occasion.

4. Plaintiff Elizabeth Orlando is an individual who resides in Monterey County, California.  Verizon Wireless has charged, and Plaintiff Orlando has paid, a $5 minimum late fee and a $15 "reconnect" fee per line in the past four years on at least one occasion.

5. Defendant Cellco Partnership is a Delaware entity which does business in California as Verizon Wireless.

## III.     JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1332(d) *et seq.* (the Class Action Fairness Act).

7. Venue is proper in this Court because Defendant's liability to Plaintiffs arose within the jurisdictional region of this Court, where Verizon Wireless operates numerous outlets and does substantial business.

## IV.     FACTUAL ALLEGATIONS

8. In approximately August 2006, Plaintiff Ruwe entered into a two-year agreement with Verizon Wireless for mobile phone and data services for his personal and household use.  As a result of this two-year agreement, Plaintiff Ruwe has been subject to similar, if not identical, terms and conditions as set forth in the *Customer Agreement Terms and Conditions* document (the "Customer Agreement"), attached hereto as Exhibit A and incorporated herein by reference.

9. In approximately 2003 and again in 2005, Plaintiff Orlando entered into two-year agreements with Verizon Wireless for mobile phone and data services for her personal and household use.  As a result of these two-year agreements, Plaintiff Orlando has been subject to similar, if not identical, terms and conditions as set forth in Exhibit A attached hereto.

THIRD AMENDED COMPLAINT – 07-cv-03679 JSW         - 2 -

010073-11 273745 V1

1        10.     The Customer Agreement, which is a dense nine-page consumer adhesion contract, includes the following language and provisions:

> **Your Calling Plans**
> **YOUR CALLING PLANS BECOME PART OF THIS AGREEMENT.**
> The prices you pay may depend in part on how long . . . you're agreeing in advance to do business with us. Calling plans describe these prices and your minimum term.

Ex. A at 5 (Customer Agreement).

> **Charges And Fees We Set**
> **You agree to pay all access, usage, and other charges and fees we bill you or that the** user of your wireless phone accepted . . . . You may have to pay fees to begin service or reconnect suspended service.

*Id*. at 7.

> **Roaming and Roaming Charges**
> You're "roaming" whenever you make or receive a call using a transmission site outside your home airtime rate and coverage area . . . . There may be extra charges . . . and higher rates for roaming calls, depending on your calling plan.

*Id*.

> **Your Bill**
> Your bill is our notice to you of your fees, charges and other important information. . . . We bill usage charges after calls are made or received. We bill access fees and some other charges in advance.

*Id*.

> **Payments, Deposits Credit Cards, And Checks**
> Payment is due in full as stated on your bill. IF WE DON'T RECEIVE PAYMENT IN FULL WHEN DUE, WE MAY, TO THE EXTENT PERMITTED BY THE LAW OF THE STATE OF THE BILLING ADDRESS WE HAVE ON FILE FOR YOU AT THE TIME, CHARGE YOU A LATE FEE OF UP TO 1.5 PERCENT A MONTH (18 PERCENT ANNUALLY), OR A FLAT $5 A MONTH, WHICHEVER IS GREATER, ON UNPAID BALANCES. . . . WE MAY ALSO CHARGE FOR ANY COLLECTION AGENCY FEES BILLED TO US FOR TRYING TO COLLECT FROM YOU.

*Id.* at 8.

> **Our Rights To Limit Or End Service Or This Agreement**
> WE CAN, WITHOUT NOTICE, LIMIT, SUSPEND, **OR END** YOUR SERVICE OR ANY AGREEMENT WITH YOU FOR . . . GOOD CAUSE, including, but not limited to: (a) paying late more than once in any 12 months . . . .

THIRD AMENDED COMPLAINT – 07-cv-03679 JSW         - 3 -

010073-11 273745 V1

*Id.*

11. At the times relevant hereto, Verizon Wireless set the "reconnect" penalty at $15 per line. Verizon Wireless charges this penalty without disclosing the amount of this penalty anywhere in its rate plans or terms and conditions of service. *Id.*; *see also* Ex. B (Excerpts of Verizon Wireless's Fall/Winter 2008 Rate Plans), attached hereto.

12. Verizon Wireless encourages consumers to enter into these standard 1 to 2 year "post paid" contracts by offering them incentives and substantially cheaper rates as compared to "pre-paid" contracts, which do not involve any long-term commitment. It locks them into these agreements by contracting for substantial early termination fees in the event they wish to break the contract.

13. On at least one occasion, Verizon Wireless charged Plaintiff Ruwe a $5 minimum late fee, which Plaintiff Ruwe paid.

14. On at least one occasion, Verizon Wireless impaired Plaintiff Ruwe's service due to late payment, and then charged him a $15 "reconnect" fee per line, which he paid.

15. On at least one occasion, Verizon Wireless charged Plaintiff Orlando a $5 minimum late fee, which Plaintiff Orlando paid.

16. On at least one occasion, Verizon Wireless impaired Plaintiff Orlando's service due to late payment, and then charged her a $15 "reconnect" fee per line, which she paid.

17. Plaintiffs allege the $5 minimum late fee drastically exceeds and does not reflect the actual cost Verizon Wireless incurs due to customers paying their monthly bills late.

18. Plaintiffs allege, on information and belief, that the provision of the Customer Agreement providing for the $5 minimum late fee is a liquidated damages clause, and not a provision for alternative performance of the Customer Agreement; that Verizon Wireless does not intend to extend credit to its consumer customers or otherwise allow them to routinely carry forward balances by paying $5 or 1.5% per month.

19. Plaintiffs further allege, on information and belief, that in order to collect and profit from untimely payment, Verizon Wireless routinely threatens to and then impairs the service of those customers who fail to pay their invoices on time. A form letter sent by Verizon Wireless to

1  customers who fail to pay their invoices on time states: "To avoid the inconvenience of an

2  interruption in service and the associated $15 fee, please pay the amount due promptly."

3        20.    Verizon Wireless utilizes an automated collections system to notify customers their

4  payment is late.  Depending on the number of days a customer is late, Verizon Wireless impairs

5  customers' service as a method of collecting payment from late paying customers.

6        21.    Within days of being late with payment, Verizon Wireless impairs a customer's

7  ability to place outbound calls.  Verizon Wireless calls this technique "Hotlining."  Instead of being

8  able to reach the caller's intended recipient, Verizon Wireless re-directs a customer's calls to

9  Verizon Wireless financial customer service employees responsible for bill collections.  If

10  customers still have not paid after being "Hotlined," Verizon Wireless then blocks customers from

11  receiving in-bound calls.  Verizon Wireless calls this further impairment "Suspension."

12        22.    Under either of these circumstances, "Hotlining" or "Suspension," Verizon Wireless

13  charges a late fee of $5 and a $15 "reconnect" fee per line if the customer pays in full their unpaid

14  balance.  The act of "reconnecting" is an automated process whereby Verizon Wireless stops

15  impairing service.  This automated process is triggered when Verizon Wireless receives late

16  payment.

17        23.    If a customer does not pay their unpaid balance after Verizon Wireless impairs

18  service, Verizon Wireless thereafter writes-off the account and Verizon Wireless then disconnects

19  the line(s).  Disconnecting service is different from being "Hotlining" or "Suspended."  After

20  Verizon Wireless disconnects the line(s), it charges the account holder an "early termination fee" if

21  applicable and writes-off the customer's account.  At that point, the customer no longer has his or

22  her phone number and must reestablish service if he or she wants to use Verizon Wireless's

23  services.

24        24.    Although Verizon Wireless calls these fees "reconnect" fees, the economic reality is

25  these fees are not designed or intended to cover the technical costs of impairing customer's service.

26  Instead, Verizon Wireless uses these "reconnect" fees as a method to threaten and penalize

27  untimely paying customers.  Verizon Wireless sets these fees – $15 per line – to drastically exceed

28

THIRD AMENDED COMPLAINT – 07-cv-03679 JSW      - 5 -

010073-11 273745 V1

the actual cost, if any, Verizon Wireless incurs when its automated systems impair and then resume normal service on a customer's account.

25. In fact, the revenue Verizon receives from either the late penalties or "reconnect" penalties each far exceed the damages Verizon incurs due to class members who pay their bills late.

26. Thus, Verizon Wireless uses its $15 per-line penalty as a billing practice to cause late-paying customers to pay earlier and a method to extract profits that far exceed the damages caused by these customers paying late or Verizon Wireless's costs of impairing these customers' service.

## V. CLASS ALLEGATIONS

27. Plaintiffs bring this action on behalf of themselves and all other persons in the following similarly-situated class: ***all California retail consumer customers of Verizon Wireless who paid a $5 minimum late fee*** (the "Class").

28. Plaintiffs also bring this action on behalf of themselves and all other persons in the following similarly-situated subclass: ***all California retail consumer customers of Verizon Wireless who paid a $15 reconnect fee*** (the "Subclass").

29. The Class and Subclass are composed of hundreds of thousands of people, whose joinder in this action would be impracticable. The disposition of their claims through this class action will benefit Class members, Subclass members, the parties, and the courts.

30. The identities and addresses of the individual members of the Class and Subclass are available through Verizon Wireless's billing records.

31. There is a well-defined community of interest in questions of law and fact affecting the Class and Subclass. These questions of law and fact predominate over individual questions affecting individual Class and Subclass members, including, but not limited to, the following:

(a) whether the $5 minimum late fee clause is unlawful, unfair, void or unenforceable;

(b) whether the amount Verizon Wireless charges as a "reconnect" fee is unlawful, unfair, void or unenforceable;

THIRD AMENDED COMPLAINT – 07-cv-03679 JSW          - 6 -

010073-11 273745 V1

(c)     whether, in determining the reasonableness of the $5 minimum late fees, Verizon Wireless must consider the revenue it earns from "reconnect" fees as an offset to its claimed damages from late payment;

(d)     whether Verizon Wireless should be required to disgorge and/or make restitution to Class members of such Late Fees that it has collected;

(e)     whether Verizon Wireless should be enjoined from enforcing the Late Fee clauses in its existing contracts and/or including similar clauses in future contracts; and

(f)     whether Verizon Wireless's conduct towards the members of the Class and Subclass violated the Consumers Legal Remedies Act (California Civil Code §§ 1750, *et seq.*), the Unfair Competition Law (California Business and Professions Code §§ 17200, *et seq.*), and/or other California laws or principles of equity, all as alleged below.

32.     Absent a class action, Verizon Wireless will retain tens of millions of dollars already received by virtue of its unlawful practices and will continue wrongfully to collect and profit from such charges in the future.  Because of the size of the individual Class and Subclass members' claims, no Class or Subclass member could afford to seek legal redress on an individual basis.  Absent a class action, the Class and Subclass members will continue to suffer losses, the illegal conduct described herein will continue without remedy, and Verizon Wireless will profit by the retention of the proceeds of its misdeeds.  Verizon Wireless continues to this day to engage in the unlawful and unfair conduct that is the subject of this Complaint.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Breach of Contract (Violation of California Civil Code §1671 – Minimum $5 Late Fees)**

33.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth in this paragraph.

34.     The contracts between Verizon Wireless, on the one hand, and Plaintiffs and the Class, on the other, are consumer contracts, *i.e.*, contracts for the "retail purchase, or rental, by such party of personal property or services, primarily for the party's personal, family, or household purposes."  Cal. Civ. Code § 1671(c)(1).

THIRD AMENDED COMPLAINT – 07-cv-03679 JSW            - 7 -

010073-11 273745 V1

35. Accordingly, the contract provision by which Verizon Wireless collects the minimum $5 late fee from Plaintiffs "is void except that the parties to such a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." Cal. Civ. Code § 1671(d).

36. The $5 minimum late payment charge which Verizon Wireless includes in its consumer contracts is void under California Civil Code § 1671(d) because it is neither impracticable nor extremely difficult to ascertain the actual damage, if any, that Verizon Wireless sustains as the result of late payment of invoices by consumer wireless customers; it is contained in a contract of adhesion; and the primary motivation for and effect of the charge is to earn additional profits for, and not to compensate, Verizon Wireless.

WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

### SECOND CAUSE OF ACTION

**Breach of Contract (Violation of California Civil Code § 1671 – Reconnect Fees)**

37. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth in this paragraph.

38. The contracts between Verizon Wireless, on the one hand, and Plaintiffs and the Subclass, on the other, are consumer contracts, *i.e.*, contracts for the "retail purchase, or rental, by such party of personal property or services, primarily for the party's personal, family, or household purposes." Cal. Civ. Code § 1671(c)(1).

39. Accordingly, the contract provision by which Verizon Wireless reserves to itself the right to impose reconnect fees on customers who pay late is void as a penalty except to the extent that (a) "it would be impracticable or extremely difficult to fix the actual damage," and (b) the amount of the reconnect fee represents a reasonable endeavor by Verizon Wireless to estimate the amount of damage, if any, it sustains ***over and above the amount of the late fees set forth in the contract*** when a customer pays late on more than one occasion and Defendant elects temporarily to suspend the customer's cellular telephone service. Cal. Civ. Code § 1671(d).

THIRD AMENDED COMPLAINT – 07-cv-03679 JSW - 8 -

010073-11 273745 V1

40. The reconnect charges which Verizon Wireless charges pursuant to its consumer contracts is void under California Civil Code § 1671(d) because it is neither impracticable nor extremely difficult to ascertain the actual damage, if any, that Verizon Wireless sustains as the result of late payment of invoices by consumer wireless customers; it is contained in a contract of adhesion; and the primary motivation for and effect of the charge is to earn additional profits for, and not to compensate, Verizon Wireless.

WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

### THIRD CAUSE OF ACTION

**Deceptive Practices  (Consumers Legal Remedies Act, California Civil Code §§ 1750 *Et Seq*.)**

41. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth in this paragraph.

42. The above-described conduct of Verizon Wireless violates the Consumers Legal Remedies Act, California Civil Code §§ 1750 *et seq*. ("CLRA") by:

    (a) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (California Civil Code § 1770(a)(14)); and

    (b) Inserting one or more unconscionable provisions in the contract (California Civil Code § 1770(a)(19)).

43. Plaintiffs, on behalf of the Class, provided Verizon Wireless with notice that the contract provisions calling for the imposition of $5 minimum late fees is void and unlawful and requested a cure.  Verizon Wireless has failed to remedy that violation.  Instead, Verizon Wireless stated that it "does not have any plans at this time in changing this policy [*sic*]."

44. Plaintiffs Ruwe and Orlando, on behalf of the Subclass, provided Verizon Wireless with notice that the imposition of $15 reconnect fees, on top of the late fees already charged, is an unlawful practice, and requested a cure.  Verizon Wireless has failed to remedy that violation.

45. In engaging in the acts and practices alleged above, Verizon Wireless has violated and, unless enjoined, will continue to violate the CLRA as alleged in the notices.

THIRD AMENDED COMPLAINT – 07-cv-03679 JSW          - 9 -

010073-11 273745 V1

46.    As a proximate result, Plaintiffs, the Class and Subclass have been damaged in an amount to be proven at trial.

47.    Plaintiffs are entitled to an award of attorneys' fees, costs and expenses pursuant to California Civil Code § 1780(d).

WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

## FOURTH CAUSE OF ACTION

**Unfair Business Practices (California Business and Professions Code §§ 17200 *et seq.*)**

48.    Plaintiffs repeat and reallege the foregoing allegations as if fully set forth in this paragraph.

49.    California Business & Professions Code §§ 17200, *et seq.* (the Unfair Competition Law – "UCL") defines unfair competition as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.

50.    Verizon Wireless's above-described business practices are unlawful because they violate California Civil Code § 1671 and constitute deceptive consumer practices prohibited by the CLRA, as alleged above. The practices are deceptive because, among other reasons, Verizon Wireless indicates in the Customer Agreement that it will abide by California law with respect to the imposition of late fees on persons with a California billing address. The same business practices are also unfair because, among other reasons, they result arbitrarily in disproportionately high late charges to customers with *lower* bills without corresponding expense. For example, as a result of these business practices, Verizon Wireless charges the $5 late fee to a customer who pays a $40 bill five days past the due date as they would charge to a customer who pays a $300 bill 30 days past the due date, and so forth.

51.    Plaintiffs, the Class and Subclass have suffered injury in fact and have lost money and property as a result of paying these excessive and illegal Late Fees.

52.    Verizon Wireless's wrongful conduct impacts the public interest because it is a pattern of illegal conduct that has been repeated on thousands of occasions and continues to the present.

THIRD AMENDED COMPLAINT – 07-cv-03679 JSW    - 10 -

010073-11 273745 V1

53.     Plaintiffs, for themselves and on behalf of others similarly situated, seek to enjoin Verizon Wireless's conduct and obtain restitution of all funds obtained by Verizon Wireless by reason of and through the use of these practices within the four years preceding the filing of this Complaint.

54.     Plaintiffs are entitled to an award of attorneys' fees, costs and expenses pursuant to California Code of Civil Procedure § 1021.5.

WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

55.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth in this paragraph.

56.     Verizon Wireless unjustly received and retained benefits and payments at the expense of Plaintiffs, the Class and Subclass, who are therefore entitled to restitution.

WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

## SIXTH CAUSE OF ACTION

### (Against Defendant for Declaratory Relief)

57.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth in this paragraph.

58.     A real and present controversy exists between Verizon Wireless, on the one hand, and Plaintiffs, the Class and Subclass, on the other, as to (a) whether the $5 minimum late payment charge included in Verizon Wireless's contracts is legal and enforceable, and (b) whether the $15 "reconnect" fees that Verizon Wireless charges are authorized by law.  Verizon Wireless contends that they are.  Plaintiffs, the Class and Subclass contend that they are not.

WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

## VII.    PRAYER FOR RELIEF

Plaintiffs pray for relief and a judgment against Defendant, as follows:

THIRD AMENDED COMPLAINT – 07-cv-03679 JSW            - 11 -

010073-11 273745 V1

  A. An order certifying the Class and Subclass, appointing the named Plaintiffs as representatives of the Class and Subclass, and appointing the law firms representing Plaintiffs as counsel for the Class and Subclass;

  B. Restitution of all monies acquired by Verizon Wireless during the last four years as a result of its unlawful practices described above;

  C. Imposition of a constructive trust upon all assets Verizon Wireless has acquired from the Class and Subclass as a result of these unlawful late fees (California Civil Code § 2224);

  D. Economic damages according to proof;

  E. A declaration that the $5 minimum late fee is unlawful, unfair, void and unenforceable under California Civil Code § 1671 and that imposition of the fee is a deceptive practice under California Civil Code § 1770(a);

  F. A declaration that the $15 "reconnect" fees Verizon Wireless charges are unlawful, unfair, void and unenforceable under California Civil Code § 1671 and that the imposition of the fees is a deceptive practice under California Civil Code § 1770(a);

  G. The issuance of injunctive orders enjoining Verizon Wireless from including these provisions in future contracts or enforcing them in current or future contracts;

  H. Payment of costs of suit herein incurred;

  I. Pre- and post-judgment interest on amounts awarded;

  J. Attorneys' fees, costs and expenses pursuant to California Code of Civil Procedure § 1021.5, Civil Code § 1780, and any other applicable authority; and

  K. For such other and further relief as the Court may deem proper.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims so triable.

DATED:  December 1, 2008.	HAGENS BERMAN SOBOL SHAPIRO LLP
	CHAVEZ & GERTLER LLP
	LAW OFFICES OF PETER FREDMAN


	     /s/ Jeff D. Friedman
	JEFF D. FRIEDMAN

	Steve W. Berman
	Shana E. Scarlett (217895)
	HAGENS BERMAN SOBOL SHAPIRO LLP
	715 Hearst Avenue, Suite 202
	Berkeley, CA  94710
	Telephone: (510) 725-3000
	Facsimile: (510) 725-3001
	steve@hbsslaw.com
	jefff@hbsslaw.com
	shanas@hbsslaw.com

	Peter B. Fredman (189097)
	LAW OFFICES OF PETER B. FREDMAN
	125 University Avenue, Suite 102
	Berkeley, CA 94710
	Telephone:  (510) 868-2626
	Facsimile:  (510) 868-2627
	peterfredman@sbcglobal.net

	Mark Chavez (90858)
	Nance F. Becker (99292)
	CHAVEZ & GERTLER LLP
	42 Miller Avenue
	Mill Valley, CA 94941
	Telephone:  (415) 381-5599
	Facsimile:  (415) 381-5572
	mark@chavezgerler.com
	nance@chavezgerler.com

	Attorneys for Plaintiffs

THIRD AMENDED COMPLAINT – 07-cv-03679 JSW	- 13 -

010073-11 273745 V1

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

        /s/ Jeff D. Friedman
        JEFF D. FRIEDMAN

THIRD AMENDED COMPLAINT – 07-cv-03679 JSW         - 14 -

010073-11 273745 V1

# Mailing Information for a Case 3:07-cv-03679-JSW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Nance Felice Becker**
  nance@chavezgertler.com,cate@chavezgertler.com

- **Mark Andrew Chavez**
  mark@chavezgertler.com,cate@chavezgertler.com

- **Peter B. Fredman**
  peterfredman@sbcglobal.net

- **Jeff D Friedman**
  jefff@hbsslaw.com,steve@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Hojoon Hwang**
  hojoon.hwang@mto.com,marsha.poulin@mto.com

- **Daniel J. Powell**
  Daniel.Powell@doj.ca.gov,Susan.Chiang@doj.ca.gov

- **Shana E. Scarlett**
  shanas@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Henry Weissmann**
  Henry.Weissmann@mto.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Steve W. Berman
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue
Suite 202
Berkeley, CA 94710
```