1  Steve W. Berman
   Jeff D. Friedman (173886)
2  Shana E. Scarlett (217895)
   HAGENS BERMAN SOBOL SHAPIRO LLP
3  715 Hearst Avenue, Suite 202
   Berkeley, California  94710
4  Telephone: (510) 725-3000
   Facsimile: (510) 725-3001
5  steve@hbsslaw.com
   jefff@hbsslaw.com
6  shanas@hbsslaw.com

7  Mark Chavez (90858)
   Nance F. Becker (99292)
8  CHAVEZ & GERTLER LLP
   42 Miller Avenue
9  Mill Valley, CA 94941
   Telephone:  (415) 381-5599
10 Facsimile:  (415) 381-5572
   mark@chavezgertler.com
11 nance@chavezgertler.com

12 Peter B. Fredman (189097)
   LAW OFFICES OF PETER B. FREDMAN
13 125 University Avenue, Suite 102
   Berkeley, CA 94710
14 Telephone:  (510) 868-2626
   Facsimile:  (510) 868-2627
15 peterfredman@sbcglobal.net

16 Attorneys for Plaintiffs and all others similarly situated

17

18                    UNITED STATES DISTRICT COURT

19                   NORTHERN DISTRICT OF CALIFORNIA

20                      SAN FRANCISCO DIVISION

21 JOSEPH RUWE and ELIZABETH ORLANDO, )   No. 07-cv-03679 JSW
   Individually and on behalf of all others similarly )
22 situated,                                           )
                                                       )   **CLASS ACTION**
23                                Plaintiffs,           )
                                                       )   **STIPULATION RE: FILING THIRD**
24        v.                                            )   **AMENDED COMPLAINT AND**
                                                       )   **[PROPOSED] ORDER REVISING**
25 CELLCO PARTNERSHIP d/b/a VERIZON                     )   **PRETRIAL SCHEDULING ORDER**
   WIRELESS,                                            )
26                                                      )
                                 Defendant.             )
27                                                      )
   _____)

28

**RECITALS**

1.      Catherine Gellis commenced this consumer class action, in which she alleged that a provision in Verizon Wireless's terms and conditions imposing minimum $5 late fees is an unlawful penalty, and sought injunctive and monetary relief.

2.      On October 9, 2008, plaintiff amended her complaint to add Joseph Ruwe and Elizabeth Orlando as additional class representatives.  Ms. Gellis was subsequently dismissed as a named plaintiff from the action.

3.      As a result of facts obtained during investigation and discovery in this action, Mr. Ruwe and Ms. Orlando seek to file a Third Amended Complaint.  Plaintiffs seek to add allegations that the $15 "reconnect" fees that Verizon Wireless charges to subscribers whose service it has impaired as a result of subscribers paying late is an additional illegal penalty in violation of California law.  Plaintiffs have asked Verizon Wireless to stipulate to the amendment.

4.      Verizon Wireless disputes the legal basis for plaintiffs' additional claims and plans to file a motion to dismiss these additional claims.  Verizon Wireless has asked for an extended response period due to the press of business and the upcoming holiday season.

5.      Discovery relating to plaintiffs' claims and Verizon Wireless's defenses will proceed during the period Verizon Wireless challenges whether plaintiffs' additional allegations state claims for which relief may be granted.  Verizon Wireless, however, shall not be required to produce information that would be discoverable only with respect to plaintiffs' claims regarding Verizon Wireless's practice of charging "reconnect" fees alleged in the amended pleading, until the court rules on its dismissal motion.  Plaintiffs reserve the right to contest Verizon Wireless's position through appropriate means, if they believe that the information would otherwise be discoverable without respect to the additional claims.  The parties agree to confer in good faith to try and stage the timing of such discovery to avoid undue burden and expense on either party.

6.      The parties also agree that with respect to depositions of witnesses who may have information and knowledge pertaining to plaintiffs' claims regarding Verizon Wireless's practice of charging "reconnect" fees alleged in the amended pleading shall be taken, if otherwise appropriate, after the court rules on Verizon Wireless's motion to dismiss, in order to avoid

1   potential duplication or inefficiency.  Prior to the Court's ruling on the motion to dismiss, Verizon

2   Wireless will determine in good faith whether any such deponent would in fact cause duplicative

3   discovery depending on the outcome of  Verizon Wireless's motion to dismiss.  In the event

4   Verizon Wireless chooses not to produce such a witness (or witnesses) prior to the resolution of its

5   motion to dismiss, it agrees to produce any such witnesses no later than thirty (30) days after the

6   Court rules on Verizon Wireless's motion to dismiss.

7           7.      The parties agree that the briefing of plaintiffs' motion for class certification should

8   await the resolution of defendant's anticipated motion to dismiss.

9           WHEREFORE the parties stipulate and agree as follows:

10                                          **STIPULATION**

11          1.      Plaintiffs may file the Third Amended Complaint, filed concurrently herewith.  As

12   named plaintiff Gellis has been dismissed from the case, the action shall henceforward be known as

13   *Ruwe, et al. v. Verizon Wireless*.

14          2.      Verizon Wireless shall have up to and including January 23, 2009, to file a motion

15   to dismiss or answer the new allegations set forth in plaintiffs' Third Amended Complaint.

16   Plaintiffs shall have twenty-one days to file their opposition to defendant's motion to dismiss.

17   Defendant shall have fourteen days to reply to plaintiffs' opposition.

18          3.      Both parties shall have the right to propound, and shall have the obligation to

19   respond to, discovery while the motion to dismiss is pending.  Verizon Wireless, however, shall not

20   be required to produce information that would be discoverable only with respect to plaintiffs'

21   claims regarding Verizon Wireless's practice of charging "reconnect" fees alleged in the amended

22   pleading, until the court rules on its dismissal motion.  Plaintiffs reserve the right to contest

23   Verizon Wireless's position through appropriate means, if they believe that the information would

24   otherwise be discoverable without respect to the additional claims.  The parties shall meet and

25   confer to attempt to resolve any such issues.

26          4.      Depositions of witnesses who may have information and knowledge with respect to

27   plaintiffs' claims regarding Verizon Wireless's practice of charging "reconnect" fees alleged in the

28   amended pleading shall be taken, if otherwise appropriate, after the court rules on Verizon

Wireless's motion to dismiss.  Prior to the Court's ruling on the motion to dismiss, Verizon Wireless will determine in good faith whether any such deponent would in fact cause duplicative discovery depending on the outcome of  Verizon Wireless's motion to dismiss.  In the event Verizon Wireless chooses not to produce such a witness (or witnesses) prior to the resolution of its motion to dismiss, it agrees to produce any such witnesses no later than thirty (30) days after the Court rules on Verizon Wireless's motion to dismiss.

     5.    As a result of these developments, the scheduling order should be modified so as to give plaintiffs sixty (60) days from the date of the court's decision on the motion to dismiss to file their motion for class certification, and other dates shall be modified consistent with that extension. The existing scheduling order shall be modified as follows:

|  | Current Schedule | Proposed Schedule |
|---|---|---|
| Defendant to produce deponents it delayed due to potential overlapping discovery | N/A | Decision on MTD + 30 days |
| Plaintiff to file motion for class certification | January 30, 2009 | Decision on MTD + 60 days |
| Defendant to file opposition to class cert. | March 31, 2009 | Plaintiffs' motion for class cert + 60 days |
| Plaintiff to file reply in support of class cert. | April 30, 2009 | Defendants' opposition to class cert + 30 days |
| Hearing on motion for class certification | May 15, 2009 | TBD |
| Fact discovery cut-off | June 12, 2009 | October 16, 2009 |
| Expert discovery cut-off | August 28, 2009 | November 27, 2009 |
| Dispositive motions to be filed | September 15, 2009 | December 18, 2009 |
| Hearing on dispositive motions | October 30, 2009 | January 29, 2010 |
| Pretrial conference | January 11, 2010 | April 14, 2010 |
| Trial | February 1, 2010 | May 3, 2010 |

1    DATED:  December 1, 2008.          HAGENS BERMAN SOBOL SHAPIRO LLP

2
                                              /s/ Jeff D. Friedman
3                                            JEFF D. FRIEDMAN

4                                      Steve W. Berman
                                       Shana E. Scarlett (217895)
5                                      HAGENS BERMAN SOBOL SHAPIRO LLP
                                       715 Hearst Avenue, Suite 202
6                                      Berkeley, California  94710
                                       Telephone: (510) 725-3000
7                                      Facsimile: (510) 725-3001
                                       steve@hbsslaw.com
8                                      jefff@hbsslaw.com
                                       shanas@hbsslaw.com
9
                                       Mark Chavez (90858)
10                                     Nance F. Becker (99292)
                                       CHAVEZ & GERTLER LLP
11                                     42 Miller Avenue
                                       Mill Valley, CA 94941
12                                     Telephone:  (415) 388-5599
                                       Facsimile:  (415) 381-5572
13                                     mark@chavezgerler.com
                                       nance@chavezgerler.com
14
                                       Peter Fredman (189097)
15                                     LAW OFFICES OF PETER B. FREDMAN
                                       1917 Carleton Street
16                                     Berkeley, CA 94707
                                       Telephone:  (510) 486-8739
17                                     Facsimile:  (510) 486-8739
                                       peterfredman@sbcglobal.net
18

19                                     *Attorneys for Plaintiffs*

20   DATED:  December 1, 2008.          MUNGER, TOLLES & OLSON LLP

21
                                              /s/ Hojoon Hwang
22                                           HOJOON HWANG

23                                     560 Mission St., 27th Floor
                                       San Francisco, CA  94105-2907
24                                     Telephone:  (415) 512-4000
                                       Facsimile:   (415) 512-4077
25                                     Hojoon.Hwang@mto.com

26                                     *Attorneys for Verizon*

27

28

STIP. AND [PROP.] ORDER RE THIRD AMENDED COMPL.       - 4 -
– 07-cv-03679 JSW
010073-11 275266 V1

1

**[~~PROPOSED~~] ORDER**

2      Good cause appearing, the Court hereby approves the parties' stipulation and orders that:

3      Plaintiffs may file their Third Amended Complaint in this action, which shall hereafter be

4   known as *Ruwe et al. v. Verizon Wireless*.

5      Defendant may file its motion to dismiss or otherwise respond to the Third Amended

6   Complaint on or before January 23, 2009.  Plaintiffs shall have until February 13, 2009 to file their

7   opposition to any motion which Defendant may file, and Defendant shall file its reply by February

8   27, 2009.  The Court reserves March 20, 2009 for hearing on the motion.

9      The time for Plaintiffs to file their motion for class certification is extended.  Plaintiffs shall

10  have up to sixty (60) days after the Court issues its decision on the motion to dismiss to file their

11  opening brief in support of class certification.  Defendant shall file its opposition to the motion

12  within sixty (60) days of the motion being filed, and Plaintiffs shall file their reply within thirty

13  (30) days thereafter.

14     All discovery and dispositive motion deadlines, as well as the date for the pretrial

15  conference and the trial.  The new dates are as follows:

16

17  Fact discovery cut-off:                    October 16, 2009

18  Expert discovery cut-off:                  November 27, 2009

19  Dispositive motions to be filed:           December 18, 2009

20  Hearing on dispositive motions:            January 29, 2010

21  Pretrial conference:                       ~~April 14, 2010~~   April 19, 2010 at 2:00 p.m.

22  Trial:                                     ~~May 3, 2010~~   May 10, 2010 at 8:00 a.m.

23

24  Dated:  December __2__, 2008            _____

25                                          Hon. Jeffrey S. White

                                            U.S. District Court Judge

26

27

28