1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH RUWE and ELIZABETH ORLANDO, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>　　　　　　　　　Defendant. | No. 07-cv-03679 JSW<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date: August 10, 2012<br>Time: 9:00 a.m.<br>Dept: Courtroom 11, 19th Floor<br>Judge: Hon. Jeffrey S. White |

010073-11  513869 V4

1

2    WHEREAS Plaintiffs Joseph Ruwe and Elizabeth Orlando ("Plaintiffs"), on behalf of

3    themselves and of the proposed stipulated settlement class ("Settlement Class"), and Defendant

4    Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") have agreed, subject to Court

5    approval following notice to the Settlement Class and a hearing, to settle the above-captioned

6    matter ("Litigation") upon the terms as set forth in the Stipulation of Settlement ("Stipulation");

7    WHEREAS, this Court has reviewed and considered the Stipulation entered into among the

8    parties, together with all exhibits thereto, the record in this case, and the briefs and arguments of

9    counsel;

10   WHEREAS, Plaintiffs have applied for an order granting preliminary approval of the

11   Stipulation;

12   WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the action

13   meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

14   WHEREAS, all defined terms contained herein shall have the same meanings as set forth in

15   the Stipulation;

16   NOW, THEREFORE, IT IS HEREBY ORDERED:

17   1.   The Court does hereby preliminarily approve the Stipulation and the settlement set

18   forth therein, subject to further consideration at the Fairness Hearing described below.

19   2.   A hearing (the "Fairness Hearing") shall be held before this Court on Friday,

20   November 16, 2012 at 9:00 a.m., at the United States District Court, located at 450 Golden Gate

21   Ave., San Francisco, California, in Courtroom 11, to determine whether to approve certification of

22   the class for settlement purposes; whether the proposed settlement of the Litigation on the terms

23   and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement

24   Classes and should be approved by the Court; whether a final judgment should be entered herein;

25   whether the proposed plan of distribution should be approved; and to determine the amount of fees

26   and expenses that should be awarded to Class Counsel. The Court may adjourn the Fairness

27   Hearing without further notice to the members of the Settlement Classes.

28

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 07-cv-03679    - 1 -
JSW
010073-11 513869 V4

- 2 -

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class of all California current and former Verizon Wireless retail wireless customers who paid a $5 minimum late fee or paid a $15 reconnect fee during the Class Period (for the $5 late fee) or the Sub-Class Period (for the $15 reconnect fee). The Class Period is defined to mean June 12, 2003, through April 26, 2012. The Sub-Class Period is defined to mean December 1, 2004, through April 26, 2012. Excluded from the Class are any and all persons who have already settled or otherwise compromised claims against Defendant that are asserted in this Litigation. Also excluded from the Settlement Class are those persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency of Class Action.

4.     The Court designates Plaintiffs Joseph Ruwe and Elizabeth Orlando as the class representatives for the Settlement Class.

5.     The Court designates the following as co-lead counsel for the Settlement Class: Hagens Berman Sobol Shapiro LLP and Chavez & Gertler LLP.

6.     The Court preliminarily finds that, for purposes of effectuating this settlement only, the Settlement Class meets the Rule 23 requirements for a settlement class.

7.     The Court approves for publication, as to form and content, the notice of the class action, the proposed settlement agreement and final fairness hearing (the "Long-Form Notice"), the Postcard Notice and the proposed summary notice for publication, annexed as Exhibits A, B and C hereto. The Court further finds that the electronic mailing and distribution of the Long-Form Notice, the regular mailing of the Postcard Notice to those individuals without known electronic mail addresses, the publishing of a content-neutral settlement website, summary publication in the California zone publication of USA Today, an online campaign consisting of sponsored links on major search engines, and relevant Court orders substantially in the manner and form set forth in paragraph 8 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT – 07-cv-03679
JSW
010073-11  513869 V4

1  8. The Court appoints the firm of Gilardi & Co. LLC ("Settlement Administrator") to
2  supervise and administer the notice procedure as well as the processing of claims as more fully set
3  forth below:

4  a. Not later than August 14, 2012, the Settlement Administrator shall cause a
5  copy of the Long-Form Notice, substantially in the form annexed as Exhibit A, to be electronically
6  mailed to all Settlement Class members who can be identified with reasonable effort;

7  b. Not later than August 14, 2012, the Settlement Administrator shall cause the
8  Long-Form Notice, substantially in the form annexed as Exhibit A, the full text of the Stipulation,
9  the Preliminary Approval Order, and the claim form, in both an electronic fillable form and in a
10 format that may be downloaded and/or printed, to be published on a public website, located at
11 www.verizonwirelesssettlement.com;

12 c. Not later than August 14, 2012, the Settlement Administrator shall cause the
13 Postcard Notice, substantially in the form annexed as Exhibit B, to be delivered by regular U.S.
14 mail to those Settlement Class members who can be identified with reasonable effort and for whom
15 a bounceback notice was received or for whom electronic mail addresses are not known;

16 d. Not later than August 19, 2012, the Settlement Administrator shall cause
17 summary notice to be published in the designated newspapers, as provided in the Stipulation,
18 paragraph III.9.c., substantially in the form annexed as Exhibit C;

19 e. All members of the Settlement Class shall be bound by all determinations
20 and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the
21 Settlement Class.

22 9. Class Counsel shall file their motion for attorney fees, costs and incentive awards
23 for the class representatives, and all supporting documentation and papers, not later than September
24 18, 2012.

25 10. Any Member of the Class who desires to receive a monetary distribution from the
26 Settlement Fund must submit a completed claim form, either electronically through the website
27 described in paragraph 8(b) or by first class mail to:

28

Verizon Wireless Settlement
c/o Gilardi & Co. LLC
P.O. Box 808054
Petaluma CA 94975-8054

All claims must be submitted, whether electronically or by first class mail, not later than October 30, 2012. Any member of the Settlement Class who does not submit his or her claim in the manner provided shall be deemed to have waived such claim and any right to receive a monetary distribution from the Settlement Fund.

11. Any person who desires to request exclusion from the Settlement Class shall do so by October 2, 2012. All persons who submit valid and timely requests for exclusion in the manner set forth in the Long-Form Notice shall have no rights under the Settlement Agreement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation of the Judgment entered in the Litigation.

12. Any member of the Settlement Class may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

13. Any member of the Settlement Class may appear and show cause, if he or she has any reason, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate; why a judgment should or should not be entered thereon; why the plan of distribution should or should not be approved; or why attorney's fees and expenses should or should not be awarded to Class Counsel; provided, however, that no member of the Settlement Class or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon providing the same, or the order approving the plan of distribution, or the attorney's fees and expenses to be awarded to Class Counsel, unless that person has filed with the Court and sent by first class mail to Class Counsel at the addresses below written objections and copies of any papers and briefs such that they are received by October 2, 2012:

| Court | Class Counsel |
|---|---|
| *Ruwe v. Verizon Wireless*<br>Case No. 07-cv-03679 JSW<br>United States District Court,<br>Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Jeff D. Friedman<br>Hagens Berman Sobol Shapiro LLP<br>715 Hearst Ave., Suite 202<br>Berkeley, CA 94710 |

Any member of the Settlement Class who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement, to the plan of distribution, or to the award of attorney's fees and expenses to Class Counsel, unless otherwise ordered by the Court.

14. All papers in support of the settlement and responses by Class Counsel regarding objections and exclusions shall be filed and served by October 12, 2012.

15. At or after the Fairness Hearing, the Court shall determine whether the settlement and any application for attorney's fees and expenses shall be approved.

16. All reasonable expenses incurred in identifying and notifying members of the Settlement Classes, as well as administering the Settlement Fund, shall be paid for as set forth in the Stipulation.

17. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs or Defendant, respectively, of the truth or falsity of any of the allegations in the Litigation, or of any liability, fault or wrongdoing of any kind.

18. All members of the Settlement Class are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed settlement, until the Court enters final judgment with respect to the fairness, reasonableness and adequacy of the Settlement.

19. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further

1 application arising out of or connected with the proposed settlement. The Court may approve the

2 settlement, with such modifications as may be agreed to by the settling parties, if appropriate,

3 without further notice to the Settlement Class.

4     IT IS SO ORDERED.

5 DATED: July 27, 2012

6     /s/ Jeffrey S. White
    THE HONORABLE JEFFREY S. WHITE
    UNITED STATES DISTRICT COURT JUDGE

8 Submitted by:

9 Dated: May 29, 2012

10 HAGENS BERMAN SOBOL SHAPIRO LLP

12 By    /s/ Jeff D. Friedman
      JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Mark Chavez (90858)
Nance F. Becker (99292)
CHAVEZ & GERTLER LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572
mark@chavezgertler.com
nance@chavezgertler.com