Joseph Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer PC
603 North Highway 101, Ste. A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objectors
James J. Poindexter, Cery Perle and Jeffrey Palmer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH RUWE and ELIZABETH ORLANDO, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Defendant. | Case No. 07-cv-03679 JSW<br><br>**OBJECTIONS OF JAMES J. POINDEXTER, CERY PERLE AND JEFFREY PALMER TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR**<br><br>Date: November 16, 2012<br>Time: 9:00 a.m.<br>Dept: Courtroom 11, 19th Floor<br>Judge: Hon. Jeffrey S. White |

COME NOW, JAMES J. POINDEXTER, CERY PERLE AND JEFFREY PALMER ("Objectors") Class Members to this action, by and through their undersigned counsel, and hereby file these Objections to the Proposed Class Action Settlement, give notice of their counsel's intent to appear at the final approval hearing, and request awards of incentive fees for their role, if any, in improving the settlement for the benefit of the class members.

Objectors represent to the court that they are Class Members, qualified to make a claim as set forth in the NOTICE OF CLASS ACTION SETTLMENT.

Objectors make the following objections:

1

## I. The *Cy Pres* Nomination is Inadequately Explained and Improperly Matched to the Class

Recently, the Ninth Circuit reversed an order granting approval to a class action settlement because the *cy pres* award was "divorced from the concerns" of the laws under which the lawsuit was brought. *Dennis v. Kellogg*, ___ F.3d ___, 2012 WL 3800230, at *6 (9th Cir. Sep. 4, 2012).[1] The court held that, "[t]o avoid the 'many nascent dangers to the fairness of the distribution process,' we require that there be 'a driving nexus between the plaintiff class and the *cy pres* beneficiaries.'" *Id* at *5 (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011)). Put differently, there must be more than a similarity of interests between the *cy pres* award and the lawsuit. A "driving nexus" requires that there actually be a connection between the *cy pres* recipient and the claims brought in the lawsuit. *See Nachshin*, 663 F.3d at 1036 ("*Cy pres* distributions must account for the nature of the plaintffs' lawsuit, the objectives of the underlying statute, and the interests of the silent class members, including their geographic diversity.")

Here, the *cy pres* beneficiary chosen by class counsel is the California Council on Economic Education ("CCEE"). Their goal is "To prepare California's students to participate in the global economy as responsible workers, consumers, savers and citizens." They attain that goal by providing educational programs to students K-12.

This lawsuit, on the other hand, is founded in California consumer law.[2] The CCEE's objectives simply do not have the requisite "nexus" to the goals of California's consumer laws.

First, CCEE educates only K-12 students. Teaching economic principals to children doesn't help effectuate the purpose of the underlying statutes – to protect consumers from unfair business practices.

---

[1] Counsel for these objectors also represented the objector/appellant in *Dennis v. Kellogg*. Something to be considered when the court receives the usual onslaught of personal attacks aimed at objectors' counsel.

[2] Plaintiffs' Third Amended Complaint contains two counts for breach of a consumer contract, two counts for violation of California's consumer statutes, an unjust enrichment claim and a request for declaratory relief.

A basic foundational education in economics qualifies as only a general alignment of interests between this lawsuit and the *cy pres* award but CCEE provides no benefit to a majority of those class members actually affected by the Defendant's alleged wrongdoing.

This case is an example of how *cy pres* has been a much abused vehicle to close cases and pay lawyers. The choice of *cy pres* recipients cannot be an afterthought; the nominations and explanations of their nexus and benefits to the class must receive at least as much thought, attention, discussion and evaluation as the attorney fee application.

As was the case in *Dennis*, the proposed *cy pres* recipient here is "divorced from the concerns embodied in the consumer protection laws" 2012 WL 3800230, at *6. The nominated *cy pres* organization is not inadequately connected to the goals of the statutes allegedly violated and its purpose does not benefit or protect the interests of the silent class members. Therefore, this settlement must be rejected. See *Six Mexican Workers v. Arizona Citrus Growers*, 904 F. 2d 1301, 1312 (9th Cir. 1990).

Dennis is being strictly construed. Just last week in San Diego, the Hon. Dana M. Sabraw rejected a proposed settlement in *In Re: Groupon, Inc., Marketing And Sales Practices Litigation*, (U.S. Dist. Ct., CA So. Dist., Sept. 28, 2012, Case No. 11-md-02238-DMS-RBB, Dkt. 97), concluded his order with the following statement:

> "Unfortunately, this Court does:
>
> not have the authority to strike down only the cy pres portions of the settlement. "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness," and we cannot "delete, modify or substitute certain provisions. The settlement must stand or fall in its entirety."
>
> Dennis, 2012 WL 3800230, at *9 (quoting Hanlon, 150 F.3d at 1026). Accordingly, the Court denies the joint motion for final approval of this class action settlement."

Likewise this settlement must be rejected.

## II. The Requested Fees Are Unreasonable

In the Ninth Circuit when a common fund is created for the class, the court has the discretion whether to use a lodestar method or the percentage of the fund approach. *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935,942 (9th Cir. 2011). Whichever option the court chooses, however, discretion must be used to arrive at a reasonable result. *Id.* Courts have held that when choosing the percentage of the fund approach, a benchmark of 25% is a reasonable starting place. *Id.* Not all courts agree with this approach. See *In re Infospace Inc.*, 330 F. Supp. 2d 1203, 1210 (W.D. Wash. 2004) ("There is nothing inherently reasonable about a 25 percent recovery, and the courts applying this method have failed to explain the basis for the idea that a benchmark fee of 25 percent is logical or reasonable."); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 129 (9th Cir.1994) ("WPPSSS") ("[T]here is no necessary correlation between any particular percentage and a reasonable fee.").

It is a time honored notion that "a fee award should be assessed based on scrutiny of the unique circumstances of each case", and should be viewed with "a jealous regard to the rights of those who are interested in the fund."" *Goldberger v. Integrated Resources, Inc.* 209 F.3d 43, 53 (2d Cir. 2000). For this reason, the lodestar approach should be adopted in this case.

The court arrives at the lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable rate. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Class counsel has already done the work for this court. They have presented the figure $962,605. Next, the court may make adjustments to the lodestar figure using a multiplier if necessary to arrive at a reasonable fee. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). Class Counsel requests a multiplier of 2.6.

The Ninth Circuit is guided by several factors in deciding whether to award the requested multiplier.[3] Of the things this court must consider, "the most critical factor is the degree of success obtained." *Hensley v. Eckhart*, 461 U.S. 424, 436 (1983).

### A. The Novelty and Difficulty of the Questions Involved

This lawsuit does not involve any novel legal questions. The complaint was about whether certain fees charged for late payments and the reactivation of accounts constituted unlawful liquidated damages pursuant to California Civil Code §1671, and whether those same practices violated the CLRA and UCL. There was also the issue of whether Section 332 of the FCA preempts state consumer law, but that issue was not decided, nor was much required by Class Counsel to argue against it. Therefore, this factor weighs against the multiplier.

### B. Preclusion of Employment and Time and Labor

This lawsuit was uninvolved. Class Counsel took some discovery, responded to a few motions to dismiss and then waited on the FCC. While they waited, they participated in settlement discussions and mediation. For the law firms involved, there is no evidence this time commitment that was stretched out over several years resulted in a hardship which would justify such a large multiplier.

### C. The Amounts Involved and Results Achieved

The most important factor, the results achieved, also weighs against the requested multiplier. Class Counsel has done nothing more than given their assurance that the results they have achieved are outstanding. More is needed. For example, Judge Posner has suggested one approach:

---

[3] (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

> [T]he judge could have insisted that the parties present evidence that would enable four possible outcomes to be estimated: call them high, medium, low, and zero. High might be in the billions of dollars, medium in the hundreds of millions, low in the tens of millions. Some approximate range of percentages, reflecting the probability of obtaining each of these outcomes in a trial (more likely a series of trials), might be estimated, and so a ballpark valuation derived.

*Reynolds v. Beneficial Nat. Bank*, 288 F. 3d 277, 285 (7th Cir. 2002). From these numbers, Judge Posner suggests the court can "translate his intuitions about the strength of the plaintiffs' case, the range of possible damages, and the likely duration of the litigation if it was not settled now into numbers that would permit a responsible evaluation of the reasonableness of the settlement." *Id.*

No comparable or adequate analysis has been proposed to this court. Without a shred of evidence demonstrating the value of this case compared to the results of this settlement, this court has no way to evaluate the results achieved by Class Counsel. Without such evidence, it would be an abuse of discretion to award a premium to Class Counsels request for attorneys' fees.

Class Counsel bears the burden of supporting their request for fees and costs. *Fischer v. SJB-P.D., Inc.*, 214 F. 3d 1115, 1121 (9th Cir. 2000). They have failed to carry that burden because they did not proffer any evidence to support the most important factor this court must consider when assessing the reasonableness of a fee request – results achieved. *Hensley*, 461 U.S. at 436. Without more, Class Counsel's fee request cannot be granted.

### III. Joinder In Other Objections

These Objectors join in all other well-founded and meritorious objections filed in this matter.

### IV. Conclusion

For the foregoing reasons and all others presented at oral argument, these Objectors respectfully request that the Court sustain their objections and grant the following relief:

A.  Upon proper hearing, sustain these Objections;

OBJECTIONS OF JAMES J. POINDEXTER, CERY PERLE AND JEFFREY PALMER TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR

B. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement;

C. Award an incentive fee to these Objectors for their service in improving the fairness of the settlement, as well as consider awarding an attorneys' fee to their attorney.

LAW OFFICES OF DARRELL PALMER PC

Dated: October 2, 2012

By: _____
Joseph Darrell Palmer
Attorney for Objectors James J. Poindexter, Cery Perle and Jeffrey Palmer

OBJECTIONS OF JAMES J. POINDEXTER, CERY PERLE AND JEFFREY PALMER TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2012, the foregoing was served via U.S. Mail, postage prepaid, on the following:

U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Jeff D. Friedman
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

_____
Joseph Darrell Palmer
Attorney for Objectors

OBJECTIONS OF JAMES J. POINDEXTER, CERY PERLE AND JEFFREY PALMER TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR