UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH RUWE and ELIZABETH ORLANDO, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Defendant. | No. 07-cv-03679 JSW<br><br>[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

010073-11  557056 V1

1   This matter came before the Court for hearing on November 16, 2012, pursuant to the Order Granting Plaintiffs' ~~Unopposed~~ Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order")[1], on the application of the settling parties for approval of the settlement set forth in the Stipulation of Settlement Pursuant to Fed. R. Civ. P. 23 ("Settlement Agreement")[2]. Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein, including the objection(s) to the proposed settlement or fee application, and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), the Court certifies the proposed Settlement Class for the purposes of the settlement.

4. The Court appoints Plaintiffs Elizabeth Orlando and Joseph Ruwe as the named plaintiffs for the Settlement Class.

5. The Court designates Hagens Berman Sobol Shapiro LLP and Chavez & Gertler LLP as Class Counsel for the Settlement Class.

6. This Court finds and concludes that the applicable requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(2) have been satisfied with respect to the Settlement Class and settlement, and specifically, that: (a) the number of members of the Settlement Class are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) named plaintiffs' claims are typical of the claims of the

---

[1] ECF No. 110, July 27, 2012.
[2] ECF No. 104, May 29, 2012.

[PROPOSED] FINAL JUDGMENT AND ORDER FOR DISMISSAL WITH PREJUDICE – 07-cv-03679 JSW

- 1 -

010073-11 557056 V1

Settlement Class they seek to represent; (d) named plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class and will continue to do so; and (e) Defendant has acted or refused to act on grounds that apply generally to the class.

7. The Action is permanently certified as a class action on behalf of the following persons (the "Settlement Class"):

> All California current and former Verizon Wireless retail wireless customers who paid a $5 minimum late fee or paid a $15 reconnect fee" during the Class Period (for the $5 late fee) or the Sub-Class Period (for the $15 reconnect fee).

The Class Period is defined to mean June 12, 2003, through April 26, 2012. The Sub-Class Period is defined to mean December 1, 2004, through April 26, 2012.

8. This certification is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of the Defendant that this Action, or any other proposed or certified class action, is appropriate for any other purpose, including, without limitation, for trial class treatment.

9. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Classes, the Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the named plaintiffs and the other members of the class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

10. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the named plaintiffs, the Class and each of the class members. This Court further finds the settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the named plaintiffs, the class members and the Defendant. Accordingly, the settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The settling parties are hereby directed to perform the terms of the Settlement Agreement.

11. Upon the Effective Date, the named plaintiffs and each of the class members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

12. Upon the Effective Date, all class members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties.

13. Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the named plaintiffs, each and all of the class members, and Class Counsel from all claims (including unknown claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

14. The distribution of the notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all members of the class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

15. The Court hereby approves the Participation Awards in the amount of $2,500 to Plaintiff Elizabeth Orlando and $ 2,500 to Plaintiff Joseph Ruwe in accordance with the Settlement Agreement and finds that such awards are fair and reasonable.

16. The Court hereby approves payment to the notice and claims administrator, Gilardi & Co. LLC, in the amount of $1,640,792.

17. The Court hereby awards to Class Counsel an award of (a) attorneys' fees in the amount of $2,500,000; and (b) reimbursement of expenses in the amount of $141,427.84. In

making this award of attorneys' fees and reimbursement of expenses, in the amounts described in this paragraph, the Court has considered and finds as follows:

    a) The settlement has provided a significant amount of remedial relief to the Settlement Class, in addition to a charitable contribution to a *cy pres* recipient.

    b) Notice of the settlement was sent to over five million class members. Only five objections were filed against the terms of the proposed settlement.

    c) Class Counsel have conducted the Action and achieved the settlement with skill, perseverance and diligent advocacy on behalf of the Plaintiffs and the Settlement Class as a whole.

    d) The Action involves complex factual and legal issues and, in the absence of settlement, would involve further lengthy proceedings and uncertain resolution of such issues.

    e) Had settlement not been achieved, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendant, and that any recovery would have been significantly delayed.

    f) The amount of attorneys' fees and reimbursable expenses awarded to Class Counsel is fair and reasonable, given the number of attorney hours expended to achieve the settlement on behalf of Plaintiffs and the Settlement Class as a whole, and the estimated value of the settlement benefits obtained for the Settlement Class, and the amount awarded is consistent with awards for similar work in similar cases.

18. The Court further finds that the designated *cy pres* recipient, The California Council on Economic Education, is appropriate given the circumstances of the case. Plaintiffs have filed under various California consumer statutes, including California Civil Code section 1671, Consumers Legal Remedies Act, California Civil Code §§ 1750 *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and a common law cause of action for unjust enrichment, challenging defendants' imposition of fees as disproportionately high charges to customers. Regardless of how either side would characterize the legality of these fees, a driving concern behind the litigation has been the high cost paid by consumers due to penalties in consumer contracts. The selected *cy pres* recipient's mission is to advance the economic literacy of

the people of California. The Court finds that the *cy pres* recipient has sufficient nexus to the claims in this case, and the objectives of the underlying statutes. Moreover, the *cy pres* recipient is focused exclusively on the people of California – the same geographic distribution as the Settlement Class in this case.

19. The Court has considered the objections of five class members and finds them to be without merit. and accepts their late-filing.

20. Neither the Settlement Agreement, nor any action taken pursuant to the settlement Agreement or to implement its terms shall in any event be: (1) construed as, offered or admitted in evidence as, received as and/or deemed to be, evidence for any purpose, other than such proceedings which may be necessary to consummate or enforce the terms of the Settlement, except that the Released Parties may file the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction; or (2) disclosed or referred to for any purpose or offered or received in evidence, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding against Defendant or any of the Released Parties.

21. Neither the Settlement Agreement, nor the settlement contained therein, nor any action taken pursuant to the Settlement Agreement or to implement its terms, is or may be construed as, or may be used as, an admission by or against the named plaintiffs that any of their claims in the action are or were without merit.

22. The Court finds that during the course of the Action, the settling parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

23. In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in

PROPOSED] FINAL JUDGMENT AND ORDER FOR DISMISSAL WITH PREJUDICE – 07-cv-03679 JSW - 5 -

010073-11 557056 V1

1  connection herewith shall be null and void to the extent provided by and in accordance with the

2  Settlement Agreement.

3    24. There is no just reason for delay in the entry of this Order and Final Judgment and

4  immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(a) of the

5  Federal Rules of Civil Procedure.

6    IT IS SO ORDERED.

8  DATED: November 16, 2012

                   THE HONORABLE JEFFREY S. WHITE
                   UNITED STATES DISTRICT COURT JUDGE

Submitted by:

Dated: October 12, 2012

HAGENS BERMAN SOBOL SHAPIRO LLP


By  /s/ Jeff D. Friedman
   JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

PROPOSED] FINAL JUDGMENT AND ORDER FOR
DISMISSAL WITH PREJUDICE – 07-cv-03679 JSW   - 6 -

010073-11 557056 V1