Steve W. Berman (*Pro Hac Vice*)
Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com
jefff@hbsslaw.com
shanas@hbsslaw.com

Mark Chavez (90858)
Nance F. Becker (99292)
CHAVEZ & GERTLER LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572
mark@chavezgertler.com
nance@chavezgertler.com

*Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH RUWE and ELIZABETH ORLANDO, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Defendant. | No. 07-cv-03679 JSW<br><br>NOTICE OF MOTION AND MOTION FOR POSTING OF AN APPEAL BOND BY PROFESSIONAL OBJECTOR JOSEPH DARRELL PALMER TO SECURE PAYMENT OF COSTS ON APPEAL<br><br>Date: April 12, 2013<br>Time: 9:00a.m.<br>Dept: Courtroom 11, 19th Floor<br>Judge: Hon. Jeffrey S. White |

010073-11 577071 V1

**TABLE OF CONTENTS**

I. STATEMENT OF ISSUES ................................................................................................1

II. INTRODUCTION ..............................................................................................................1

III. ARGUMENT .....................................................................................................................2

    A. Standard for Imposition of Rule 7 Appeal Bond................................................2

    B. All Factors Weigh in Favor of Imposing an Appeal Bond..................................2

        1. The Objectors Are Represented by Experienced Professional Counsel, Mr. Palmer, and Are Likely to Have the Financial Ability to Post a Bond..................................................................2

        2. A Strong Risk Exists that Appellants Would Not Pay Appellees' Costs on Appeal..........................................................3

        3. The Meritless Nature of the Objectors' Appeal Further Supports the Posting of a Bond Here...........................................4

            a. Palmer's Objection to the *Cy Pres* Beneficiary Is Without Merit ...................................................................5

                (1) The Objection to the *Cy Pres* Recipient Is Speculative – Distribution Will Only Be Made if Class Members Do Not Cash Their Checks..............5

                (2) The Proposed *Cy Pres* Meets the Required Nexus to the Class..........................................................6

            b. Palmer's Objection to the Fee Award Is Without Merit.........................7

                (1) The Degree of Difficulty in the Litigation ................................7

                (2) Plaintiffs Invested a Significant Amount of Time in this Litigation........................................................8

                (3) The Results Achieved Are Outstanding ...................................9

    C. Plaintiffs Request a Reasonable Amount of a Rule 7 Appeal Bond to Cover Anticipated Costs............................................................9

    D. The Court Has Inherent Power to Set a Bond ............................................................10

IV. CONCLUSION ................................................................................................................11

PLS.' MOT. FOR POSTING OF AN APPEAL BOND BY
PROFESSIONAL OBJECTOR JOSEPH D. PALMER - 07-cv-
03679 JSW
010073-11  577071 V1

-i-

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*AT&T Mobility LLC v. Concepcion*,
 __ U.S. __, 131 S. Ct. 1740 (2011) .................................................................................... 8, 9

*Azizian v. Federated Dep't Stores, Inc.*,
 499 F.3d 950 (9th Cir. 2007) .................................................................................................. 2, 5

*Bailey v. Great Lakes Canning, Inc.*,
 908 F.2d 38 (6th Cir. 1990) ........................................................................................................ 5

*Barnes v. FleetBoston Fin. Corp.*,
 2006 U.S. Dist. LEXIS 71072 (D. Mass. Aug. 22, 2006) ........................................................ 10

*Browning v. Yahoo! Inc., et al.*,
 2007 U.S. Dist. LEXIS 86266 (N.D. Cal. Nov. 16, 2007) ......................................................... 3

*Chambers v. NASCO, Inc.*,
 501 U.S. 32 (1991) ................................................................................................................... 10

*Dennis v. Kellogg Co.*,
 2012 U.S. App. LEXIS 18576 (9th Cir. Sept. 4, 2012) .......................................................... 6, 7

*Ehm v. Amtrak Bd. of Directors*,
 780 F.2d 516 (5th Cir. 1986) .................................................................................................... 11

*Embry v. ACER Am. Corp.*,
 2012 U.S. Dist. LEXIS 78068 (N.D. Cal. June 5, 2012) ......................................................... 10

*Fleury v. Richemont N. Am., Inc.*,
 2008 U.S. Dist. LEXIS 88166 (N.D. Cal. Oct. 21, 2008) ........................................... 2, 3, 4, 10

*Gay v. Chandra*,
 682 F.3d 590 (7th Cir. 2012) .................................................................................................... 11

*Gemelas v. Dannon Co., Inc.*,
 2010 U.S. Dist. LEXIS 99503 (N.D. Ohio Aug. 31, 2010) ..................................................... 10

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998) .................................................................................................... 4

*In re Broadcom Corp. Secs. Litig.*,
 No. SACV 01-275, 2005 U.S. Dist. LEXIS 45656 (C.D. Cal. Dec. 5, 2005) ......................... 10

*In re Currency Conversion Fee Anti. Litig.*,
 2010 U.S. Dist. LEXIS 27605 (S.D.N.Y. Mar. 5, 2010) ......................................................... 10

*In re Initial Pub. Offering Sec. Litig.*,
　728 F. Supp. 2d 289 (S.D.N.Y. 2010) ...................................................................................4

*In re Mroz*,
　65 F.3d 1567 (11th Cir. 1995) ............................................................................................10

*In re Pharm. Indus. Average Wholesale Price Litig.*,
　520 F. Supp. 2d 274 (D. Mass. 2007) ...................................................................................3

*In re Wal-Mart Wage & Hour Emp't Practices Litig.*,
　2010 U.S. Dist. LEXIS 21466 (D. Nev. Mar. 8, 2010) ...................................................4, 10

*In re: Cardizem CD Anti. Litig.*,
　391 F.3d 812 (6th Cir. 2004) ................................................................................................3

*Libby, McNeill & Libby v. City Nat'l Bank*,
　592 F.2d 504 (9th Cir. 1978) ..............................................................................................10

*Miletak v. Allstate Ins. Co.*,
　2012 U.S. Dist. LEXIS 125426 (N.D. Cal. Aug. 27, 2012) ................................................10

*Nachshin v. AOL, LLC*,
　663 F.3d 1034 (9th Cir. 2011) ..............................................................................................7

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,
　904 F.2d at 1304 ...................................................................................................................6

*Wal-Mart Stores, Inc. v. Dukes*,
　__, U.S. ___, 131 S. Ct. 2541 (2011) ...................................................................................9

*Yingling v. eBay, Inc.*,
　2011 U.S. Dist. LEXIS 79738 (N.D. Cal. July 5, 2011) ..................................................2, 3

*Zebrowski v. Hanna*,
　973 F.2d 1001 (1st Cir. 1992) ............................................................................................11

**FEDERAL STATUTES**

28 U.S.C. § 1912 ........................................................................................................................10

**FEDERAL RULES**

Fed. R. App. P. 7 ................................................................................................................*passim*

Fed. R. App. P. 38 .......................................................................................................................10

Fed. R. App. P. 39 ....................................................................................................................9, 10

Fed. R. Civ. P. 12(b)(6) ................................................................................................................8

- iv -

Fed. R. Civ. P. 23 ................................................................................................................................4, 6

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on April 12, 2013 at 9:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable Jeffrey S. White, United States District Judge of the Northern District of California, located in Courtroom 11, 19th Floor, 455 Golden Gate Avenue, San Francisco, California, plaintiffs and class counsel will, and hereby do, move for the posting of an appeal bond by professional objector Joseph Darrell Palmer to secure the payment of costs on appeal pursuant to Federal Rule of Appellate Procedure 7.

This motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities, the declarations in support of the motion, argument by counsel at the hearing before this Court, any papers filed in reply, such oral and documentary evidence as may be presented at the hearing of this motion, and all papers and records on file in this matter.

## I. STATEMENT OF ISSUES

1. Whether the Court should order appellants James J. Poindexter, Cery Perle and Jeffrey Palmer, and their professional objectors counsel, Joseph Darrell Palmer, to post a Federal Rule of Appellate Procedure 7 appeal bond in the amount of $25,000.

## II. INTRODUCTION

On November 16, 2012, after five years of investigation, hard-fought litigation, and protracted mediation, this Court granted final approval of a settlement that provides real and exceptional benefits to approximately six million Verizon Wireless customers in California. Under the settlement, *pro rata* payments will be made to class members from the net proceeds of a $10 million settlement fund. In the event that funds cannot be distributed to certain class members, or checks remain uncashed after six months of mailing, the settlement agreement provides for the funds to be distributed to mutually acceptable *cy pres* entity, consistent with California law and approval by this Court. This settlement is now under attack by professional objector Mr. Joseph Darrell Palmer, on behalf of appellants Poindexter, Palmer and Perle, who filed an appeal from this Court's order granting final approval of the settlement and plaintiffs' attorney's fee request.[1]

Plaintiffs bring this motion for an order requiring Mr. Palmer to post a Rule 7 appeal bond to ensure appellees actually receive costs awarded in connection with his appeal. In short, Mr. Palmer only advances meritless arguments regarding the selected *cy pres* beneficiary and the uncontested award of attorneys' fees. As discussed below and at length in plaintiffs' Response to Objections,[2] Mr. Palmer's objections are factually and legally baseless. This Court fully considered the objections, including a separate briefing and oral argument attended by Mr. Palmer, and summarily overruled them.[3]

Contrary to Mr. Palmer's objections, the settlement is abundantly fair, reasonable and adequate. A Rule 7 bond is appropriate here because the three factors courts take into account

---

[1] Final Judgment and Order of Dismissal with Prejudice ("Final Order"), Nov. 16, 2012, ECF No. 132; Notice of Appeal, Dec. 17, 2012, ECF No. 134.

[2] "Response to Objections" refers to Plaintiffs' Response to Objections to Class Action Settlement, Oct. 12, 2012, ECF No. 125.

[3] Final Order, ¶ 19.

PLS.' MOT. FOR POSTING OF AN APPEAL BOND BY PROFESSIONAL OBJECTOR JOSEPH D. PALMER- 07-cv-03679 JSW
010073-11 577071 V1

- 1 -

weigh heavily in favor of a bond, namely: (1) the financial ability to post a bond; (2) the risk that appellants would not pay appellee's costs on appeal; and (3) the merits of the appeal. Because plaintiffs' counsel stands to sustain substantial additional costs and expenses in defeating this appeal, plaintiffs request that this Court require Mr. Palmer and his clients to post a bond in the amount of $25,000.

### III.   ARGUMENT

**A.   Standard for Imposition of Rule 7 Appeal Bond**

Rule 7 provides that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."[4] The purpose of the rule is to protect "an appellee against the risk of nonpayment by an unsuccessful appellant."[5] The necessity of a bond, as well as its amount, is left to the discretion of the district court.[6] Three factors are relevant in deciding whether a bond should be required: "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; [and] (3) the merits of the appeal."[7] In the instant case, all three factors weigh in favor of requiring Mr. Palmer and his clients to post an appellate bond.

**B.   All Factors Weigh in Favor of Imposing an Appeal Bond**

    **1.   The Objectors Are Represented by Experienced Professional Counsel, Mr. Palmer, and Are Likely to Have the Financial Ability to Post a Bond**

Where there is "no indication that [a] plaintiff is financially unable to post bond . . . this factor weighs in favor of a bond."[8] Plaintiffs are unaware of any inability by the appellants or Mr. Palmer to post the requested bond. To the contrary, Mr. Palmer is gainfully employed as the

---

[4] Fed. R. App. P. 7; *see also Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 954-55 (9th Cir. 2007); *Yingling v. eBay, Inc.*, No. C 09-01733, 2011 U.S. Dist. LEXIS 79738, at * 3 (N.D. Cal. July 5, 2011).

[5] *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525, 2008 U.S. Dist. LEXIS 88166, at *17-*18 (N.D. Cal. Oct. 21, 2008). All emphasis added and internal citations omitted, unless otherwise noted.

[6] *Id.* at 18 (citing Rule 7, 1979 advisory committee notes).

[7] *Id.* at 19.

[8] *See id.* at 22; *Yingling*, 2011 U.S. Dist. LEXIS 79738, at*5 n.8; *In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 279 (D. Mass. 2007) (imposing a bond where "[t]here is no evidence that a bond would pose an undue hardship on the objector").

Managing Partner of Spare Backup, Inc., a data backup and security software provider where he has worked for the past twenty-four years,[9] and also maintains a private legal practice, the Law Offices of Darrell Palmer PC, under the auspices of which he filed this appeal. Unsupported assertions of inability to pay are not sufficient to avoid payment of a bond.[10] Lacking evidence of undue hardship, the first factor weighs in favor of an appeal bond.

### 2.  A Strong Risk Exists that Appellants Would Not Pay Appellees' Costs on Appeal

Mr. Palmer has gained a reputation for being an opportunistic professional objectors' counsel.[11] Courts have acknowledged that there is a substantial risk that a professional objector will resist paying any costs imposed by an appellate court.[12] Additionally, Mr. Palmer has a history of

---

[9] Declaration of Jeff D. Friedman in Support of Motion for Posting of an Appeal Bond by Professional Objector Joseph Darrell Palmer to Secure Payment of Costs on Appeal ("Friedman Decl."), Ex. 3, filed concurrently herewith.

[10] *Fleury*, 2008 U.S. Dist. LEXIS 88166, at *21-*22; *see also In re: Cardizem CD Anti. Litig.*, 391 F.3d 812, 818 (6th Cir. 2004) (failure to propose an alternative or provide evidence that the bond was improper resulted in dismissal of appeal).

[11] *See, e.g.*, *Berger v. Property I.D.Corp.*, No. CV 05-5373, Order Granting Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses (C.D. Cal. Jan. 28, 2009) (award of fees, to which Palmer had objected, was granted; final approval granted same day, (ECF No. 900), not referencing Palmer's objections); *In re Broadcom Corp. Class Action Litig.*, No. 06-cv-5036, Order Denying Objection and Requiring Appeal Bond (C.D. Cal. Aug. 8, 2010) (overruling Mr. Palmer's objection and requiring $10,000 appeal bond; appeal subsequently voluntarily dismissed); *Browning v. Yahoo! Inc., et al.*, No. C04-01463, 2007 U.S. Dist. LEXIS 86266 (N.D. Cal. Nov. 16, 2007) (overruling objections; appeal subsequently voluntarily dismissed); *In re Cellphone Termination Fee Cases*, Alameda Super. Ct., JCCP No. 4332 (final approval granted and fees awarded with no mention of Mr. Palmer's objections; appeal subsequently voluntarily dismissed); *In re Chiron Shareholder Deal Litig.*, Alameda Super. Ct., No. RG5230567, (final approval granted and fees awarded with no mention of Mr. Palmer's objections; appeal subsequently voluntarily dismissed); *Collins v. Am. Honda Motor Co.*, Alameda Super. Ct., No. RG3099677 (final approval granted and fees awarded with no specific mention of Mr. Palmer's objections; appeal subsequently voluntarily dismissed); *In re: Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 08-MD-01998, Judgment Order (W.D. Ky. Aug. 23, 2010) (final approval granted and fees awarded; finding that objections were without merit; plaintiffs also note that appeal of this order was subsequently voluntarily dismissed); *see also* Friedman Decl., Ex. 1 (Order to Show Cause from Judge Illston in the *LCD* antitrust litigation, directing objectors and their counsel, Mr. Palmer, to explain "why this Court should not find them in civil contempt and sanction them (both monetary and dismissal sanctions) for failure to comply" with the Court's orders).

[12] *See In re Wal-Mart Wage & Hour Emp't Practices Litig.*, No. 2:06-CV-00225, 2010 U.S. Dist. LEXIS 21466 (D. Nev. Mar. 8, 2010), at *17 (where "Objectors' counsel have a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling

failing to meet his financial obligations.[13] He failed to pay the docketing and filing fees associated with this appeal until he was first reminded and then ordered to do so by the Clerk of the Ninth Circuit Court of Appeals.[14] Mr. Palmer's first check submitted to pay the filing fees bounced.[15] The second factor also weighs in favor of an appeal bond.

In addition, it is unclear where the appellants live. If the appellants reside outside of the jurisdiction of the Ninth Circuit, the second factor would weigh even more heavily in favor of a Rule 7 appeal bond.[16]

### 3. The Meritless Nature of the Objectors' Appeal Further Supports the Posting of a Bond Here

Finally, the Court must consider the merits of the appeal.[17] Under Fed. R. Civ. P. 23(e), a district court has broad discretion to determine whether a class action settlement is fair, adequate, and reasonable, based on the law, facts and circumstances of the case.[18] It is well established that "[a]n approved settlement will not be upset unless the district court has abused its discretion."[19] In his objection papers, Palmer raised two objections on behalf of the appellees: (1) the *cy pres* beneficiary was inadequately explained and improperly matched to the class; and (2) the fee

---

class or counsel for the settling class . . . persuades the Court that collecting costs from the four Objectors would be extremely difficult if not unlikely.").

[13] *See* Friedman Decl., Ex. 2 (website from the California Bar documenting Mr. Palmer's interim suspension of his California license to practice law, dated Aug. 30, 2002, following his conviction in Colorado for failure to pay over taxes (http://members.calbar.ca.gov/fal/Member/Detail/125147)).

[14] *See* Request for payment of docket fee, Dec. 18, 2012, ECF No. 136 (letter from the Clerk of the Northern District of California to Mr. Palmer noting that the docketing fee of $455 for his appeal had not been received and directing him to submit it immediately); Order to show cause regarding failure to pay docketing fees, Jan. 3, 2013, ECF No. 2-1 (9th Cir.) (reflecting that Mr. Palmer has not paid the docketing and filing fees for this appeal).

[15] *See* Notice Re Returned Check-First Notice of Payment Due, Jan. 30, 2013, ECF No. 139.

[16] *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010); *Fleury*, 2008 U.S. Dist. LEXIS 88166, at *22.

[17] *Fleury*, 2008 U.S. Dist. LEXIS 88166, at *22-23.

[18] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

[19] *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990); *see also Azizian*, 499 F.3d at 955 ("we ordinarily review a district court's attorney's fees decision for an abuse of discretion").

request was unreasonable because the lawsuit neither involved novel legal questions nor extensive work.[20] He also asserted a blanket request to join in all other objections filed by other objectors.

As discussed below and at length in plaintiffs' Response to Objections,[21] Mr. Palmer's objections are factually and legally baseless. This Court fully considered the objections, including a separate briefing and oral argument attended by Mr. Palmer, and summarily them.[22] Further, any attempt to adopt and appeal the objections of others should be disregarded. As set forth below, the third factor weighs the heaviest in favor of an appeal bond.

### a. Palmer's Objection to the *Cy Pres* Beneficiary Is Without Merit

Mr. Palmer objects to the *cy pres* beneficiary, but fails to deal with the terms of the settlement and misapprehends the nature of the *cy pres* beneficiary.[23] Not only does he fail to recognize that the proposed *cy pres* beneficiary will recover only after (and if) amounts remain in the settlement fund if class members fail to cash their checks, but he also fails to recognize the broad community outreach performed by this non-profit organization.

#### (1) The Objection to the *Cy Pres* Recipient Is Speculative – Distribution Will Only Be Made if Class Members Do Not Cash Their Checks

Mr. Palmer complains that *cy pres* is a "much abused vehicle to close cases and pay lawyers,"[24] he fails to explain how this is true ***in this case*** where every effort has been made to return money to class members. Under this settlement, monies will only be given to a *cy pres* recipient if, after a *pro rata* distribution to class members – where every possible dollar in the common fund is distributed to class members – a certain amount of money remains in the settlement fund because of uncashed checks.[25] The cases cited by Mr. Palmer are all instances

---

[20] Objections of James J. Poindexter, Cery Perle, and Jeffrey Palmer to Proposed Settlement and Notice of Intent to Appear ("Palmer Obj."), Oct. 13, 2012, ECF No. 128.

[21] ECF No.125.

[22] Final Order, ¶ 19.

[23] *See* Palmer Obj.

[24] Palmer Obj. at 3.

[25] Stipulation of Settlement Pursuant to Fed. R. Civ. P. 23 ("Settlement Agreement"), ¶ 5, May 29, 2012, ECF No. 104

1   where the *cy pres* distribution vehicle has been used ***in place of*** distribution to class members.[26]

2   The objection regarding *cy pres* fails to understand the nature of the *cy pres* distribution.

### (2)   The Proposed *Cy Pres* Meets the Required Nexus to the Class

The Ninth Circuit has confirmed that any selection of a *cy pres* recipient in a class action settlement should be guided by: the objectives of the underlying statute(s), the interests of the silent class members, and must not benefit a group too remote from the plaintiff class.[27] Mr. Palmer alleges that the designated *cy pres* recipient, The California Council on Economic Education ("California Council")[28] "is not inadequately [sic] connected to the goals of the statutes" and it does not "benefit or protect the interests of silent class members."[29]

To the contrary, the designated recipient shares the same objectives as the underlying consumer protection statutes in the case and the interests of silent class members. *First*, California Council is based in California and educates the people of California,[30] meeting the necessary geographic nexus in this case. *Second*, this case challenged defendants' imposition of fees as disproportionately high charges to customers under consumer protection laws, including California's Unfair Competition Law and California's Consumers Legal Remedies Act. These laws protect the public "from nefarious and unscrupulous business practices" and to "protect consumers against unfair and deceptive business practices."[31] The California Council is a non-profit organization dedicated to helping Californians achieve economic and financial literacy, and hence

---

[26] *See Dennis v. Kellogg Co.*, No. 11-55674, 2012 U.S. App. LEXIS 18576, at *6-*7 (9th Cir. Sept. 4, 2012) (where the settlement agreement included a $5.5 million *cy pres* award reserved for unspecified "charities that feed the indigent," rather than class members); *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301,1304 (9th Cir. 1982) (where the majority of the settlement fund was to convert into unclaimed funds subject to *cy pres* distribution due to an inability to locate the undocumented farm worker class members); *In Re: Groupon, Inc. v. Mktg. and Sales Practices Litig.*, No. 11-md-2238, Order Denying Joint Motion for Final Approval of Class Action Settlement, at 15-16 (S.D. Cal. Sept. 28, 2012) (where the settlement agreement included a $75,000 *cy pres* award reserved for the *cy pres* recipients).

[27] *Dennis*, 2012 U.S. App. LEXIS 18576, at *13.

[28] *See* Notice of Designation of *Cy Pres* Recipient Pursuant to Settlement Agreement ("Notice of *Cy Pres* Recipient"), Sept. 27, 2012, ECF No. 115.

[29] Palmer Obj. at 3.

[30] Declaration of Jim Charkins in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Charkins Decl."), ¶ 6, Oct. 12, 2012, ECF. No. 127.

[31] *Dennis*, 2012 U.S. App. LEXIS 18576, at *17.

1  protect themselves.[32] Given the California Council's dedication to advancing the economic literacy

2  in California, a sufficient nexus exists to the objective in this case – educating consumers on the

3  true cost of penalties in consumer contracts. *Third*, the proposed *cy pres* recipient also actively

4  educates the class members. Although Mr. Palmer focuses on California Council's work in schools,

5  the California Council conducts seminars on fundamental economic principles, such as budgeting

6  and banking, to communities of all ages throughout the state.[33] The California Council is also

7  actively working on developing an online classroom, open and available to all members of the

8  public.[34]

9  The proposed *cy pres* recipient here: (1) addresses the objectives of this case in educating

10 consumers on the harms of damages penalties in consumer contracts; (2) targets the plaintiff class

11 through a California charity with frequent community outreach programs; and (3) provides

12 reasonable certainty that a member of the class will benefit, given the existence of five million

13 individuals in the class, and the reach of the proposed *cy pres* recipient throughout California.[35]

14 Under all Ninth Circuit standards, the parties' proposed *cy pres* beneficiary is proper.

### b. Palmer's Objection to the Fee Award Is Without Merit

16 Mr. Palmer and the appellees object to the request for attorneys' fees of twenty-five percent

17 of the settlement fund. In his papers, Mr. Palmer specifically addresses three of the factors to be

18 considered – the degree of difficulty in the litigation, the time and labor expended by counsel, and

19 the results achieved. Plaintiffs briefly address each of these in turn.

### (1) The Degree of Difficulty in the Litigation

21 Mr. Palmer asserts that this lawsuit did not involve any novel legal questions.[36] Nonsense.

22 This Court recognized the novelty and difficulty involved in the legal issues of this case when it

23 referred the question of whether the Federal Communications Act preempted plaintiffs' claims to

---

[32] Charkins Decl., ¶ 6.
[33] *Id.*, ¶ 8.
[34] *Id.*, ¶ 10.
[35] *See Nachshin v. AOL, LLC*, 663 F.3d 1034, 1040 (9th Cir. 2011).
[36] Palmer Obj. at 5.

PLS.' MOT. FOR POSTING OF AN APPEAL BOND BY
PROFESSIONAL OBJECTOR JOSEPH D. PALMER- 07-cv-
03679 JSW
010073-11  577071 V1

- 7 -

the Federal Communications Commission. Moreover, the objectors fail to recognize the significance of the Supreme Court's opinion in *AT&T Mobility LLC v. Concepcion*, which presented a strong risk that plaintiffs' claims would be compelled to arbitration and the claims of absent class members would be dismissed outright.[37] This, combined with the other risks outlined by plaintiffs, certainly presented a high degree of difficulty in this litigation.

### (2) Plaintiffs Invested a Significant Amount of Time in this Litigation

The objectors also dismiss the work of class counsel as taking "some discovery," responding to a few "motions to dismiss," then "wait[ing] on the FCC."[38] Point in fact, there was plenary discovery, including written discovery, depositions and document productions.[39] Motion practice included complicated, heavily litigated (and complicated) motions to dismiss involving issues of preemption, requests for certification of an appeal to the Ninth Circuit, and the filing of a motion for class certification, including the plaintiffs' proposed damages model.[40] Plaintiffs filed the petition for relief before the FCC, responded to the comments of all the major carriers to the petition, and retained an expert, to provide testimony to the FCC to and to respond to an expert retained by defendant Verizon Wireless.[41] Class Counsel vigorously and actively represented the rights of the plaintiffs and absent class members in this litigation

---

[37] *See* __U.S. __, 131 S. Ct. 1740 (2011).

[38] Palmer Obj. at 5.

[39] *See* Declaration of Jeff D. Friedman in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement, ¶ 2, Oct. 12, 2012, ECF. No. 121.

[40] *See* Defendant Cellco Partnership's (d/b/a/ Verizon Wireless) Notice of Motion and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Memorandum of Points and Authorities, Aug. 22, 2007, ECF No. 17; Defendant Cellco Partnership's (d/b/a Verizon Wireless) Notice of Motion and Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Memorandum of Points and Authorities, Aug. 31, 2007, ECF No. 22; Defendant Cellco Partnership's (d/b/a Verizon Wireless) Notice of Motion and Motion to Dismiss Plaintiff's "Reconnect Fee" Claims Pursuant to Fed. R. Civ. P. 12(b)(6) and Memorandum of Points and Authorities, Jan. 23, 2009, ECF No. 65 and; Plaintiffs' Notice of Motion and Motion for Class Certification, May 18, 2009, ECF No. 82.

[41] *Id.*

### (3) The Results Achieved Are Outstanding

The settlement in this case of $10 million represents an extraordinary result in the face of uncertain and evolving class action law. In 2011, the Supreme Court both clarified the standards at class certification in *Wal-Mart Stores, Inc. v. Dukes*,[42] overturning prior Ninth Circuit case law, and issued its opinion in *AT&T Mobility LLC v. Concepcion*,[43] changing the law of arbitration in the Ninth Circuit and California. All of these changes occurred while this litigation was stayed, and plaintiffs sought clarification from the FCC on whether their claims were preempted.

In the face of the mandatory arbitration clause in this case prohibiting class actions, in addition to the other risks faced by the class, the results achieved here are outstanding. As explained in the motion for final approval, plaintiffs estimate that class members who submit claims will receive roughly sixty-nine percent of their estimated damages.[44] This recovery is certainly substantial enough to merit the requested attorneys' fees.

### C. Plaintiffs Request a Reasonable Amount of a Rule 7 Appeal Bond to Cover Anticipated Costs

Plaintiffs request that the appellees and their counsel post an appeal bond in an amount that will cover anticipated costs. Rule 7 provides that the court may require a bond in "any form and amount necessary to ensure payment of *costs* on appeal."[45] The Ninth Circuit has held that the "costs" referred to in Rule 7 include the following costs identified in Federal Rules of Appellate Procedure 39(e): (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedes bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal.[46] In addition, the Ninth Circuit

---

[42] __, U.S. ___, 131 S. Ct. 2541 (2011).

[43] __ U.S. __, 131 S. Ct. 1740 (2011).

[44] *See* Mot. for Final Approval of Settlement at 8.

[45] Fed. R. App. P. 7.

[46] Fed. R. App. P. 39(e).

1  has held that "costs other than those identified in Rule 39 can qualify as 'costs' for purposes of

2  Rule 7 if they are so defined by some positive law, such as a fee-shifting statute."[47]

3  Rule 7 does not expressly require plaintiffs to make any showing of costs for a bond

4  motion.[48] Nonetheless, plaintiffs anticipate the need to file motions with the appellate court,

5  including moving to dismiss the appeal (*see* 9th Cir. R. 27-11) and/or moving for summary

6  affirmance (9th Cir. R. 3-6), and moving to impose monetary sanctions against Mr. Palmer, if and

7  when his appeal is ultimately found to be frivolous.[49] Such motions involve a substantial amount of

8  time and expense, including filing fees, printing and copying costs, not to mention incremental

9  administration costs the parties may incur as a result of Palmer's appeal. Accordingly, plaintiffs

10  anticipate expending approximately $25,000.[50] Courts routinely apply $25,000 as a ***minimum***, and

11  often substantially more.[51]

**D.     The Court Has Inherent Power to Set a Bond**

This Court may also order Mr. Palmer to post a bond pursuant to the control necessarily vested in courts to achieve the orderly and expeditious disposition of cases.[52] Mr. Palmer's appeal

---

[47] *Fleury*, 2008 U.S. Dist. LEXIS 88166, at * 25 (citing *Azizian*, 499 F.3d at 958) ("[T]he costs identified in Rule 39(e) are among, but not necessarily the only, costs available on appeal [for purposes of Rule 7]."); *see also In re Broadcom Corp. Secs. Litig.*, No. SACV 01-275, 2005 U.S. Dist. LEXIS 45656, at *11-*12 (C.D. Cal. Dec. 5, 2005) (including additional costs of administration as part of a Rule 7 bond).

[48] *See* Fed. R. App. P. 7.

[49] *See* Fed. R. App. P. 38; 28 U.S.C. § 1912; *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 514 (9th Cir. 1978).

[50] Friedman Decl., ¶ 2.

[51] *See Wal-Mart Wage & Hour Litig.*, 2010 U.S. Dist. LEXIS, at *17 (ordering that ***each*** of the four objectors post a separate ***$500,000*** Rule 7 bond); *Gemelas v. Dannon Co., Inc.*, No. 1:08 CV 236, 2010 U.S. Dist. LEXIS 99503, at *9 (N.D. Ohio Aug. 31, 2010) (***$275,000*** appeal bond imposed); *Broadcom*, 2005 U.S. Dist. LEXIS 45656, at *9-*11 (ordering objector to post appeal bond in excess of ***$1.2 million*** in response to appeal from final order approving class action settlement); *Barnes v. FleetBoston Fin. Corp.*, No. 01-10395, 2006 U.S. Dist. LEXIS 71072, at *4, *8-*9 (D. Mass. Aug. 22, 2006) (ordering objector to post Rule 7 bond in the amount of ***$645,111.60***); *Embry v. ACER Am. Corp.*, No. C 09-01808, 2012 U.S. Dist. LEXIS 78068, at *6 (N.D. Cal. June 5, 2012) (ordering an objector to post a bond of **$70,650**); *Miletak v. Allstate Ins. Co.*, No. C 06-03778, 2012 U.S. Dist. LEXIS 125426 (N.D. Cal. Aug. 27, 2012) (ordering objector to post a **$60,000** appeal bond); *In re Currency Conversion Fee Anti. Litig.*, MDL No. 1409, 2010 U.S. Dist. LEXIS 27605 (S.D.N.Y. Mar. 5, 2010) (***$50,000*** appeal bond).

[52] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (finding that "the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct"); *In re*

1  lacks merit and serves only to delay an outstanding settlement offering relief to millions of

2  consumers. Thus, irrespective of Rule 7, this Court has the power to require Mr. Palmer to post a

3  bond in an amount that the Court deems to be just. Plaintiffs respectfully request that the Court do

4  just that.

### IV.    CONCLUSION

The Court has ample legal and inherent authority to require Mr. Palmer to post a Rule 7 bond. The class settlement and attorneys' fee award that this Court has approved as being fair, adequate and reasonable are being attacked and delayed by a professional objector's meritless appeal, at substantial expense to the class. Thus, plaintiffs respectfully request that the Court enter an order requiring the immediate posting of an appeal bond in the amount of $25,000.

DATED: January 31, 2013.                    HAGENS BERMAN SOBOL SHAPIRO LLP


                                            By    /s/ Jeff D. Friedman
                                                  JEFF D. FRIEDMAN

                                            Steve W. Berman (*Pro Hac Vice*)
                                            Shana E. Scarlett (217895)
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
                                            715 Hearst Avenue, Suite 202
                                            Berkeley, CA 94710
                                            Telephone: (510) 725-3000
                                            Facsimile: (510) 725-3001
                                            steve@hbsslaw.com
                                            jefff@hbsslaw.com
                                            shanas@hbsslaw.com

---

*Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). *See also Ehm v. Amtrak Bd. of Directors*, 780 F.2d 516, 517 (5th Cir. 1986) (finding that a "district court has inherent power to require security for costs when warranted by the circumstances of the case"); *Zebrowski v. Hanna*, 973 F.2d 1001, 1003-1004 (1st Cir. 1992) (district court has inherent power to regulate litigation before it, upholding requirement for posting security); *Gay v. Chandra*, 682 F.3d 590, 594 (7th Cir. 2012) ("The district court correctly reasoned that its authority to award costs to a prevailing party implies a power to require the posting of a bond reasonably calculated to cover those costs, even though no statute or rule expressly authorizes such an order.")

PLS.' MOT. FOR POSTING OF AN APPEAL BOND BY
PROFESSIONAL OBJECTOR JOSEPH D. PALMER- 07-cv-         - 11 -
03679 JSW
010073-11  577071 V1

1
2
3
4
5

Mark Chavez (90858)
Nance F. Becker (99292)
CHAVEZ & GERTLER LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 388-5599
Facsimile: (415) 381-5572
mark@chavezgerler.com
nance@chavezgerler.com

6

*Class Counsel*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2013, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

          /s/ Jeff D. Friedman
          JEFF D. FRIEDMAN