1  Joseph Darrell Palmer (SBN 125147)
   Email: darrell.palmer@palmerlegalteam.com
2  Law Offices of Darrell Palmer PC
   603 North Highway 101, Ste. A
3  Solana Beach, California 92075
   Telephone: (858) 792-5600
4  Facsimile: (866) 583-8115

5

6  Attorney for Objectors
   James J. Poindexter, Cery Perle and Jeffrey Palmer

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

                     SAN FRANCISCO DIVISION
10

11 JOSEPH RUWE and ELIZABETH ORLANDO,  )  Case No. 07-cv-03679 JSW
   individually and on behalf  all others similarly )
12 situated,                                )
                                            )  **OPPOSITION TO MOTION FOR POSTING**
13              Plaintiffs,                  )  **OF AN APPEAL BOND**
                                            )
14                                           )
   v.                                        )
15                                           )
                                            )
16 CELLCO PARTNERSHIP d/b/a VERIZON          )
   WIRELESS,                                 )
17                                           )  Date: April 12, 2013
              Defendant.                     )  Time: 9:00 a.m.
18                                           )  Dept: Courtroom 11, 19th Floor
                                            )  Judge: Hon. Jeffrey S. White
19

20                       **I.    INTRODUCTION**

21        A cost bond should not be imposed where the bond will encumber the Appellants' right to

22 maintain their appeal. A cost bond is meant "to insure that whatever assets a party *does* possess will not

23 have been dissipated or otherwise have become unreachable by the time such costs actually are

24 awarded." *Selletti v. Carey,*173 F.3d 104, 112 (2d Cir.1999) (emphasis in original); see also *In re Merrill*

25 *Lynch Relocation Mgmt., Inc.,*812 F.2d 1116, 1123 (9th Cir.1987).  A cost bond should not work as a

26 sanction against the appellant.  Here, the imposition of a cost bond will only play into the hands of the

27 Plaintiffs, who are merely trying to use financial pressure to prevent Appellants from exercising their

28 right to appeal.  The imposition of a bond is additionally not warranted because Plaintiffs have not

                                    1

1  established any of the factors against Appellants that form the basis of a bond order: that Appellants lack

2  the ability to post a bond or that there is a risk that Appellants will not pay costs, if they lose their

3  appeal. The mainstay of Plaintiffs' request appears to be directed against Appellants' counsel[1] and not

4  against the Appellants. Plaintiffs only argue that Counsel has the ability to post a bond etc. In fact the

5  proposed order (Dkt. No. 140-1) submitted by Plaintiffs clearly identifies the relief being requested by

6  Plaintiffs, which is a request for a bond to be posted by the Appellant's counsel on behalf of the

7  Appellants. However, there is no statutory authority supporting such an order. Therefore, the court

8  cannot direct counsel to post a bond. In addition, because no showing has been made by Plaintiffs

9  against the Appellants, the request for a bond against Appellants must be denied. Therefore, the motion

10  must be denied in its entirety.

## II.    ARGUMENT

12        Courts take into consideration different factors while deciding whether to impose a bond and the

13  amount of the bond. When deciding whether to require an appellant to post an appeal bond, district

14  courts consider several factors including: "(1) the appellant's financial ability to post a bond, (2) the risk

15  that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4)

16  whether the appellant has shown any bad faith or vexatious conduct." *Baker* v. *Urban Outfitters, Inc.*,

17  No. 01 Civ. 5440(LAP), 2006 WL 3635392, (S.D.N.Y. Dec.12, 2006). Here, Plaintiffs have not

18  established that: (i) Appellants have the financial ability to post a bond; or (ii) that there is a risk that the

19  Appellants would not pay Plaintiffs' costs if they lose the appeal. Appellants have not also engaged in

20  any bad faith or vexatious conduct such that a bond must be imposed on them. In addition, the appeal is

21  meritorious. In all, the imposition of a bond on Appellants is unnecessary and will prove unduly

22  burdensome.

---

[1] Plaintiffs repeatedly refer to counsel as a "professional objector," in an attempt to characterize counsel in a poor light before this court. Counsel's experience is representing class members is no different from any other class action attorney who frequently represents plaintiff class members. Class action objectors serve an important purpose in ensuring the fairness of class action settlements. In fact, counsel, Mr. Palmer, has been instrumental in challenging the fairness of many class actions settlement that were unfavorable to class members. See *Dennis* v. *Kellogg*, 697 F.3d 858 (9th Cir., 2012), where counsel represented a successful objector to a class action settlement.

**A.     PLAINTIFFS HAVE NOT MADE THE NECESSARY SHOWING TO OBTAIN A BOND AGAINST APPELLANTS**

The court may not order Appellants to post a bond where Plaintiffs have not advanced any argument or provided any evidence to substantiate an order of a bond against Appellants.  Plaintiffs have not provided any evidence that the Appellants have the financial ability to post a bond or that there is a risk that Appellants will not pay an order of cost, if one is entered against them, or that they have engaged in any bad faith conduct such that a bond must be imposed on them.  In fact, Plaintiffs have not even advanced any argument in this respect against the Appellants.  Under the circumstances, there is no evidence or showing made by Plaintiffs to justify an order of a bond against the Appellants.  Plaintiffs' argument that counsel has the ability to post a bond or that counsel has an alleged history of failing to make payment is immaterial to whether a bond is required against the Appellants. (The non-availability of a bond remedy against counsel is discussed below.)  Therefore, the request that Appellants post a bond is not supported by argument or evidence and must be denied.

**B.     THE APPEAL IS MERITORIOUS**

The appeal is meritorious because: (i) the cy pres component of the settlement between Plaintiffs and Defendants does not comport with the accepted legal standard; and (ii) the attorneys' fees award is unreasonably high.

**1.     The *Cy Pres* Distribution Does Not Conform To Legal Standards**

Plaintiffs argue that the *cy pres* component here is proper by attempting to distinguish between this case and *Dennis* v. *Kellogg*, 697 F.3d 858 (9th Cir., 2012), *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301,1304 (9th Cir. 1982). Plaintiffs' arguments supporting the propriety of the *cy pres* distribution fails.  Plaintiffs claim that in those cases a large chunk of funds were being given to *cy pres* recipients or funds were reserved for *cy pres* recipient, which is not the case here.  Plaintiffs claim that only unclaimed funds are to be distributed to *cy pres* recipients here.  Plaintiffs claimed factual distinction is not accurate.  For instance, in *Dennis* v. *Kellogg*, the court considered a *cy pres* provision that provided for the distribution of unclaimed cash settlement funds, which is similar to the provision under consideration here.  Also, even if there was such a factual distinction to be made, it does little to alter the legal rationale established in these cases.  Even if the amount of *cy pres* funds is small or large,

3

1    there must be a "driving nexus" between the *cy pres* recipients and the objectives of the class in the

2    litigation.  This rationale is well established in cases such as *Dennis* v. *Kellogg*, and *Six (6) Mexican*

3    *Workers v. Ariz. Citrus Growers*.

4           Here, the *cy pres* recipient The California Council on Economic Education ("California

5    Council") does not have a sufficient nexus with the class members' interest in protecting consumers

6    from unfair business practices.  California Counsel is invested in educating, mainly K-12 students, in

7    economics and finance.  These are noble educational goals.  But, they do not serve the purpose of the

8    class members.  First, they serve a small segment of K-12 student and not the class members.  Plaintiffs

9    attempt to circumvent this by claiming that "The California Council is also actively working on

10   developing an online classroom, open and available to all members of the public."  However, the

11   California Counsel's vision to expand its service base in the future is not sufficient now to establish a

12   "nexus" with its services and the objectives of class members.  Second, Plaintiffs argue that by

13   educating people of economics and finance, they will become aware of "true cost of penalties in

14   consumer contracts" is farfetched.  There are many consumer organizations that directly benefit and deal

15   with unfair business practices and the prevention of such practices in the market place.  Where

16   organizations with a more direct nexus exist, the current *cy pres* distribution does not meet the standards

17   set by *Dennis* v. *Kellogg*, and *Six (6) Mexican Workers v. Ariz. Citrus Growers*.  It is also well

18   established that where a cy pres provision of a proposed settlement is not legally sufficient, the entire

19   settlement must be set aside.  Under the circumstances, the appeal which challenges the *cy pres*

20   distribution is meritorious.

21          The court should also note that in the *Dennis* case, appellants deposited $3000 in class counsels'

22   trust account as agreed upon security for costs.  Here, appellants have made the same offer to class

23   counsel.  Appellants are unaware of any recent similar appeal where the actual costs have exceeded

24   $2500.

25   **2.   Appeal Challenging The Award Of Attorneys' Fees Is Meritorious**

26          The challenge to the amount of the award of attorneys' fees has merit.  It is well established that

27   "a fee award should be assessed based on scrutiny of the unique circumstances of each case." *Goldberg*

28   v. *Integrated Resources, Inc.*, 209 F.3d 43, 53 (2nd Cir., 2000). Appellants incorporate by reference all of

4

their objections stated more fully in their "Objections to Class Action Settlement and Notice of Intent to Appear," Dkt. No. 126-2.

To state succinctly, the Appellants argue against the high award of attorneys' fees and the use of a multiplier here when awarding attorneys' fees.  Given that the issues in this class action where not novel, there is no need for a multiplier.  Granted this class action involved a question of whether Section 332 of the FCA preempts state consumer law, but this issue was never argued or decided.  Under the circumstances, no novel issues were litigated, such that a multiplier is warranted.

Similarly, there is no evidence presented to suggest that the time expended by the law firms justified the high amount of the award of attorneys' fees.

Also, here, there wasn't sufficient evidence before the court or available to class members to determine whether the alleged benefit offered by the class action settlement presented a significant result.  This is an important factor the court must consider while determining the amount of attorneys' fees to be awarded.  This is also another valid ground of the appeal to challenge the amount of award of attorneys' fees.  Under the circumstances, the appeal challenging the amount of the award of attorneys' fees is meritorious.

### 3.    Counsel Cannot Be Ordered To Post A Bond On Behalf Of The Appellants

Plaintiffs argue without any statutory or legal authority that the court must direct counsel to post a bond on behalf of his clients to maintain his clients' appeal.  Such a bond would be unprecedented. Plaintiffs cite to *Chambers* v. *NASCO, Inc.* 501 U.S. 32, *In re Mroz*, 65 F.3d 1567 (11th Cir., 1995), *Zebrowski* v. *Hanna*, 973 F.2d 1001(1st Cir., 1992) and *Gay* v. *Chandra*, 682 F.3d 590 (7th Cir., 2012) in apparent support of this argument.  However, as discussed below, these cases do not support the Plaintiffs' argument or an order against counsel to post a bond.

The cases cited by Plaintiffs are inapposite here because these cases do not authorize the court to impose a bond on counsel.  Rather, these cases primarily deal with the court's inherent power to order *sanctions* against parties or their counsel or the scope of the sanctions that the court can order.  The posting of a bond is not intended as a sanction and should not serve as one.  *Azizian* v. *Federated Dept. Stores, Inc.* 499 F. 3d 950, 961 (9th Cir., 2007); *Selletti v. Carey,*173 F.3d 104, 112 (2d Cir.1999) (emphasis in original); see also *In re Merrill Lynch Relocation Mgmt., Inc.,*812 F.2d 1116,

1123 (9th Cir.1987).  These case are factually distinguishable and their legal proposition is inapposite here.

For instance, *Chambers* v. *NASCO, Inc.* does not refer to FRAP, Rule 7 or the posting of a bond on appeal.  Instead, in *Chambers* v. *NASCO, Inc.*, the court of appeal considered whether, under its inherent powers, the court can order a party to pay the opposing party's attorneys' fees as sanctions.  Again, the inherent power of the court to impose sanction and to include attorneys' fees as sanctions is different from the statutory authority of the court to require appellants or counsel to post a bond.  The court's inherent power to use sanctions to control litigation is well established.  To the contrary no legal authority permits the court to direct counsel to post a bond to maintain his client's appeal.  *Chambers* v. *NASCO, Inc.* is inapposite here.

Similarly, *Zebrowski* v. *Hanna* is factually and legally distinguishable.  In *Zebrowski* v. *Hanna*, when a party disobeyed a court's order, the court considered the power of the court to "fashion an appropriate sanction for conduct which abuses the judicial process."  Again, fashioning a remedy for sanctioning a party is not akin to ordering counsel to post a bond on appeal on behalf of his clients.  The rationale in *Zebrowski* v. *Hanna* is not applicable here.

*In re Mroz* is also not applicable here.  *In re Mroz,* decided in the bankruptcy context is also not applicable here where the court is considering the imposition of a bond on appeal.

Also, *Gay* v. *Chandra* is equally inapposite.  In *Gay* v. *Chandra*, the court considered whether the plaintiff must be required to post a bond to cover the other party's litigation costs in trial court, costs that may be recovered as the prevailing party under Federal Rules of Civil Procedure 54(d).  Since no specific statutory authority permits the imposition of such a bond, the district court relied on its inherent power to do so.  However, the court of appeal reversed the imposition of the bond finding that "a court must consider a party's ability to pay. A court abuses its discretion when it requires a cost bond that it knows the party cannot afford." Id. 594.  If any, *Gay* v. *Chandra* cautions courts from imposing a bond on a party, where the financial burden will prevent the party from continuing to seek judicial recourse.

Under the circumstances, there is no statutory or legal authority requiring counsel to post a bond on behalf of his client.  Therefore, the court must deny Plaintiffs' request for an order directing counsel to post a bond.

1

### III.   CONCLUSION

2          For the foregoing reasons, Objectors/Appellants James J. Poindexter, Cery Perle and Jeffrey Palmer

3    and their counsel request that the court deny Plaintiffs' motion to post a bond.

4

5

6    Dated:   February 14, 2013                 By: /s/ Joseph Darrell Palmer_____
7                                                   Joseph Darrell Palmer
                                                 Attorney for Objectors,
8                                                James J. Poindexter, Cery Perle and Jeffrey Palmer

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 14, 2013, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

Service on participants in the case who are registered CM/ECF users will be accomplished by the USDC CM/ECF system.


By <u>/s/ Joseph Darrell Palmer     </u>
Joseph Darrell Palmer

07-cv-03679-JSW
OPPOSITION TO MOTION FOR POSTING OF AN APPEAL BOND