Steve W. Berman (*Pro Hac Vice*)
Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com
jefff@hbsslaw.com
shanas@hbsslaw.com

Mark Chavez (90858)
Nance F. Becker (99292)
CHAVEZ & GERTLER LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572
mark@chavezgertler.com
nance@chavezgertler.com

*Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH RUWE and ELIZABETH ORLANDO, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Defendant. | No. 07-cv-03679 JSW<br><br>REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR POSTING OF AN APPEAL BOND BY PROFESSIONAL OBJECTOR JOSEPH DARRELL PALMER TO SECURE PAYMENT OF COSTS ON APPEAL<br><br>Date: April 12, 2013<br>Time: 9:00a.m.<br>Dept: Courtroom 11, 19th Floor<br>Judge: Hon. Jeffrey S. White |

010073-11  586998 V1

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................................1

II.  ARGUMENT .........................................................................................................................2

     A.   All Factors Weigh in Favor of Imposing an Appeal Bond............................................2

          1.   Appellants Are Likely to Have the Financially Ability to Post a Bond ............2

          2.   A Strong Risk Exists that Appellants Would Not Pay Appellees' Costs on Appeal................................................................................................................3

          3.   The Appeal Is Based on Factually and Legally Meritless Objections...............4

          4.   The Court Has Inherent Power to Set a Bond ...................................................6

III. CONCLUSION ......................................................................................................................7

REPLY ISO PLS.' MOT. FOR POSTING OF AN APPEAL BOND BY PROFESSIONAL OBJECTOR JOSEPH D. PALMER- 07-cv-03679 JSW
010073-11  586998 V1

-i-

## I. INTRODUCTION

Plaintiffs respectfully submit this reply memorandum in support of plaintiffs' motion seeking an order requiring objectors James J. Poindexter, Cery Perle and Jeffrey Palmer (hereafter "Appellants"), and their professional objector counsel Joseph Darrell Palmer, to post a Federal Rule of Appellate Procedure 7 appeal bond in the amount of $25,000. As set forth in plaintiffs' opening papers, the inquiry for whether to require the posting of a Rule 7 bond is generally limited to the three *Fleury* factors: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay appellee's costs if he loses the appeal; and (3) the merits of the appeal.[1] In their opposition, Appellants failed to make *any* argument with respect to the first two factors. The few remaining, relevant arguments asserted by Appellants lack merit.

Without the law or facts on their side, Appellants attempt to distract the Court by focusing on plaintiffs' discussion of Mr. Joseph Palmer and characterizing it as an improper request to impose a bond on counsel.[2] This is inaccurate and the related arguments are irrelevant to this motion. Plaintiffs flagged Mr. Palmer's involvement in the case because it is relevant to the risk of non-payment. Courts have found that collecting appeal costs from serial objectors' counsel, such as Mr. Palmer, is "extremely difficult if not unlikely."[3]

Plaintiffs argue that the Appellants are likely to have the financial ability to post a bond. Lacking evidence of undue hardship, the first factor weighs in favor of a bond. Similarly, plaintiffs argue that there is a risk that the Appellants and Mr. Palmer will resist paying any costs imposed by an appellate court,[4] a risk exacerbated by Mr. Palmer's public history of failing to make timely payments[5] and the possible residence of the Appellants outside the jurisdiction of the Ninth Circuit.

---

[1] *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525, 2008 U.S. Dist. LEXIS 88166, at *19 (N.D. Cal. Oct. 21, 2008). All emphasis added and internal citations omitted, unless otherwise noted

[2] Opposition to Motion for Posting of an Appeal Bond ("Opposition"), at 5-6, February 14, 2013, ECF No. 143.

[3] *See In re Wal-Mart Wage & Hour Emp't Practices Litig.*, No. 2:06-CV-00225, 2010 U.S. Dist. LEXIS 21466 (D. Nev. Mar. 8, 2010), at *17.

[4] *See, e.g.*, *id.*

[5] *See* Request for payment of docket fee, Dec. 18, 2012, ECF No. 136 (letter from the Clerk of the Northern District of California to Mr. Palmer noting that the docketing fee of $455 for his

1   Absent a showing to the contrary, the second factor weighs in favor of a bond. As to the third and

2   final factor, plaintiffs argue that the meritless nature of the appeal supports posting of a bond here.

3   The Appellants' opposition simply reiterates their factually and legally baseless objections to the *cy*

4   *pres* distribution and the amount of the attorneys' fees award, arguments that this Court heard and

5   dismissed.[6] The third factor weighs heavily in favor of a bond. Finally, the allegations regarding

6   plaintiffs directing the Court to order Mr. Palmer to post a bond, which are erroneous and have no

7   bearing on the issues in the instant motion, should be set aside.

8       Because the three *Fleury* factors weigh in favor of a bond, plaintiffs respectfully request the

9   Court to exercise its discretion and grant plaintiffs' request ordering Appellants to post a Rule 7

10  bond in the amount of $25,000.

## II.  ARGUMENT

### A.  All Factors Weigh in Favor of Imposing an Appeal Bond

"[T]he question of the need for a bond, as well as its amount, are left to the discretion of the trial court."[7] Here, the three *Fleury* factors provide a sufficient basis for granting an appeal bond. Because plaintiffs have addressed factors in depth in their moving papers, plaintiffs reiterate the main points briefly.

#### 1.  Appellants Are Likely to Have the Financially Ability to Post a Bond

Where there is "no indication that [a] plaintiff is financially unable to post bond . . . this factor weighs in favor of a bond."[8] The Appellants offered no evidence that they are unable to post a bond. To the contrary, Mr. Palmer emailed class counsel on February 14, 2013, and offered to

---

appeal had not been received and directing him to submit it immediately); Order to show cause regarding failure to pay docketing fees, Jan. 3, 2013, ECF No. 2-1 (9th Cir.) (reflecting that Mr. Palmer has not paid the docketing and filing fees for this appeal); Notice Re Returned Check – First Notice of Payment Due, Jan. 30, 2013, ECF No. 139.

[6] Final Judgment and Order of Dismissal with Prejudice ("Final Order"), ¶ 19 Nov. 16, 2012, ECF No. 132.

[7] *Fleury*, 2008 U.S. Dist. LEXIS 88166, at *18.

[8] *See id.* at 22; *Yingling v. eBay, Inc.*, No. C 09-01733, 2011 U.S. Dist. LEXIS 79738, at *5 n.8 (N.D. Cal. July 5, 2011); *In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 279 (D. Mass. 2007) (imposing a bond where "[t]here is no evidence that a bond would pose an undue hardship on the objector").

REPLY ISO PLS.' MOT. FOR POSTING OF AN APPEAL BOND BY PROFESSIONAL OBJECTOR JOSEPH D. PALMER- 07-cv-03679 JSW
010073-11 586998 V1

- 2 -

make a $3000 deposit into a trust account as security for costs. Plaintiffs respectfully decline, as the amount offered will likely be insufficient to cover costs on appeal and, based on Mr. Palmer's conduct in other cases, including in *In re TFT-LCD (Flat Panel) Antitrust Litig.*,[9] plaintiffs could not rely on his last minute communication without a court order. The ready offer of several thousand dollars, however, suggests that Appellants are likely to have the financial ability to post a bond. Lacking evidence of undue hardship, the first factor weighs in favor of an appeal bond.

### 2. A Strong Risk Exists that Appellants Would Not Pay Appellees' Costs on Appeal

Plaintiffs reiterate that they face a serious risk that Appellants and their counsel will not pay costs on appeal. Although Appellants did not address this point in their opposition, it is worth noting that the filing fees in this very case were not paid until an order to show cause was issued. And then the $455 check bounced before the fees were properly filed. Additionally, plaintiffs still do not know where the Appellants reside. If any of the three Appellants reside outside of the Ninth Circuit's jurisdiction, that fact would weigh strongly in favor of a bond. Finally, as mentioned earlier, Mr. Palmer's representation of the Appellants is itself a risk factor for nonpayment. Mr. Palmer has a reputation for being an opportunistic professional objectors' counsel. He habitually objects to class actions settlements, files appeals when settlements are approved over his objections, and then, frequently, voluntarily dismisses said appeals.[10] Courts have acknowledged that there is a substantial risk that a professional objector,

---

[9] Declaration of Jeff Friedman in Support of Plaintiffs' Reply to Motion for Posting of an Appeal Bond by Professional Objector Joseph Darrell Palmer to Secure Payment of Costs on Appeal, ("Friedman Decl."), Ex. A at 6, filed concurrently herewith.

[10] *See, e.g.*, *In re Broadcom Corp. Class Action Litig.*, No. 06-cv-5036, Order Denying Objection and Requiring Appeal Bond (C.D. Cal. Aug. 8, 2010) (overruling Mr. Palmer's objection and requiring $10,000 appeal bond; appeal subsequently voluntarily dismissed); *Browning v. Yahoo! Inc., et al.*, No. C04-01463, 2007 U.S. Dist. LEXIS 86266 (N.D. Cal. Nov. 16, 2007) (overruling objections; appeal subsequently voluntarily dismissed); *In re Cellphone Termination Fee Cases*, Alameda Super. Ct., JCCP No. 4332 (final approval granted and fees awarded with no mention of Mr. Palmer's objections; appeal subsequently voluntarily dismissed); *In re Chiron Shareholder Deal Litig.*, Alameda Super. Ct., No. RG5230567, (final approval granted and fees awarded with no mention of Mr. Palmer's objections; appeal subsequently voluntarily dismissed); *Collins v. Am. Honda Motor Co.*, Alameda Super. Ct., No. RG3099677 (final approval granted and fees awarded with no specific mention of Mr. Palmer's objections; appeal subsequently voluntarily dismissed); *In re: Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 08-MD-01998, Judgment Order (W.D. Ky. Aug. 23, 2010) (final approval granted and fees awarded; finding that

such as Mr. Palmer, will resist paying any costs imposed by an appellate court.[11] Plaintiffs believe that Mr. Palmer has simply set out to "undermine the administration of justice by disrupting [the] settlement in the hopes of extorting a greater share of the settlement for [himself]."[12] The second factor also weighs in favor of an appeal bond.

### 3. The Appeal Is Based on Factually and Legally Meritless Objections

As discussed at length in plaintiffs' Response to Objections[13] and the moving papers,[14] Mr. Palmer's objections are factually and legally baseless. This Court fully considered the objections, including a separate briefing and oral argument attended by Mr. Palmer, and summarily dismissed them.[15] Therefore, the third *Fleury* factor weighs in favor of a bond.

#### a. Appellants' Objection to the *Cy Pres* Distribution Is Meritless

The Appellants argue that the *cy pres* beneficiary, The California Council on Economic Education ("California Council"), does not have a sufficient nexus with the objectives of the class and "[w]here organizations with a more direct nexus exist, the current *cy pres* distribution does not meet the standards set by *Dennis* . . . and *Six (6) Mexican Workers* . . . ."[16] This patently misstates the law. There is no requirement, under any precedent, to conduct a comparative analysis and assess where the proposed *cy pres* beneficiary fits in relative to other organizations.

Rather, the Ninth Circuit has articulated that the selection of a *cy pres* recipient in a class action settlement should be guided by: the objectives of the underlying statute(s), the interests of

---

objections were without merit; plaintiffs also note that appeal of this order was subsequently voluntarily dismissed).

[11] *See Wal-Mart*, at *17 (where "Objectors' counsel have a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class . . . persuades the Court that collecting costs from the four Objectors would be extremely difficult if not unlikely").

[12] *In re Initial Pub. Offering Sec. Litig*., 721 F. Supp. 2d 210, 215 (S.D.N.Y. 2010).

[13] "Response to Objections" refers to Plaintiffs' Response to Objections to Class Action Settlement, Oct. 12, 2012, ECF No.125.

[14] Notice of Motion and Motion for Posting of an Appeal Bond by Professional Objector Joseph Darrell Palmer to Secure Payment of Costs on Appeal, Jan. 31, 2013, ECF No. 140.

[15] Final Order, ¶ 19.

[16] Opposition at 4.

REPLY ISO PLS.' MOT. FOR POSTING OF AN APPEAL BOND BY PROFESSIONAL OBJECTOR JOSEPH D. PALMER- 07-cv-03679 JSW
010073-11 586998 V1

- 4 -

the silent class members, and must not benefit a group too remote from the plaintiff class.[17] As detailed in plaintiffs' motion for final approval of class action settlement, their response to the objections, and moving papers,[18] California Council is based in California and educates the people of California,[19] meeting the necessary geographic nexus in this case. Further, California Council: (1) addresses the objectives of this case in educating consumers on the harms of damages penalties in consumer contracts; (2) targets the plaintiff class through a California charity with frequent community outreach programs; and (3) provides reasonable certainty that a member of the class will benefit, given the existence of five million individuals in the class, and the reach of the proposed *cy pres* recipient throughout California.[20] Under all Ninth Circuit standards, the parties' proposed *cy pres* beneficiary is proper and the Appellants' objection to this distribution is without merit.

### b. Appellants' Objection to the Award of Attorneys' Fees Is Meritless

The Appellants object to plaintiffs' request for attorneys' fees of twenty-five percent of the settlement fund. In the opposition papers, Appellants repeat their general objections to the degree of difficulty in the litigation, the time and labor expended by counsel, and the results achieved. Appellants offer no legal or factual evidence to support their appeal of the attorneys' fees award. The Court is well aware of the novel and difficult legal issues of this case, the plenary discovery, the complex motion practice, and the exceptional results, in light of the Supreme Court's opinion in *AT&T Mobility LLC v. Concepcion*,[21] changing the law of arbitration in the Ninth Circuit and

---

[17] *See Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012).

[18] *See* Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Oct. 12, 2012, ECF No.120; Response to Objections.

[19] Declaration of Jim Charkins in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement, ¶ 6, Oct. 12, 2012, ECF. No. 127.

[20] *See Nachshin v. AOL, LLC*, 663 F.3d 1034, 1040 (9th Cir. 2011).

[21] __ U.S. __, 131 S. Ct. 1740 (2011).

California.  Simply put, Appellants' unsupported objections to the merits of this action are not sufficient grounds to withhold any recovery to the class, at final approval or on appeal.[22]

### 4. The Court Has Inherent Power to Set a Bond

Mr. Palmer spends a significant portion of the opposition arguing that the Court must deny plaintiffs' request for a bond because "no legal authority permits the court to direct counsel to post a bond to maintain his client's appeal"[23] This argument is aimed only at distracting the Court's attention from the question of whether to order Appellants to post an appeal bond. Plaintiffs have not requested that Mr. Palmer personally post the bond. Indeed, plaintiffs do not care who posts the appeal bond, provided money is set aside for costs in the event of plaintiffs' success on appeal. Mr. Palmer recently made a similar, diversionary argument in a case before Judge Illston, asserting that he "knew of no precedent where an attorney could held responsible for his client's failure to attend a deposition,"  when the court was analyzing whether he had willfully refused to produce clients for deposition in violation of the Court's order.[24] Judge Illston dismissed this assertion as "disingenuous," found Mr. Palmer and his clients in civil contempt, and ordered sanctions.

The Appellants also attempt to distinguish a number of cases plaintiffs cited as "inapposite" because they "do not authorize the court to impose a bond on counsel"[25] and "do[] not refer to FRAP, Rule 7, or the posting of a bond on appeal."[26]  The Appellants, however, misapprehend the proposition for which these cases were originally offered. Namely, irrespective of Rule 7, the Court is vested with the broad, inherent power to take the action necessary to achieve the orderly and expeditious disposition of case, including imposing an appeal bond when the Court deems it just.[27]

---

[22]  *See In re Enron Corp. Secs., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 804 (S.D. Tex. 2008) (declining to address objections that are non-specific and unsupported by evidence or authority).

[23]  Opposition at 6.

[24]  Friedman Decl., Ex. A at 6.

[25]  Opposition at 5.

[26]  *Id.* at 6.

[27]  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (finding that "the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct"); *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). *See also Ehm v. Amtrak Bd. of Directors*, 780 F.2d 516, 517 (5th Cir. 1986) (finding that a "district court has inherent power to require security for

1  Appellants' attempts to distinguish these cases do nothing to detract from the broad inherent
2  authority vested in this Court.

### III. CONCLUSION

Contrary to the objections of the Appellants and their counsel, the settlement is abundantly fair, reasonable and adequate. The Court has ample legal and inherent authority to require the Appellants and Mr. Palmer to post a bond. A Rule 7 bond is appropriate here because the three factors courts take into account weigh heavily in favor of a bond, namely: (1) the financial ability to post a bond; (2) the risk that appellants would not pay appellee's costs on appeal; and (3) the merits of the appeal. Because plaintiffs will incur substantial additional costs and expenses in defeating this appeal, plaintiffs request that this Court require Appellants and/or their counsel to post a bond in the amount of $25,000.

DATED: February 21, 2013.                    HAGENS BERMAN SOBOL SHAPIRO LLP


By     /s/ Jeff D. Friedman
       JEFF D. FRIEDMAN

Steve W. Berman (*Pro Hac Vice*)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
steve@hbsslaw.com
jefff@hbsslaw.com
shanas@hbsslaw.com

---

costs when warranted by the circumstances of the case"); *Zebrowski v. Hanna*, 973 F.2d 1001, 1003-1004 (1st Cir. 1992) (district court has inherent power to regulate litigation before it, upholding requirement for posting security); *Gay v. Chandra*, 682 F.3d 590, 594 (7th Cir. 2012) ("The district court correctly reasoned that its authority to award costs to a prevailing party implies a power to require the posting of a bond reasonably calculated to cover those costs, even though no statute or rule expressly authorizes such an order.").

REPLY ISO PLS.' MOT. FOR POSTING OF AN APPEAL
BOND BY PROFESSIONAL OBJECTOR JOSEPH D.         - 7 -
PALMER- 07-cv-03679 JSW
010073-11  586998 V1

1
2
3
4
5
                                        Mark Chavez (90858)
Nance F. Becker (99292)
CHAVEZ & GERTLER LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 388-5599
Facsimile: (415) 381-5572
mark@chavezgerler.com
nance@chavezgerler.com

6                                         *Class Counsel*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO PLS.' MOT. FOR POSTING OF AN APPEAL BOND BY PROFESSIONAL OBJECTOR JOSEPH D. PALMER- 07-cv-03679 JSW
010073-11  586998 V1

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2013, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

    Jeff D. Friedman    <br>JEFF D. FRIEDMAN

REPLY ISO PLS.' MOT. FOR POSTING OF AN APPEAL BOND BY PROFESSIONAL OBJECTOR JOSEPH D. PALMER- 07-cv-03679 JSW
010073-11 586998 V1

- 9 -